UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONEBEACON AMERICA INSURANCE COMPANY, <br><br> Plaintiff, <br><br> -against- <br><br> FULTON BOILER WORKS, INC., EMPLOYERS INSURANCE COMPANY OF WAUSAU, NATIONWIDE MUTUAL INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY, <br><br> Defendants, <br><br> and <br><br> FULTON BOILER WORKS, INC., <br><br> Third-Party Plaintiff, <br><br> -against- <br><br> BROWN & BROWN OF NEW YORK, INC., f/k/a THE YOUNG AGENCY, <br><br> Third-Party Defendant. | Case No.: 5:13-CV-1525 [MAD/TWD] |

**DEFENDANT/THIRD-PARTY PLAINTIFF
FULTON BOILER WORKS, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING THE DUTY TO DEFEND**

McCARTER & ENGLISH, LLP
245 Park Avenue, 27th Floor
New York, NY 10167
Phone: 212.609.6800
Fax: 212.609.6921
Attorneys for Defendant/Third-Party Plaintiff
Fulton Boiler Works, Inc.

ME1 20507808v.4

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL BACKGROUND ....................................................................................................... 2

    A.     The Asbestos Claims............................................................................................... 2

    B.     Fulton's Primary Insurance Policies ...................................................................... 2

    C.     The Prior Insurance Coverage Action and this Court's Ruling that the Insurers Collectively Must Pay All of Fulton's Defense Costs .............................. 3

    D.     The Current Insurance Coverage Lawsuit ............................................................. 4

ARGUMENT ................................................................................................................................. 5

    POINT I     FULTON HAS NO OBLIGATION TO PAY DEFENSE AMOUNTS OTHERWISE ALLOCABLE TO KEMPER ......................... 5

    POINT II    ONEBEACON MUST FUND FULTON'S FEES AND COSTS INCURRED IN CONNECTION WITH THIS MOTION ........................... 7

CONCLUSION .............................................................................................................................. 8

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Danaher Corp. v. Travelers Indem. Co.*,
   1:10-cv-00121-JPO-JCF (S.D.N.Y. Sept. 7, 2012)......................................................................6

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*,
   828 F.Supp.2d 481 (N.D.N.Y. 2011)..................................................................................2, 3

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*,
   No. 5:06-CV-1117, 2010 WL 1257943 (N.D.N.Y. March 25, 2010) ..........................2, 3, 4, 6

*Olin Corp. v. Century Indem. Co.*,
   522 Fed. App'x 78 (2d Cir. 2013).........................................................................................5

**STATE CASES**

*Am. Empire Surplus Lines Ins. Co. v. West Am. Ins. Co.*,
   No. 116334/07, 2008 N.Y. Misc. LEXIS 10724 (N.Y. Sup. Ct. Dec. 30, 2008).......................6

*Continental Casualty Co. v. Rapid-American Corp*,
   80 N.Y.2d 640 (1993) ...........................................................................................................5

*Mighty Midgets Inc. v. Centennial Ins. Co.*,
   47 N.Y.2d 12 (1979) .............................................................................................................7

*Travelers Cas. & Sur. Co. v. Alfa Laval, Inc.*,
   954 N.Y.S.2d 23 (App. Div. 1st Dep't Nov. 13, 2012) .........................................................5

*U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*,
   3 N.Y.3d 592 (2004) .............................................................................................................7

ME1 20507808v.4

## PRELIMINARY STATEMENT

Plaintiff OneBeacon America Insurance Company ("OneBeacon") filed this lawsuit seeking, among other things, a declaration that Fulton Boilers Works, Inc. ("Fulton") must pay a share of defense costs in connection with the asbestos claims filed against Fulton. New York law, however, forbids any allocation of defense costs to Fulton as long as unexhausted, triggered primary liability coverage remains. Courts at every level, both state and federal, have consistently refused to allocate any share of defense costs to policyholders under those circumstances. This Court, in fact, has already held in prior litigation between the parties that the insurers collectively must pay 100% of Fulton's defense costs, and they cannot allocate any portion to Fulton as long as unexhausted primary coverage is triggered. OneBeacon nevertheless asks the Court to modify its prior ruling based upon American Motorists Insurance Company's and American Manufacturers Mutual Insurance Company's (collectively, "Kemper") recent insolvency. The Court should reject OneBeacon's invitation to ignore the prior decision. Instead, the Court should uphold its prior ruling, which is entirely consistent with New York law.

## FACTUAL BACKGROUND

**A.      The Asbestos Claims**

Since the early 1990s, Fulton has been named as a defendant in thousands of lawsuits nationwide alleging bodily injury, wrongful death, and/or other damages related to or arising out of boilers it manufactured that allegedly contained asbestos (the "Asbestos Claims"). *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *1 (N.D.N.Y. March 25, 2010). Fulton manufactured the boilers that allegedly contained asbestos from 1949 through the mid-1970s. *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, 828 F.Supp.2d 481, 486 (N.D.N.Y. 2011).

**B.      Fulton's Primary Insurance Policies**

Fulton sought insurance coverage for the Asbestos Claims under primary comprehensive general liability policies sold to Fulton by Travelers Casualty & Surety Company ("Travelers"), OneBeacon, Employers Insurance Company of Wausau ("Wausau"), Nationwide Mutual Insurance Company ("Nationwide"), and Kemper. *Fulton*, 828 F.Supp.2d at 486-87. Those insurers issued the following policies from October 1, 1976 through October 1, 1993:

| Insurer | Policy | Period | Limits |
|---|---|---|---|
| Travelers | 52 SM 801894 | 10/1/1976-10/1/1979 | $1 million per occ./agg. |
| Travelers | 52 SM 71856 | 10/1/1979-10/1/1980 | $1 million per occ./agg. |
| OneBeacon | AJW 53 39 12 | 10/1/1980-10/1/1983 | $1 million per occ./agg. |
| Wausau/Nationwide | 0926-00-050984 | 10/1/1983-10/1/1984 | $500,000 per occ./agg. |
| Kemper | 3 MG 100 323-00 | 10/1/1984-10/1/1985 | $1 million per occ./agg. |
| Kemper | 3 MG 100 323-01 | 10/1/1985-10/1/1986 | $1 million per occ./agg. |
| Kemper | 3 MG 100 323-02 | 10/1/1986-10/1/1987 | $1 million per occ./agg. |
| Kemper | 3 MG 100 323-03 | 10/1/1987-10/1/1988 | $1 million per occ./agg. |
| Kemper | 3 MG 100 323-04 | 10/1/1988-10/1/1989 | $2 million per occ./agg. |
| Kemper | 3 MG 100 323-05 | 10/1/1989-10/1/1990 | $2 million per occ./agg. |
| Kemper | 3 MG 100 323-06 | 10/1/1990-10/1/1991 | $2 million per occ./agg. |
| Kemper | 3 MG 100 323-07 | 10/1/1991-10/1/1992 | $2 million per occ./agg. |
| Kemper | 3 MG 100 323-08 | 10/1/1992-10/1/1993 | $2 million per occ./agg. |

*Id.*; *accord* Dkt. No. 1 at ¶¶ 19-32.

### C.   The Prior Insurance Coverage Action and this Court's Ruling that the Insurers Collectively Must Pay All of Fulton's Defense Costs

Collectively, Fulton's primary insurers paid all defense costs from 1992 until December of 2005. *Fulton*, 828 F.Supp.2d at 487. In December 2005, however, the insurers began demanding that Fulton contribute toward defense costs incurred in the Asbestos Claims. *Id.* at 487-88. In April of 2006, Fulton filed a lawsuit in New York Supreme Court against OneBeacon and Kemper regarding the scope of insurance coverage available to Fulton for the Asbestos Claims. *Id.* at 485. OneBeacon removed the action to this Court under the caption *Fulton Boiler Works, Inc. v. American Motorists Insurance Co., et al.*, No. 5:06-CV-1117 (N.D.N.Y.). *Id.* OneBeacon and Kemper then brought third-party actions against Travelers, Wausau, and Nationwide. *Fulton*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *1.

On March 25, 2010, the Court issued a Decision and Order that held OneBeacon, Travelers, Wausau, Nationwide, and Kemper collectively must pay 100% of Fulton's past defense costs for the Asbestos Claims:

> [The insurers] are ordered to pay all of Plaintiff's outstanding defense costs in the underlying lawsuits.

*Id.* at *8. The Court also ordered the insurers to fund all defense costs for future suits that are potentially covered:

> …with regard to future defense costs in the underlying lawsuits, again, "[s]o long as the allegations in a case could conceivably result in liability covered by a policy at issue, [the insurers] must defend."

*Id.* Under the Decision and Order, Fulton has no obligation to contribute toward defense costs. *Id.*

3

**D.     The Current Insurance Coverage Lawsuit**

OneBeacon filed the current insurance coverage lawsuit on or about December 11, 2013. Dkt. No. 1. OneBeacon named as defendants Fulton, Wausau, Nationwide, and Travelers. *Id.* OneBeacon alleges, among other things, that Fulton must pay defense and indemnity costs otherwise attributable to Kemper, which became insolvent by order of the Circuit Court of Cook County, Illinois on May 10, 2013. *Id.* at ¶¶ 3-4. Thus, OneBeacon "seeks a determination regarding Fulton's obligation to contribute toward its defense during those periods that the Kemper policies were in effect, October 1, 1984 through October 1, 1993, as insurance coverage is no longer available for those periods due to Kemper's insolvency." *Id.* at ¶ 5. Fulton now seeks a partial summary judgment order that it has no obligation to pay those defense costs.

# ARGUMENT

## POINT I

### FULTON HAS NO OBLIGATION TO PAY DEFENSE AMOUNTS OTHERWISE ALLOCABLE TO KEMPER

As stated, OneBeacon argues that, in light of Kemper's insolvency, Fulton must pay for all defense amounts that Kemper otherwise would fund. New York law, however, is clear that the policyholder has no obligation to contribute to defense fees and costs as long as unexhausted, primary coverage remains. In *Continental Casualty Co. v. Rapid-American Corp*, 80 N.Y.2d 640, 655-56 (1993), the New York Court of Appeals held:

> …the duty to defend is broader than the duty to pay, requiring each insurer to defend if there is an asserted occurrence covered by its policy and the insured should not be denied initial recourse to a carrier merely because another carrier may also be responsible. That is the "litigation insurance" the insured has purchased. When more than one policy is triggered by a claim, pro rata sharing of defense costs may be ordered, but *we perceive no error or unfairness in declining to order such sharing, with the understanding that the insurer may later obtain contribution from other applicable policies.*

(Emphasis added.) The Court of Appeals, in other words, held that insurers may have contribution claims against each other, but they have no right to contribution from the policyholder. *Id.*

Following *Rapid-American*, courts applying New York law consistently have refused to allocate defense costs to policyholders where solvent, unexhausted, primary insurance is triggered. *See Travelers Cas. & Sur. Co. v. Alfa Laval, Inc.*, 954 N.Y.S.2d 23, 25 (App. Div. 1st Dep't Nov. 13, 2012) (ordering Travelers, as the primary insurer, to fund the policyholder's entire defense); *Olin Corp. v. Century Indem. Co.*, 522 Fed. App'x 78, 80 (2d Cir. 2013) (affirming district court's refusal to allocate defense costs to the policyholder for uninsured

periods);[1] *Am. Empire Surplus Lines Ins. Co. v. West Am. Ins. Co.*, No. 116334/07, 2008 N.Y. Misc. LEXIS 10724, *6-*7 (N.Y. Sup. Ct. Dec. 30, 2008) (holding that, although the policyholder had other insurance policies, the insurer had to fund its policyholder's entire defense); *Danaher Corp. v. Travelers Indem. Co.*, 1:10-cv-00121-JPO-JCF, Dkt. Nos. 98 and 227-1 (S.D.N.Y. Sept. 7, 2012) (requiring primary insurer to pay all past and future defense costs). New York courts do not allocate any portion of defense costs to policyholders.

In fact, this Court already has addressed this issue and ordered Fulton's insurers to pay all defense costs for the Asbestos Claims. In the prior coverage litigation, the Court issued a Decision and Order on March 25, 2010 that held the insurers "are ordered to pay all of [Fulton's] outstanding defense costs in the underlying lawsuits." *Fulton*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *8. The Court also found that "with regard to future defense costs in the underlying lawsuits … '[s]o long as the allegations in a case could conceivably result in liability covered by a policy at issue, [the insurers] must defend.'" *Id.* Under the Decision and Order, Fulton is not required to contribute toward defense costs. *Id.*

Thus, pursuant to New York law and this Court's Decision and Order, OneBeacon cannot allocate any defense fees and costs to Fulton.[2] It is undisputed that none of the primary policies

---

[1] Fulton believes it purchased coverage prior to 1976, but it was unable to establish the policies in the prior coverage case. Fulton is therefore effectively uninsured for periods prior to 1976. In spite of the uninsured periods, this Court – consistent with New York law – allocated 100% of defense costs to the insurers. OneBeacon cannot identify a principled argument to distinguish the uninsured periods from the insolvent periods, such that Fulton should be compelled to pay a "share" of defense costs for the latter, but not the former.

[2] In support of its attempt to allocate to Fulton, OneBeacon may try to rely on the same cases it cited in the prior coverage action, which this Court rejected because they relate only to allocation of settlements and judgments, rather than defense costs. Courts treat those two categories of costs (indemnity vs. defense) differently because the duty to defend is broader than the duty to indemnify. *Fulton*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *5. OneBeacon nevertheless cited to the indemnity cases in its September 12, 2013 demand letter to Fulton in

6

have exhausted. Until all of the primary policies exhaust, the insurers must fully fund Fulton's defense. While the Insurers may have contribution rights against Kemper's estate or one another, they have no right to contribution from Fulton under New York law. Kemper's insolvency does not alter that conclusion.

## POINT II

### ONEBEACON MUST FUND FULTON'S FEES AND COSTS INCURRED IN CONNECTION WITH THIS MOTION

Under New York law, an insurance company that sues its policyholder must pay the policyholders' coverage counsel fees and costs incurred in the coverage litigation if the policyholder is successful. *Mighty Midgets Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979). In *Mighty Midgets*, the New York Court of Appeals explained that a successful policyholder may recover its fees and costs when it:

> has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations. Essentially, the latter cases find support in the theory that an insurer's responsibility to defend reaches the defense of any actions arising out of the occurrence.

*Id.* (citations omitted); *see also U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 598 (2004) (describing an insurer's obligation to pay coverage counsel fees and costs as "incidental to the insurer's contractual duty to defend."). If the Court grants this motion, then OneBeacon must pay Fulton's expenses because OneBeacon cast Fulton "in a defensive posture" by filing this action. Dkt. No. 1.

---

which it first identified the Kemper issue. To the extent that OneBeacon (or any other insurer) actually tries to recycle these (already distinguished) cases, Fulton will deal with it on reply.

7

## CONCLUSION

Fulton respectfully requests that the Court hold that Fulton has no obligation to pay any portion of defense fees and costs otherwise allocable to Kemper and that OneBeacon must reimburse Fulton's expenses incurred in connection with this motion.

By: *s/ Brian J. Osias*
Brian J. Osias
McCarter & English, LLP
245 Park Avenue, 27th Floor
New York, NY 10167
Phone: 212.609.6800
Fax: 212.609.6921
Attorneys for Defendant/Third-Party Plaintiff
Fulton Boiler Works, Inc.

DATED: July 1, 2015