UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ONEBEACON AMERICA INSURANCE COMPANY,

    Plaintiff,

-against-

FULTON BOILER WORKS, INC., EMPLOYERS INSURANCE COMPANY OF WAUSAU, NATIONWIDE MUTUAL INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY,

    Defendants,

and

FULTON BOILER WORKS, INC.,

    Third-Party Plaintiff,

-against-

BROWN & BROWN OF NEW YORK, INC., f/k/a THE YOUNG AGENCY,

    Third-Party Defendant.

Case No.: 5:13-CV-1525 [MAD/TWD]

---

**DEFENDANT/THIRD-PARTY PLAINTIFF
FULTON BOILER WORKS, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
TRAVELERS CASUALTY AND SURETY COMPANY'S
NOTICE DEFENSE**

---

    **McCARTER & ENGLISH, LLP**
    245 Park Avenue, 27th Floor
    New York, NY 10167
    Phone: 212.609.6800
    Fax: 212.609.6921
    Attorneys for Defendant/Third-Party Plaintiff
    Fulton Boiler Works, Inc.

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 2 |
|     A. The Asbestos Claims | 2 |
|     B. Fulton's Submission of the Asbestos Claims to its Insurers | 2 |
|     C. This Court's Ruling Regarding Travelers' Notice Defense in the Prior Coverage Action | 3 |
|     D. Travelers' Continued Assertion of Improper Notice | 4 |
|     E. Travelers' Notice Defense in the Present Litigation | 5 |
| ARGUMENT | 6 |
|     POINT I. EVIDENCE DEMONSTRATES TRAVELERS RECEIVED PROPER NOTICE OF THOUSANDS OF ASBESTOS CLAIMS | 6 |
|     POINT II. TRAVELERS CANNOT ASSERT LATE NOTICE AS A BASIS TO DISCLAIM COVERAGE | 8 |
|         A. Travelers Cannot Assert Late Notice for Asbestos Claims for Which it Received Proper Notice | 8 |
|         B. Travelers Cannot Assert Late Notice for Asbestos Claims Filed Prior to the Dates on Which it Acknowledged its Policies | 9 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.*,
  822 F.2d 267 (2d Cir. 1987)......................................................................................................9

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*,
  828 F.Supp.2d 481 (N.D.N.Y. 2011).........................................................................2, 3, 4, 6, 7, 8

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*,
  No. 5:06-CV-1117, 2010 WL 1257943 (N.D.N.Y. March 25, 2010) ..............................2, 3, 9

**STATE CASES**

*Am. Trans. Ins. Co. v. Sartor*,
  3 N.Y.3d 71 (2004) .................................................................................................................9

**STATE STATUTES**

New York Insurance Law § 3420(d) ...........................................................................................4, 8

## PRELIMINARY STATEMENT

Travelers Casualty and Surety Company ("Travelers") refuses to provide insurance coverage for potentially thousands of asbestos lawsuits (the "Asbestos Claims") filed against its policyholder, Fulton Boiler Works, Inc. ("Fulton"), on the ground that Travelers allegedly did not receive proper notice of them. Evidence, however, reveals that Travelers received proper notice within the meaning of a previous decision of this Court in prior litigation between the parties. Specifically, a list of Asbestos Claims sent to Travelers in 2008 and boxes of pleadings and files reviewed by Travelers in the prior action contain sufficient information to put Travelers on notice. Because Travelers received proper notice, the Court's previous decision precludes Travelers from asserting late notice as a defense. Even if Travelers could assert late notice, the notice defense cannot apply to Asbestos Claims filed prior to the respective dates that Travelers admitted the existence of its policies.

## FACTUAL BACKGROUND

### A.   The Asbestos Claims

Since the early 1990s, Fulton has been named as a defendant in thousands of Asbestos Claim nationwide alleging bodily injury, wrongful death, and/or other damages related to or arising out of boilers it manufactured that allegedly contained asbestos. *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, 828 F.Supp.2d 481, 487 (N.D.N.Y. 2011). Fulton manufactured the boilers that allegedly contained asbestos from 1949 through the mid-1970s. *Id.* at 486.[1]

### B.   Fulton's Submission of the Asbestos Claims to its Insurers

Fulton initially sought coverage for the Asbestos Claims from OneBeacon America Insurance Company ("OneBeacon") as well as American Motorists Insurance Company and American Manufacturers Mutual Insurance Company (collectively, "Kemper"), which were the primary liability insurers that Fulton was aware of at the time. *Fulton*, 828 F.Supp.2d at 487. OneBeacon sold a primary comprehensive general liability policy to Fulton for the period from October 1, 1980 through October 1, 1983 and Kemper sold successive primary policies from October 1, 1984 through October 1, 1993. *Id.* at 486-87. OneBeacon and Kemper agreed to provide coverage for the Asbestos Claims under their primary policies. *Id.* at 487.

In 2001, Fulton discovered evidence that Travelers also had sold primary liability insurance coverage to Fulton and requested that Travelers search its files for copies of applicable policies. *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *3 (N.D.N.Y. March 25, 2010). In January of 2004, Travelers acknowledged the existence of a single policy year (number 52 SM 71856, which covers the

---

[1]   Very few boilers were manufactured in the early years. In 1949 and for some time thereafter, for example, Fulton was being run out of the founder's garage.

2

period from October 1, 1979 through October 1, 1980) and agreed to participate in the defense of the Asbestos Claims under that policy. *Id.* In April of 2009, Travelers admitted it also had sold policy number 52 SM 801894, which covers the three year period from October 1, 1976 through October 1, 1979. *Id.*

In 2005, Fulton discovered that Nationwide Mutual Insurance Company ("Nationwide") and Employers Insurance Company of Wausau ("Wausau") had issued primary liability policy number 0926-00-050984. *Fulton*, 828 F.Supp.2d at 487. The policy covers the period from October 1, 1983 through October 1, 1984. *Id.* Nationwide and Wausau agreed to provide coverage to Fulton under the policy and has not engaged in the same sort of gamesmanship as Travelers. *Id.*

## C. This Court's Ruling Regarding Travelers' Notice Defense in the Prior Coverage Action

On April 18, 2006, Fulton filed a lawsuit in New York Supreme Court against OneBeacon and Kemper regarding the scope of insurance coverage available to Fulton for the Asbestos Claims. *Fulton*, 828 F.Supp.2d at 485. OneBeacon removed the action to this Court under the caption *Fulton Boiler Works, Inc. v. American Motorists Insurance Co., et al.*, No. 5:06-CV-1117 (N.D.N.Y.). *Id.* OneBeacon and Kemper then brought third-party actions against Travelers, Wausau, and Nationwide. *Fulton*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *1.

In that lawsuit, Travelers asserted that it had not received proper notice of any of the Asbestos Claims and, therefore, had no obligation to provide coverage. *Fulton*, 828 F.Supp.2d at 494-95. In its December 9, 2011, Memorandum – Decision and Order, this Court found that Travelers had received notice of many of the Asbestos Claims and concluded that Travelers' notice defense must be determined on a case-by-case. *Id.* at 495-97. Under the ruling, Travelers

3

is deemed to have proper notice of all Asbestos Claims for "which it received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences." *Id.* at 497. The Court concluded that determination of whether Travelers received proper notice would "require a case-by-case analysis of the underlying claims and documents provided to Travelers." *Id.*

In addition, the Court held that, pursuant to New York Insurance Law § 3420(d), Travelers was "obligated to disclaim coverage, if applicable, within a reasonable time after receiving the notice." *Id.* Travelers, however, did not disclaim coverage within a reasonable time for those Asbestos Claims for which it received proper notice. *Id.* at 498. As a result, the Court concluded that "Travelers is barred from now disclaiming coverage for any of the claims for which it received proper notice." *Id.*

### D. Travelers' Continued Assertion of Improper Notice

After this Court entered judgment and closed the prior coverage action, Travelers wrote to Fulton on May 15, 2013 and provided a list of approximately 3,300 Asbestos Claims for which it acknowledged notice. Certification of Brian J. Osias ("Osias Cert."), Ex. 1. Travelers, however, still denies receiving notice of thousands of Asbestos Claims. *Id.* In its letter, Travelers stated that "it had recently discovered the existence of several other [Asbestos] Lawsuits that were referenced in status reports provided by defense counsel," but "denie[d] that its discovery of the lawsuits as a result of reviewing status reports prepared by defense counsel that pertain to numerous other asbestos lawsuits constitutes proper notice."[2] *Id.* at 1.

---

[2] Travelers has not explained why the status reports do not comport with the Court's ruling, and it has refused to provide those reports in discovery. Fulton suspects that those reports, as well as additional materials, would provide further confirmation that Travelers received proper

4

Travelers has maintained its notice position even in the face of evidence presented by Fulton. On April 8, 2015, for example, Fulton responded to Travelers' assertion of improper notice for three Asbestos Claims with evidence that Travelers received notice within the meaning of the December 9, 2011, Memorandum – Decision and Order. Osias Cert., Ex. 2. Specifically, Fulton demonstrated that the three Asbestos Claims had been included on a list of pending claims that Fulton's defense counsel sent to Travelers in September of 2008. *Id.* The list identified Fulton as the insured and provided information about the injuries and occurrences. *Id.* Travelers, however, refused to agree that the list qualified as notice within the meaning of the December 9, 2011, Memorandum – Decision and Order. Osias Cert., Ex. 3.[3]

### E.     Travelers' Notice Defense in the Present Litigation

OneBeacon filed the current lawsuit regarding the scope of coverage available for the Asbestos Claims on or about December 11, 2013 and named Fulton and Travelers, amongst others, as defendants. Dkt. No. 1. In the Ninth Separate Defense of Travelers' Answer and Separate Defenses to Complaint, Travelers asserts:

> To the extent the insured under the Travelers Policies had notice of conditions, events or damages referred to in the Complaint and failed to give timely notice to Travelers in accordance with the terms of the Travelers Policies and the December 9, 2011 Decision in the Initial Action, the claims asserted in the Complaint are barred, in whole or in part.

Dkt. No. 11. As described more fully below, Fulton now seeks a ruling that Travelers received proper notice of thousands of Asbestos Claims.

---

notice pursuant to the Court's Memorandum – Decision and Order. Travelers and the other insurers have stonewalled Fulton in discovery, compelling Fulton to bring its application now.

[3] Many Asbestos Claims were filed years ago, were placed on deferred dockets, and have been dormant for long periods of time. After long periods of inactivity, certain of those Asbestos Claims become active again. Travelers is fully aware that many Asbestos Claims proceed in this manner and, along with the other insurers, has been advised whenever they become active again.

5

## ARGUMENT

### POINT I.

### EVIDENCE DEMONSTRATES TRAVELERS RECEIVED PROPER NOTICE OF THOUSANDS OF ASBESTOS CLAIMS

As stated, Travelers maintained in the prior insurance coverage litigation that it did not receive proper notice of any of the Asbestos Claims and, therefore, had no obligation to provide coverage. *Fulton*, 828 F.Supp.2d at 494-97. Although the Court did not determine whether Travelers received notice on a case-by-case basis, it found that Travelers had received notice of many Asbestos Claims through letters and lists provided by defense counsel:

> Travelers was sent numerous letters identifying Fulton as "Our Insured." Attached to each of these letters was a list of recently received asbestos-related claims. The lists included the names of the plaintiffs who filed the claims, the associated docket numbers, and the dates they were filed. These communications adequately identified the insured, provided the names of the injured parties, informed Travelers that the occurrences were related to asbestos exposure, and were provided to Travelers within a reasonable time. Even if these letters were not accompanied by a copy of the complaints, Brian Cocuzzo, Travelers' claims handler who began working on the Fulton account in June 2007, advised that "it would be natural for [him] to follow up and get a copy of the complaint." These letters thus satisfied the notice provisions.

*Id.* at 496 (citations omitted). The Court concluded that Travelers "must contribute its pro rata share of defense and indemnity costs … for claims of which it received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences." *Id.* at 497.

Fulton has evidence that Travelers received proper notice of thousands of Asbestos Claims within the meaning of the December 9, 2011, Memorandum – Decision and Order. On September 17, 2008, Fulton's defense counsel, Barry, McTiernan & Moore, provided Travelers with a list of pending Asbestos Claims in New York, which Travelers had requested. Osias

Cert., Ex. 4. For each of the thousands of Asbestos Claims, the list identifies, among other things, the claimant, court index number, and the alleged disease. *Id.* The correspondence and list, therefore, constitute proper notice of those Asbestos Claims because they identify Fulton as the insured and set forth "reasonably obtainable information regarding the injured parties and the nature of the occurrences." *Fulton*, 828 F.Supp.2d at 497.

In addition, during discovery in the prior insurance coverage litigation, Fulton made available to the insurers, including Travelers, approximately one-hundred boxes of documents at Fulton's Pulaski, New York location. Affidavit of Michael Simmons, ¶ 2. The boxes contained pleadings and other file documentation related to the Asbestos Claims listed on Exhibit "A" to the Affidavit of Michael Simmons. *Id.* at ¶ 3 and Exhibit "A." Defense counsel for one of the insurers in that litigation came to Fulton's Pulaski, New York location, reviewed the boxes, and set eighteen boxes aside with documents flagged for copying. *Id.* at ¶ 4. The list attached as Exhibit "A" to Mr. Simmons' Affidavit was one of the documents flagged for copying in the eighteen boxes. *Id.* Fulton copied the flagged documents and provided them to all parties. *Id.* Travelers' counsel in the prior insurance coverage litigation also came to Fulton's Pulaski, New York location and reviewed all of the boxes, including the eighteen boxes set aside that contained the list. *Id.* at ¶ 5.[4] Thus, Travelers also received proper notice within the meaning of the December 9, 2011, Memorandum – Decision and Order of each of the Asbestos Lawsuits on Exhibit "A" to Mr. Simmons' Affidavit.[5]

---

[4] Fulton advised Travelers during the present litigation that the boxes are available for review again, but Travelers has not requested to review the boxes. *Id.* at ¶ 6.

[5] Fulton continues to review documents received during discovery in this litigation for additional evidence that Travelers received proper notice. *See also* footnote 2 and accompanying text.

## POINT II.

## TRAVELERS CANNOT ASSERT LATE NOTICE AS A BASIS TO DISCLAIM COVERAGE

Although Travelers received proper notice of at least the thousands of Asbestos Claims previously described, Travelers continues to assert it does not have to cover many of them because Fulton provided late notice. In its April 20, 2015 letter, for example, Travelers asserted that the list provided by Barry, McTiernan & Moore in 2008 could not constitute proper notice because many of the Asbestos Claims had been filed years earlier. Osias Cert., Ex. 3; *see also* Dkt. No. 11 at Ninth Separate Defense (asserting Fulton "failed to give timely notice to Travelers" for certain Asbestos Claims). This Court's December 9, 2011, Memorandum – Decision and Order, however, precludes Travelers from asserting late notice. Even if Travelers could assert late notice, the defense cannot apply to Asbestos Claims filed prior to the respective dates that it acknowledged the existence of its policies.

### A.   Travelers Cannot Assert Late Notice for Asbestos Claims for Which it Received Proper Notice

In the December 9, 2011, Memorandum – Decision and Order, this Court held that Travelers could not assert late notice as a defense for any claims for which it received proper notice. In that action, Travelers argued it had no obligation to comply with New York Insurance Law § 3420(d)(2), which obligates insurers to "disclaim liability or deny coverage ... as soon as is reasonably possible." *Fulton*, 828 F.Supp.2d at 495. The Court held that the statute applied to Travelers and concluded that "Travelers is barred from now disclaiming coverage for any of the claims for which it received proper notice." *Id.* at 497-98.

In light of the December 9, 2011, Memorandum – Decision and Order, Travelers has no basis to assert late notice. As set forth in Point I, *supra*, Travelers received proper notice of the Asbestos Claims set forth on the list prepared by Barry, McTiernan & Moore and those in the

8

boxes reviewed by Travelers in the prior insurance coverage action. Because Travelers received proper notice of those Asbestos Claims, it "is barred from now disclaiming coverage" for them. *Fulton*, 828 F.Supp.2d at 498. The Court should not countenance Travelers' attempts to circumvent the December 9, 2011, Memorandum – Decision and Order.

**B.     Travelers Cannot Assert Late Notice for Asbestos Claims Filed Prior to the Dates on Which it Acknowledged its Policies**

Even if Travelers could assert late notice, the defense cannot apply to time periods before it acknowledged the existence of its insurance policies. The purpose of notice provisions in liability policies is to allow an insurer "an opportunity to protect itself" by promptly investigating claims. *Am. Trans. Ins. Co. v. Sartor*, 3 N.Y.3d 71, 75 (2004). As the Second Circuit has explained, notice provisions "enable insurers to make a timely investigation of relevant events and exercise early control over a claim." *Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.*, 822 F.2d 267, 271 (2d Cir. 1987).

Because notice provisions are intended to allow insurers to conduct prompt investigations and protect themselves, notice to Travelers before it acknowledged each policy would have served no benefit. As stated, Travelers admitted the existence of policy number 52 SM 71856, which provided one year of coverage, in January of 2004, and acknowledged policy number 52 SM 801894, which provided three years of coverage, in April of 2009. *Fulton*, 2010 WL 1257943 at *3. Travelers took no action under either policy with respect to the Asbestos Claims until the dates it admitted their existence. *See, e.g.*, Osias Cert., Ex. 5 at 3 (stating "as we are not able to confirm the existence, terms and/or conditions of any such alleged policies, we are unable to confirm a duty to defend or indemnify Fulton Boilers under such alleged policies"). To hold that Fulton had to notify Travelers of Asbestos Claims prior to Travelers' acknowledgement of each policy would subvert the purpose of the notice requirement. Thus, Travelers cannot assert

9

late notice under policy number 52 SM 71856 prior to January of 2004 and under policy number 52 SM 801894 prior to April of 2009.

## CONCLUSION

Fulton respectfully requests that the Court hold that Travelers received proper and timely notice of the Asbestos Claims listed on Exhibit 4 to Mr. Osias' Certification and Exhibit "A" to Mr. Simmons' Affidavit.

By: *s/ Brian J. Osias*
Brian J. Osias
McCarter & English, LLP
245 Park Avenue, 27th Floor
New York, NY 10167
Phone: 212.609.6800
Fax: 212.609.6921
Attorneys for Defendant/Third-Party Plaintiff
Fulton Boiler Works, Inc.

DATED: July 1, 2015