UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONEBEACON AMERICA INSURANCE COMPANY, | Case No. 5:13-cv-01525-MAD-TWD |
| Plaintiff, | |
| v. | |
| FULTON BOILER WORKS, INC., *et al*., | |
| Defendants. | |

---

### BRIEF OF DEFENDANT TRAVELERS IN OPPOSITION TO FULTON BOILER WORKS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING TRAVELERS NOTICE DEFENSE AND IN SUPPORT OF TRAVELERS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Stephen V. Gimigliano (No. 516595)
Robert W. Mauriello, Jr. (No. 516594)
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P. O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
3 Park Avenue, 22nd Floor
New York, New York 10016
(212) 847-3667

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

COUNTERSTATEMENT OF FACTS ................................................................................. 3

    I.      The Asbestos Claims .......................................................................................... 4

    II.     The Travelers Policies......................................................................................... 5

    III.    The Fulton Federal Court Action......................................................................... 5

          A.     The March 25, 2010 Decision ................................................................. 6

          B.     The December 9, 2011 Decision.............................................................. 7

                  1. Travelers has no obligation to contribute a pro rata share of defense and indemnity costs unless Travelers received proper notice of the Asbestos Claim .............................................................7

                  2. Fulton must contribute a pro rata share of indemnity costs for injuries-in-fact occurring during years it was uninsured ................... 8

          C.     Post-Judgment Proceedings .................................................................... 9

    IV.   Fulton's Failure to Timely Tender the Asbestos Claims.................................... 10

    V.    The OneBeacon Action...................................................................................... 12

    VI.   The *Strader*, *Thompson* and *Wilsnack* Claims .................................................. 13

ARGUMENT ...................................................................................................................... 15

    I.      FULTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING TRAVELERS LATE NOTICE DEFENSE IS PROCEDURALLY IMPROPER, SUBSTANTIVELY DEFICIENT AND SHOULD BE DENIED BY THIS COURT ................................................... 15

    II.     TRAVELERS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED UNDER JUDGE HURD'S DECEMBER 9, 2011 DECISION .......................................................................................... 21

A.    Travelers Has No Duty To Contribute, In Whole Or In Part, To The Defense Or Indemnification Of Fulton For Any Untendered Claim.......22

B.    Travelers Has No Duty To Disclaim Coverage For Any Untendered Claims ...................................................................................24

CONCLUSION ........................................................................................................26

2337097.3

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                      <u>Page</u>

*Chambers v. TRM Copy Ctrs. Corp.*,
43 F.3d 29 (2d Cir. 1994) ...................................................................................21

*Cont'l Cas. Co. v. Emp'rs Ins. Co. of Wausau*,
85 A.D.3d 403 (N.Y. App. Div. 1st Dep't 2011) ..................................................23

*Dryden Mut. Ins. Co. v. Brockman*,
259 A.D.2d 947, 687 N.Y.S.2d 504 (App. Div. 4th Dep't 1999)...........................25

*Gallo v. Prudential Residential Servs., Ltd. Pshp.*,
22 F.3d 1219 (2d Cir. 1994) ...............................................................................21

*Juvenex Ltd. v. Burlington Ins. Co.*,
63 A.D.3d 554 (1st Dep't 2009)...........................................................................19

*Knight v. U.S. Fire Ins. Co.*,
804 F.2d 9, 10 (2d Cir. 1986) ..............................................................................21

*LaFond v. Gen. Physics Servs. Corp.*,
50 F. 3d 165 (2d Cir. 1995) .............................................................................21-22

*New York v. Blank*,
27 F.3d 783 (2d Cir. 1994) ..................................................................................23

*Oxford House, Inc. v. City of Albany*,
155 F.R.D. 409 (N.D.N.Y. 1994) .........................................................................16

*Patel v. Lutheran Medical Center, Inc.*,
775 F. Supp. 592 (E.D.N.Y. 1991) .......................................................................16

*Roofing Consultants, Inc. v. Scottsdale Ins. Co.*,
709 N.Y.S.2d 782 (4th Dep't 2000) .....................................................................24

*Stewart Park & Reserve Coal. Inc. v. Slater*,
374 F. Supp. 2d 243 (N.D.N.Y. 2005) .............................................................16, 18

*Town of Southold v. Town of E. Hampton*,
477 F.3d 38 (2d Cir. 2007) ..................................................................................22

*Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.*,
368 F.3d 209 (2d Cir. 2004) ............................................................................23-24

iii

Statutes & Rules

*Fed. R. Civ. P.* 56 ...................................................................................................................21

*Fed. R. Civ. P.* 59 ...................................................................................................................16

<u>PRELIMINARY STATEMENT</u>

Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) ("Travelers") respectfully submits this brief (1) in opposition to defendant Fulton Boiler Works, Inc.'s ("Fulton") motion for partial summary judgment regarding Travelers notice defense and (2) in support of Travelers cross-motion for partial summary judgment, dismissing all claims asserted against Travelers which seek payment, in whole or in part, for any defense or indemnity costs incurred or to be incurred by or on behalf of Fulton for any Asbestos Claim (as defined below) for which Travelers did not receive proper notice, including the *Strader*, *Thompson* and *Wilsnack* claims (as identified in Fulton's moving papers).

Fulton's motion is a transparent attempt to re-litigate the prior Fulton Federal Court Action (as defined below), and specifically Judge Hurd's December 9, 2011 decision and order (the "December 9, 2011 Decision" as defined below).  Judge Hurd's December 9, 2011 Decision, in relevant part, states that Travelers has no obligation to contribute its pro rata share of defense and indemnity costs for an Asbestos Claim unless Travelers has "received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences" for that Asbestos Claim.  Fulton did not move for reconsideration of Judge Hurd's rulings in that regard nor did it appeal the December 9, 2011 Decision.  Notwithstanding Judge Hurd's clear directive, Fulton now attempts to rely upon documents that were, by Fulton's own admission, within Fulton's possession (but not submitted to Judge Hurd by Fulton) prior to the issuance of the December 9, 2011 Decision and which unquestionably fail to demonstrate proper notice of the Untendered Claims (as defined below), including the *Strader*, *Thompson* and *Wilsnack* claims as

- 1 -

identified in Fulton's motion.  Both procedurally and substantively, Fulton's motion for

summary judgment should be rejected.

Moreover, Travelers cross-motion for partial summary judgment confirming that

Fulton did not provide timely notice to Travelers of over 13,000 underlying Asbestos Claims

under the December 9, 2011 Decision should be granted.  Fulton's reliance upon the following

documents identified in its motion fails to establish timely notice to Travelers of the Untendered

Claims under the December 9, 2011 Decision: (1) correspondence, dated September 17, 2008

(while Fulton's Federal Court Action was pending) and in response to Travelers request for

information, from Fulton's underlying defense counsel (not Fulton or Fulton's insurance broker)

enclosing an unlabeled list of pending claims against Fulton, the overwhelming majority of

which had been filed against Fulton years before; (2) a list entitled "Fulton Boiler Works, Inc.

Asbestos Litigation Matter," dated "5/01" (Exhibit A to the Affidavit of Michael Simmons (the

"Simmons Affidavit")), and (3) one hundred boxes of documents stored at Fulton's facility that

were produced to Travelers in response to Travelers discovery requests in the Fulton Federal

Court Action.  Incredibly, Fulton now contends that its invitation in the context of discovery in

the Fulton Federal Court Action for Travelers counsel in that action to sift through one hundred

boxes of documents at Fulton's facility in search of any relevant pleadings or files that may

reference all of the Asbestos Claims somehow cures Fulton's failure to fulfill its pre-litigation

obligation to provide proper notice of the Untendered Claims to Travelers.  Similarly, although

Fulton also relies upon Exhibit A to the Simmons Affidavit, this document was never sent to

Travelers in connection with any tender letter or express written request from Fulton that

Travelers defend and indemnify Fulton for these Asbestos Claims.  Instead, by Fulton's own

admission, Exhibit A apparently was merely dropped into one of the many boxes of documents

- 2 -

stored at Fulton's facility and made available to Travelers counsel in discovery in the prior Fulton Federal Court Action.

For the reasons discussed below, neither the September 2008 correspondence, Exhibit A to the Simmons Affidavit nor the "one-hundred boxes of documents" at Fulton's facility constitute proper notice of the Untendered Claims. As a result, Travelers respectfully submits that this Court should deny Fulton's motion for partial summary judgment and should instead determine that Travelers is entitled to partial summary judgment, dismissing all claims asserted against Travelers in this action which seek contribution or reimbursement of defense or indemnity costs for any and all Untendered Claims.

## COUNTERSTATEMENT OF FACTS

This insurance coverage action arises, in part, from two orders entered by the United States District Court for Northern District of New York in a prior declaratory judgment action between Fulton and its primary insurers – OneBeacon America Insurance Company ("OneBeacon"), American Motorists Insurance Company and American Manufacturers Mutual Insurance ("Kemper"), Employers Insurance Company of Wausau and Nationwide Mutual Insurance Company ("Wausau") and Travelers (collectively, the "Primary Insurers") – entitled *Fulton Boiler Works, Inc. v. American Motorists Ins. Co.*, Civil No. 5:06-cv-1117 (DNH) (DEP) (the "Fulton Federal Court Action"). (OneBeacon Complaint, Exh. A to Affirmation of Robert W. Mauriello, Jr. ("Mauriello Affirm."), at ¶1, 43-53). Specifically, the Court in the Fulton Federal Court Action issued decisions and orders on March 25, 2010 and December 9, 2011 which provided the "ground rules" for the parties to resolve disputes regarding the parties' respective obligations to contribute to defense and indemnity costs for past, pending and future asbestos bodily injury claims asserted against Fulton. (Decision & Order in Fulton Federal Court

- 3 -

Action, dated March 25, 2010 ("March 25, 2010 Decision"), Exh. B to Affirmation of Robert W. Mauriello, Jr. ("Mauriello Affirm.")); (Memorandum-Decision & Order in Fulton Federal Court Action, dated December 9, 2011 ("December 9, 2011 Decision"), Exh. C to Mauriello Affirm.).

I. <u>The Asbestos Claims</u>

As found by this Court in the Fulton Federal Court Action, in the early 1990s, Fulton, a manufacturer and seller of boilers, apparently began to be named as a defendant "in thousands of civil lawsuits alleging exposure to asbestos from its boilers" (the "Asbestos Claims"). (December 9, 2011 Decision, at 5). Fulton initially tendered the Asbestos Claims to OneBeacon (which issued a primary liability policy to Fulton from October 1, 1980 through October 1, 1983) and to Kemper (which issued successive primary liability policies to Fulton from October 1984 through September 1993). (Id. at 5-6). In response, from 1992 to 2005, OneBeacon and Kemper agreed to defend Fulton and "shared the costs of [Fulton's] defense of the Asbestos Claims." (March 25, 2010 Decision, at 7).

In October 2001, Travelers received a letter from Kemper which stated that Kemper and OneBeacon "believed Travelers had issued insurance policies to Fulton in the 1970s[1] and requested that Travelers perform a search for such policies." (December 9, 2011 Decision, at 21-22). Kemper's letter also stated that it was enclosing "one complaint with Fulton listed as a defendant," that "[t]here are 14,000+ complaints total for this insured," and that "if policies are determined, [Kemper] will be willing to provide [Travelers] these complaints." (Id. at 22). Prior to receiving Kemper's October 10, 2001 letter, Travelers had no knowledge that any Asbestos Claims had been filed against Fulton. (Id. at 21) ("Travelers first learned of the Asbestos Claims in an October 10, 2001, letter from AMICO."). As discussed below, Kemper's

---

[1] Fulton allegedly manufactured and sold its boilers from 1949 to the mid-1970s. (December 9, 2011 Decision, at 5).

- 4 -

October 10, 2001 letter merely constituted notice of the one Asbestos Claim for which a copy of the complaint was enclosed and did not constitute proper notice of the other unidentified "14,000+ complaints" allegedly filed against Fulton.  (Id. at 22).

## II.  The Travelers Policies

In response to Kemper's letter, Travelers diligently searched for policies issued to Fulton and confirmed the existence of a primary liability policy issued by Travelers to Fulton, effective from October 1, 1979 to October 1, 1980 (the "1979-80 Travelers Policy").[2]  (Exh. J to Mauriello Affirm.); (Certification of Stephen Lightfoot, ¶4).  In January 2004, Travelers agreed to participate in the defense of the Asbestos Claims under the 1979-80 Travelers Policy.  (March 25, 2010 Decision, at 7).  The 1979-80 Travelers Policy provides, in part, that:

> In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof and the names and addresses of the injured and of available witnesses shall be given by or for the insured to the Company or any of its authorized agents as soon as practicable.
>
> If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice summons or other process received by him or his representative.

(December 9, 2011 Decision, at 21) (citing Gerber Cert., Ex. L, Dkt. No. 180, 13, ¶¶ 4(a)-(b)).

## III.  The Fulton Federal Court Action

On April 25, 2006, Fulton initially filed a declaratory judgment action against Kemper and OneBeacon  in the New York State Supreme Court, Oswego County.  (OneBeacon Complaint, Exh. A to Mauriello Affirm., at ¶43).  OneBeacon subsequently removed that action to this Court on September 18, 2006.  (Id.).  Thereafter, Kemper and OneBeacon filed Third

---

[2] This Court ultimately found in the Fulton Federal Court Action that Travelers had issued policies to Fulton from 1976-80 based upon secondary evidence, despite the fact that neither Fulton nor Travelers has been able to locate copies of those other insurance policies.

- 5 -

Party Complaints on November 9, 2006 and July 23, 2007, respectively, against Travelers and Wausau.  (Id. at ¶ 44-45).

On December 19, 2008, Fulton filed an Amended Complaint against Travelers, OneBeacon, Kemper and Wausau, seeking a declaration that the Primary Insurers were obligated to fully defend and indemnify Fulton in connection with the Asbestos Claims and alleging claims for breach of contract against the Primary Insurers and equitable estoppel and/or waiver against Kemper and OneBeacon.  (See id. at ¶46); (see also March 25, 2010 Decision, at 4-5).  In response, the Primary Insurers asserted counterclaims for declaratory judgment against Fulton, seeking determinations that Fulton was obligated to pay its pro rata share of defense and indemnity costs incurred as a result of the Asbestos Claims, and various cross-claims against each other for, including but not limited to, allocation, contribution, reimbursement and/or estoppel.  (See December 9, 2011 Decision, at 3); (see also March 25, 2010 Decision, at 6-7).

A.  The March 25, 2010 Decision

On April 30, 2009, Fulton filed a motion for partial summary judgment seeking a declaration that the Primary Insurers have an obligation to fully defend Fulton for the Asbestos Claims.  (See March 25, 2010 Decision, at 8-9).  In response, on June 8, 2009, Travelers opposed Fulton's motion and cross-moved for partial summary judgment against Fulton on the grounds that Fulton must pay its pro rata share of defense costs for the Asbestos Claims.[3] (Id. at 9).

On March 25, 2010, the Honorable Glenn T. Suddaby, U.S.D.J. issued a decision and order (the "March 25, 2010 Decision"), determining that (1) the Primary Insurers are obligated "to pay all of [Fulton's] outstanding defense costs in the underlying lawsuits"; (2) "with regard to future defense costs in the underlying lawsuits . . . '[s]o long as the allegations in

---

[3] OneBeacon and Wausau also filed cross-motions for summary judgment. (Id.).

a case could conceivably result in liability covered by a policy at issue, [the Primary Insurers] must defend'"; and (3) "with regard to allocation of expenses among [the Primary Insurers], pro rata allocation is the applicable standard." (Id. at 17).

B. The December 9, 2011 Decision

On June 29, 2010, Travelers filed a motion for partial summary judgment seeking a declaration that Fulton is obligated to pay its pro rata share of past and future indemnity costs for the Asbestos Claims.  (See December 9, 2011 Decision, at 4).  OneBeacon also moved for partial summary judgment against Travelers, seeking an order that Travelers must contribute its pro rata share of defense and indemnity for all Asbestos Claims against Fulton and reimburse OneBeacon for OneBeacon's alleged overpayment of defense and indemnity payment since 2001.  (Id. at 4).  On July 29, 2010, in response to OneBeacon's motion, Travelers cross-moved for partial summary judgment against OneBeacon on the grounds that Travelers was not obligated to contribute to defense or indemnity payments for Asbestos Claims that had not been timely tendered to Travelers.  (Id. at 5).

1. Travelers has no obligation to contribute a pro rata share of defense and indemnity costs unless Travelers received proper notice of the Asbestos Claim

On December 9, 2011, the Honorable David N. Hurd, U.S.D.J. issued a Memorandum-Decision and Order (the "December 9, 2011 Decision") determining, in part, that "Travelers must contribute its pro rata share of defense and indemnity costs based on the four years of acknowledged coverage, 1976-1980, for claims of which it received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences."  (Id. at 24).  Thus, "Travelers must contribute a pro rata share of defense and indemnity costs related only to claims for which it received proper notice" as defined in the Court's December 9, 2011 Decision.  (Id. at

- 7 -

27) (emphasis in original).  As explained by Judge Hurd, "[t]his will require a case-by-case analysis of the underlying claims and documents provided to Travelers."  (Id.).  Accordingly, the Court denied "the other insurers' motion for an order declaring that Travelers must contribute to all defense and indemnity payments made after October 10, 2011." (Id. at 24) (emphasis added).

The December 9, 2011 Decision provides specific examples of correspondence which satisfies the requirements for providing notice to Travelers:  "[b]y way of direction, the letters identified above (contained in Exhibit Y to the Gerber Certification), which were sent to Travelers within several days of receipt of an underlying claim, constitute sufficient notice." (Id.) (emphasis added).  Judge Hurd further explained that "[a]ttached to each of these letters was a list of recently received asbestos-related claims.  The lists included the names of the plaintiffs who filed the claims, the associated docket numbers, and the dates they were filed.  These communications adequately identified the insured, provided the names of the injured parties, informed Travelers that the occurrences were related to asbestos exposure, and were provided to Travelers within a reasonable time." (Id. at 22) (emphasis added).

In contrast, the Judge Hurd explicitly found that correspondence, such as Kemper's October 10, 2001 letter, which merely encloses one underlying complaint and states that "[t]here are 14,000+ complaints total for this insured" does not constitute proper notice of the remaining "14,000+ complaints."  (Id. at 22).  Additionally, merely providing invoices for legal fees related to the alleged Asbestos Claims does not constitute proper notice of the Asbestos Claims. (Id.).

      2.  Fulton must contribute a pro rata share of indemnity costs for injuries-in-fact
          occurring during years it was uninsured

The Court also concluded that Fulton "must contribute a pro rata share of indemnity costs for injuries-in-fact occurring during years it was uninsured" and "cannot invoke

the doctrine of equitable estoppel to prevent defendants from seeking a pro rata share of indemnity costs for injuries-in-fact occurring between 1949 and October 1976, when it was uninsured."  (Id. at 27).

        In addition, the Court made clear that: "These two orders resolve all declaratory matters raised by the parties and provide the 'ground rules' by which the parties are now bound as they resolve past, pending, and future Asbestos Claims."  (Id. at 26-27).  Thereafter, on December 9, 2011, the Clerk of the Court entered judgment (the "December 9, 2011 Judgment") and closed the Fulton Action.  (See Judgment in a Civil Case, Exh. D to Mauriello Affirm.).

    C.  Post-Judgment Proceedings

        On January 6, 2012, Fulton filed a motion to alter or amend the December 9, 2011 Judgment for the discrete purpose of modifying a "limited number" of statements in the Court's December 9, 2011 Decision as follows: "(1) its determination that workers' compensation records do not support Fulton's contention that it purchased all coverages from a single insurance company in any given year; (2) the Court's comment that the parties' motivations in defending the underlying asbestos cases are aligned; and (3) its comment that Fulton's defense strategy is not in the best interest of the company." (Fulton's Brief, dated January 6, 2012, Fulton Federal Court Action, Dkt. No. 241-1, at 4).  Travelers opposed Fulton's motion on the grounds that Fulton failed to demonstrate a clear error of law or to present newly discovered evidence that could have been presented as part of the summary judgment briefing. (Dkt. No. 244, Fulton Federal Court Action).  Notably, Fulton did not seek to alter or amend the December 9, 2011 Judgment or Decision's directive regarding the threshold showing required for establishing proper notice of an Asbestos Claim.  (Dkt. No. 241-1, Fulton Federal Court Action).  On September 28, 2012, the Court denied Fulton's motion, concluding that:

> Fulton does not identify any change in controlling law, newly discovered
> evidence, or clear error of law or injustice to justify granting its Rule 59(e)
> motion.  Plaintiff instead seeks to reargue issues based on its disagreement with
> conclusions in the MDO, most of which were collateral to the ultimate resolution
> of the summary judgment motions.  Fulton's invitation to amend the December 9,
> 2011, MDO and judgment sua sponte is declined.

(Order, dated September 28, 2012, Dkt. No. 253, Exh. E to Mauriello Affirm.).

Thereafter, on October 12, 2012, OneBeacon requested that the court in the

Fulton Federal Court Action re-open the case "to allow for additional discovery and motion

practice related to the allocation of [Travelers] pro rata share of defense and indemnity costs for

underlying asbestos claims of which Travelers did not receive proper notice."  (Order, dated

November 30, 2012, Dkt. No. 259, at 3, Exh. F to Mauriello Affirm.).  Both Travelers and Fulton

opposed OneBeacon's request to reopen this matter.  (Id.).  On November 30, 2012, the Court

denied OneBeacon's motion, stating that "OneBeacon reports that this issue first became

problematic as the parties settled an underlying case in November 2011 – before the MDO was

filed on December 9, 2011.  OneBeacon did not request reconsideration or alteration of the

MDO.  Nor did any party appeal the decision to the United States Court of Appeals for the

Second Circuit."  (Id.).

IV.  Fulton's Failure to Timely Tender the Asbestos Claims

Travelers has complied with and continues to comply with the Court's March 25,

2010 and December 9, 2011 Decisions by participating in the defense of Fulton in each Asbestos

Claim for which Travelers has received timely notice.  (See Letter from Brian Cocuzzo to

Michael R. Simmons, dated May 15, 2013, Exh. 1 to Osias Cert.); (Certification of Stephen

Lightfoot ("Lightfoot Cert."), ¶5).  To the extent Fulton has failed to provide timely notice for an

Asbestos Claim, in accordance with the March 25, 2010 and December 9, 2011 Decisions,

Travelers has denied coverage for that Asbestos Claim and has no obligation to Fulton or the

other Primary Insurers for that claim.  (See December 9, 2011 Decision and Judgment, Exhs. C-D to Mauriello Affirm.).  Despite Travelers compliance with the Court's prior decisions, Fulton continued to ignore Travelers repeated requests that Fulton identify all Asbestos Claims that Fulton alleges it tendered to Travelers and to provide any correspondence or other documents evidencing that such Asbestos Claims, in fact, were ever tendered to Travelers.  (Lightfoot Cert. ¶6).  Fulton sent no correspondence to Travelers in 2011, 2012 or 2013 that provided Travelers with the case-by-case analysis required by Judge Hurd; and, notably for purposes of this motion, Fulton did not mention that the bases for its motion here – either the September 17, 2008 correspondence from defense counsel on the Asbestos Claims or the other documents that were produced in discovery in the Fulton Federal Court Action – somehow constituted notice to Travelers of the Untendered Claims.  (Lightfoot Cert. ¶7-8).

On May 15, 2013, Travelers sent correspondence to Fulton, with a copy to all counsel, reiterating that "Travelers has never received notice of thousands of Alleged Lawsuits" and that, despite denying coverage for these untimely Asbestos Claims, "Travelers continues to receive demands for payments in Alleged Lawsuits that we have never received or for which we have been provided with timely notice."  (Letter, dated May 15, 2013, Exh. 1 to Osias Cert.).  As a result, Travelers attached as an exhibit to its May 15, 2013 letter a 66-page list of all Asbestos Claims (the "May 2013 List of Tendered Claims") for which Travelers has received timely notice as of April 29, 2013: "[P]lease consider this correspondence and the case listing in Exhibit A as Travelers supplementation of our previous reservation of rights letter dated December 20, 2010 and also an affirmation of our denial that any current lawsuit not listed in Exhibit A has been expressly denied absent a specific showing that notice to Travelers was originally made in a

- 11 -

timely fashion pursuant to the Court's Memorandum-Decision and Order."  (Id. at TR_SUPP_0002).  Travelers received no response to this letter.  (Lightfoot Cert. ¶9-11).

Instead, on November 18, 2013, Fulton filed a new state court action against Travelers in the Supreme Court of New York, Oswego County (the "Fulton State Court Action") alleging that Travelers is in contempt of the March 25, 2010 Decision and seeking a declaration that Travelers violated the March 25, 2010 Decision.  (Fulton Complaint, Exh. G to Mauriello Affirm., at ¶¶ 54-64).  On January 30, 2014, Travelers moved to dismiss and/or sever the claims asserted by Fulton[4] against Travelers and/or stay the Fulton State Court Action in its entirety in favor of the current OneBeacon Action (as defined below).  On March 19, 2014, with the consent of Fulton, the state court dismissed the Fulton State Court Action pending resolution of the OneBeacon Action.  (Order, dated March 20, 2014, Exh. H to Mauriello Affirm.).

V.  The OneBeacon Action

On December 11, 2013, OneBeacon filed the current declaratory judgment action against Fulton, Travelers and Wausau (the "OneBeacon Action").  (See OneBeacon Complaint, Exh. A to Mauriello Affirm.).  In its Complaint, OneBeacon asserts claims for contribution of defense and indemnity costs against Fulton and claims for equitable contribution as to Fulton and Travelers.  (Id. at ¶¶ 73-76).  More specifically, OneBeacon seeks a determination that Fulton must contribute its pro rata share of defense and indemnity costs for those periods in which Fulton was uninsured due to the insolvency of Kemper.[5]  (Id.).  OneBeacon also alleges that it is entitled to reimbursement from Travelers "for amounts paid toward the defense and/or indemnity

---

[4] Fulton also asserted claims against Fulton's broker, Brown & Brown of New York, Inc., f/k/a The Young Agency, which is now a third-party defendant in the OneBeacon Action.

[5] The Complaint in the OneBeacon Action alleges that, in May 2013, Kemper was declared insolvent by the Circuit Court of Cook County, Illinois. (Id. at ¶¶ 64-65).

- 12 -

of Fulton in certain Underlying Lawsuits that are attributable to Travelers, but for which

Travelers has refused to contribute due to Fulton's alleged failure to provide timely notice of the

claim or suit, regardless of whether Travelers has adequately disclaimed on the ground of late

notice." (Id. at ¶ 83).  Fulton subsequently filed a Third Party Complaint against Fulton's broker,

Brown & Brown of New York, Inc., f/k/a The Young Agency ("Brown & Brown"), alleging

claims for breach of contract, negligence and declaratory judgment for a determination that

Brown & Brown must indemnify and hold harmless Fulton under "a series of contracts with

Brown & Brown requiring Brown & Brown to provide Fulton with certain insurance- and risk-

management-related services . . . ."  (See Dkt. No. 29, ¶11).

VI.  <u>The Strader, Thompson and Wilsnack Claims</u>

   On April 8, 2015, Fulton sent a letter to Travelers which contended, for the first

time, that correspondence sent on September 18, 2008 to Travelers from an underlying defense

firm (Barry, McTiernan & Moore) – not Fulton (or even its broker) – somehow constitutes

timely notice of the over 13,000 Asbestos Claims listed in a 586-page attachment to the

September 18, 2008 correspondence, including, but not limited to, claims filed by underlying

plaintiffs Harold Strader ("*Strader*"), Lowell Thompson ("*Thompson*") and Walter Wilsnack, III

("*Wilsnack*").  (Exh. 2 to Osias Cert.).  Specifically, the September 18, 2008 email attaches a

letter (dated September 17, 2008) and a 586-page "list of pending cases against Fulton Boiler."

(Id.).  The letter to Travelers simply states that: "As requested, below is a list of pending cases

against Fulton Boiler."  (Id.).[6]  Notably absent from this correspondence is any request by

---

[6] The timing of the September 17, 2008 cover letter from underlying defense counsel appears to be in response to the August 22, 2008 Affidavit of Brian Cocuzzo on behalf of Travelers in the Fulton Federal Court action in which Mr. Cocuzzo stated "Fulton has yet to provide Travelers with copies of summonses and complaints for thousands of cases, despite Travelers repeated requests" as well as for the on-going mediation in that action.  (Mauriello Affirm., Exh. J at ¶7).

- 13 -

anyone, let alone by Fulton, that Travelers defend or indemnify Fulton for the "pending cases."

(Id.).  Moreover, even a cursory review of that list makes clear that it is a mixed list of the

Untendered Claims and Asbestos Claims that were properly tendered to Travelers (for which

Travelers was providing a defense) and does not segregate in any way the Untendered Claims.

On April 20, 2015, Travelers rejected Fulton's belated attempt to rely on the

September 18, 2008 correspondence as evidence that Fulton had timely tendered the *Strader*,

*Thompson* and *Wilsnack* claims to Travelers and reiterated its denial of coverage for any claims

not identified in its 2010 and 2013 correspondence to Fulton:

> As Travelers has made abundantly clear in its 2010 and 2013 correspondence to
> Fulton, Travelers has identified those asbestos claims where Fulton has provided
> proper notice to Travelers (and where Travelers has agreed to participate in the
> defense of those claims where it has received proper notice).  These Lawsuits
> were never tendered to Travelers and your attempt to do so now does not comply
> with the Court's order in the prior Fulton Boiler Declaratory Judgment Action.
> As such, Travelers reiterates its denial of the tender of any claims not identified in
> its 2010 and 2013 correspondence to Fulton.

(Exh. 3 to Osias Cert.).  As stated in Travelers April 20, 2015 letter, the September 2008

correspondence merely confirms that, despite the fact that the *Strader*, *Thompson* and *Wilsnack*

claims were each filed in 2002 in the New York Supreme Court, Fulton admittedly never even

identified the existence of these claims to Travelers until at the earliest 2008, six years after they

were first filed (and Fulton did not ask Travelers to provide defense or indemnity for these

claims until thirteen years after they were first filed):

> Our review of the three entries that you flagged confirmed that each of those
> claims have a New York Index number ending in "/02," which indicates (quite
> clearly) that the lawsuits were filed in 2002 in the New York Supreme Court
> despite the fact that your letter confirms that the list was not even provided to
> Travelers until September 2008.  Based on our review, it does not appear that
> Fulton (or anyone else) tendered the Lawsuits to Travelers, either prior to the
> September 2008 correspondence or after.

(Id.).

- 14 -

<u>ARGUMENT</u>

I.    FULTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
TRAVELERS LATE NOTICE DEFENSE IS PROCEDURALLY IMPROPER,
<u>SUBSTANTIVELY DEFICIENT AND SHOULD BE DENIED BY THIS COURT</u>

As an initial matter, this Court should deny Fulton's motion for partial summary judgment regarding Travelers late notice defense on the grounds that the motion is procedurally improper.  Despite the fact that Fulton ostensibly framed its motion as one for partial summary judgment, the relief sought by Fulton is nothing more than a belated attempt to seek reconsideration of the Court's December 9, 2011 Decision and Judgment regarding the "ground rules" for what constitutes proper notice to Travelers of an Asbestos Claim.  Specifically, Fulton now requests that this Court find that the September 18, 2008 correspondence (enclosing an unlabeled 586-page "list") and Exhibit A to the Simmons Affidavit provided proper notice to Travelers of <u>all</u> claims allegedly referenced on these lists.  As discussed below, however, this new "evidence" falls woefully short of satisfying the Court's threshold for demonstrating proper notice to Travelers.  Thus, this Court should reject Fulton's attempts to rewrite the "ground rules" established by the Court in the December 9, 2011 Decision.

Significantly, Fulton had the opportunity to move for reconsideration of or appeal from these "ground rules" but ultimately failed to do so in the Fulton Federal Court Action. Instead, Fulton merely moved to alter or amend the December 9, 2011 Decision to correct certain non-material statements made by the Court which had no bearing on Fulton's obligations to provide proper notice of the Asbestos Claims to Travelers. (See Fulton's Moving Brief, dated January 6, 2012, Dkt. No. 241-1, Fulton Federal Court Action).  And, Fulton never appealed the December 9, 2011 Decision.

2337097.3

This Court previously recognized in its September 28, 2012 Order that "[a]mending a judgment pursuant to Rule 59(e) is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  (September 28, 2012 Order, Dkt. No. 253, Exh. E to Mauriello Affirm.) (quoting *Stewart Park & Reserve Coal. Inc. v. Slater*, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005)) (Treece, M.J.) (internal quotation omitted).  Accordingly, there is no justification to reconsider a prior order unless: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice."  *Id.*  When a party moves to amend a judgment based upon the alleged discovery of new evidence, "the moving party bears the burden in establishing that the new evidence is 'truly newly discovered or . . . could not have been found by due diligence.'"  *Stewart Park*, 374 F. Supp. at 253.  Courts have made clear that "evidence which was 'in the possession of the party before the judgment was rendered . . . is not newly discovered and does not entitle him to relief.'"  *Id.* (quoting *Patel v. Lutheran Medical Center, Inc.*, 775 F. Supp. 592, 596 (E.D.N.Y. 1991)).  Thus, "[a] strict standard is applied to a Rule 59(e) motion, which is "not a vehicle for reargument or asserting arguments that could and should have been made before judgment issued."  (September 28, 2012 Order, Dkt. 253, at 4) (quoting *Stewart Park*, 374 F. Supp. at 253); *see also Oxford House, Inc. v. City of Albany*, 155 F.R.D. 409, 410 (N.D.N.Y. 1994) ("Rule 59(e) motions are not vehicles for bringing before the court theories or arguments that were not advanced earlier. Nor may the motion present evidence which was available but not offered at the original . . . trial.").

Here, more than three and a half years after the December 9, 2011 Decision was entered, and Fulton's time to seek to amend, reconsider and appeal that judgment expired, Fulton

- 16 -

now argues that it "has evidence that Travelers received proper notice of thousands of Asbestos Claims within the meaning of the December 9, 2011, Memorandum – Decision and Order." (Fulton Brief at 6).  This supposed "evidence" is not new – it consists of documents which Fulton admits were within its possession during discovery in the Fulton Federal Court Action and well in advance of the Court's December 9, 2011 Decision and Judgment.

In particular, Fulton alleges that the September <u>2008</u> correspondence, sent from Fulton's underlying defense counsel to Travelers purportedly constitutes proper notice of "thousands of Asbestos Claims" listed on an attachment to this correspondence.  However, this correspondence is no different than the correspondence that Judge Hurd previously rejected as proper notice in the December 9, 2011 Decision.  Even more incredibly, Fulton further contends that it satisfied its notice obligations because "during discovery in the prior insurance coverage litigation," Fulton invited the insurers to sift through "approximately one-hundred boxes of documents at Fulton's Pulaski, New York location" which purportedly contained "pleadings and other file documentation related to the Asbestos Claims."  (Fulton Brief at 7).  According to Fulton, one of these boxes contained a document entitled "Fulton Boiler Works, Inc. Asbestos Litigation Matter" ("Exhibit A to the Simmons Affidavit") which from Fulton's perspective, provides notice of all of the alleged Asbestos Claims listed on that document.  Fulton did not provide any of this correspondence to or make any of these arguments before Judge Hurd rendered the December 9, 2011 Decision.  In this regard, Fulton's argument fails both procedurally and substantively.

From a procedural standpoint, Fulton offers no explanation (because there is no explanation) regarding why it never presented these documents to Judge Hurd, let alone argued that these documents allegedly demonstrate proper notice to Travelers of the Asbestos Claims.

- 17 -

At this point, there can be no dispute that, under Rule 59(e), neither the September 2008 correspondence nor any of the documents contained in the boxes at Fulton's facility, qualify as "new evidence."  *See Stewart Park*, 374 F. Supp. at 253 (stating that "evidence which was 'in the possession of the party before the judgment was rendered . . . is not newly discovered and does not entitle him to relief'").  Additionally, Fulton does not claim that there has been an intervening change in controlling law or that this Court should reconsider the December 9, 2011 Judgment in order to "remedy a clear error of law or to prevent obvious injustice."  *Id.*[7]

More importantly, the September 2008 correspondence and Exhibit A to the Simmons Affidavit are substantively deficient and do not comply with the requirements for proper notice set forth in the December 9, 2011 Decision and Judgment.  As discussed, the December 9, 2011 Decision and Judgment provides that proper notice of an Asbestos Claim requires that Travelers "received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences."  (Exh. C to Mauriello Affirm. at 24) (emphasis added).  With respect to the September 2008 correspondence, Fulton cannot credibly argue that this letter or its attachment provided timely notice of the alleged Asbestos Claims referenced therein.  Based on the column labeled "Index #," each of the Asbestos Claims identified on the list appear to have been filed between 1997 and 2005 but, by Fulton's own admission, Travelers did not receive this list of alleged Asbestos Claims until September 2008.  Moreover, the September 2008 correspondence neither expressly nor implicitly states that these alleged Asbestos Claims are even being tendered to Travelers for defense or indemnification.  Instead, the letter merely states

---

[7] Fulton also now suggests that Fulton has no obligation to establish timely notice for any Asbestos Claim filed against Fulton prior to the date that Travelers acknowledged the existence of a Travelers Policy.  (Fulton Brief at 9-10).   However, this argument is belied by the policy language (cited above), was never made to Judge Hurd and should be summarily rejected here.

- 18 -

that "As requested, below is a list of pending cases against Fulton Boiler."  (Exh. 2 to Osias

Cert.).   Indeed, this list does not even attempt to distinguish between the Untendered Claims and

those Asbestos Claims where Travelers was already providing a defense – thus, the

correspondence and list should be seen for what it actually was: underlying defense counsel's

response to Travelers "request" for a list of all cases pending against Fulton at that point and

nothing more.  With respect to Fulton's motion on the three claims identified in its 2015

correspondence to Travelers, this list also indicates that the *Strader*, *Thompson* and *Wilsnack*

claims were filed in 2002, six years before Travelers received the September 2008 list.  There

can be no dispute that a six-year delay in notifying Travelers of an Asbestos Claim is not

providing notice within a reasonable amount of time.  *See*, *e.g.*, *Juvenex Ltd. v. Burlington Ins.

Co.*, 63 A.D.3d 554 (1st Dep't 2009) (delay of two months in notifying insurer of claim "was

unreasonable as a matter of law").

   In addition, the list attached as Exhibit A to the Simmons Affidavit (which merely

contains two columns entitled "Name" and "File #") fails to satisfy the basic requirements of

proper notice to Travelers.  As an initial matter, it was never tendered to Travelers – it was

apparently buried in boxes produced by Fulton in discovery in the Fulton Federal Court Action.

Moreover, even assuming that the "File #" on the list is intended to represent a docket or index

number, Exhibit A still provides no information regarding the state (or even federal) court in

which these claims allegedly were pending, the nature of the claims or any other identifying

information.  More importantly, the list is unaccompanied by any correspondence (1) stating that

Fulton was tendering to Travelers the alleged Asbestos Claims on Exhibit A or (2) even

reflecting that the list was ever sent to or received by Travelers.  As discussed, the December 9,

2011 Decision and Judgment make clear that Travelers must have <u>received</u> a "complaint and/or

letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences."  (December 9, 2011 Decision, at 24).  In addition, Fulton has failed to demonstrate that the Asbestos Claims allegedly identified on Exhibit A to the Simmons Affidavit were sent to Travelers within a reasonable time.

Similarly, Fulton failed to provide Travelers with any written, clear and contemporaneous directive that Fulton was tendering to Travelers all Asbestos Claims contained within the one hundred boxes at Fulton's facility made available in discovery.  Moreover, with or without an express tender,  Fulton cannot credibly argue that it satisfied its notice obligations by inviting Travelers to sort through one hundred boxes of documents in the hopes that Travelers would locate copies of relevant complaints or lists of the alleged Asbestos Claims.  Such an argument, which was never made to Judge Hurd, would impermissibly shift Fulton's own notice obligations to Travelers, as recognized by Judge Hurd.  (See Travelers Policy, Exh. J to Mauriello Affirm. (Exh. 3 to Cocuzzo Aff.) at TR 00010) ("Insured's Duties in the Event of Occurrence, Claim or Suit.  (a) In the event of an occurrence, written notice . . . shall be given by or for the insured to the Company or any of its authorized agents as soon as practicable.  (b) If claim or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.") (emphasis added).  The December 9, 2011 Decision makes clear that Fulton – not Travelers – has the obligation to tender the Asbestos Claims to Travelers.  Thus, contrary to Fulton's suggestion, the documents that Fulton now seeks to rely upon do not comply with the ground rules established by the Court for demonstrating proper notice of an Asbestos Claim. (Compare Letter, dated January 22, 2004, attached as Exh. Y to Gerber Certification, Dkt. No.

2337097.3

182 at 42-43, Exh. I to Mauriello Affirm.).  Accordingly, Fulton's motion for "partial summary judgment" should be denied.

II.     TRAVELERS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD
        BE GRANTED UNDER JUDGE HURD'S DECEMBER 9, 2011 DECISION

        As discussed, Travelers expressly agreed to participate and has been participating in the defense of Fulton in each of the Asbestos Claim identified on the May 2013 List of Tendered Claims.  In view of the fact that Fulton has not identified any additional Asbestos Claims for which Travelers received proper notice, as defined by the December 9, 2011 Decision and Judgment, this Court should not only deny Fulton's motion for partial summary judgment but also dismiss all claims asserted against Travelers which seek reimbursement or contribution of defense and indemnity payments from Travelers for the Untendered Claims.

        It is well-settled law in the Second Circuit that a motion for summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  *LaFond v. Gen. Physics Servs. Corp.*, 50 F. 3d 165, 171 (2d Cir. 1995) (citing *Fed. R. Civ. P.* 56(c)).  The initial burden of establishing that no genuine factual dispute exists rests on the moving party.  *Id.*  In reviewing the record, "the trial court is required to resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought."  *Id.*  (citing *Gallo v. Prudential Residential Servs., Ltd. Pshp.*, 22 F.3d 1219, 1223 (2d Cir. 1994)).  Accordingly, "[t]he inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion."  *Id.* (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994)); *see also Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 10 (2d Cir. 1986) ("Before rendering summary judgment, a court

must also determine that any unresolved issues are not material to the outcome of the litigation.").

If the Court determines that, "as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *LaFond*, 50 F. 3d at 171.  This same standard of review applies when a party cross-moves for summary judgment.  *Town of Southold v. Town of E. Hampton*, 477 F.3d 38, 46 (2d Cir. 2007) ("[W]e view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences and resolving all ambiguities in its favor, and 'when cross-motions for summary judgment are filed, against the party whose motion is under consideration.'").

For the reasons discussed in Point I and below, Fulton has failed to demonstrate that Travelers received proper notice of any Asbestos Claim not already identified on Travelers May 2013 List of Tendered Claims.  At no point after the December 9, 2011 Decision (and prior to the April 2015 correspondence over three years later) did Fulton provide any information to Travelers that was responsive to Judge Hurd's "ground rules."  Specifically, Fulton has not met its burden of establishing that, with respect to any of the Untendered Claims, Travelers "received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences." (December 9, 2011 Decision, at 24).

A.  Travelers Has No Duty To Contribute, In Whole Or In Part, To The Defense Or Indemnification Of Fulton For Any Untendered Claim

Travelers respectfully submits that it is entitled to the dismissal of all claims asserted against it which seek payment, in whole or in part, from Travelers for any defense or

indemnity costs incurred or to be incurred by or on behalf of Fulton for any Untendered Claim, *i.e.*, any Asbestos Claim that is not identified on Travelers May 2013 List of Tendered Claims.

As recognized by the Court in the Fulton Federal Court Action, "[c]ompliance with an insurance policy's notice provisions 'is a condition precedent to the insurer's liability under the policy.'" (December 9, 2011 Decision, at 21) (quoting *Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.*, 368 F.3d 209, 214 (2d Cir. 2004)). Thus, "[i]f an insured fails to comply with notice provisions without a valid excuse, "the insurer is relieved of its duty not only to indemnify, but also to defend the insured." (Id. at 21) (quoting *New York v. Blank*, 27 F.3d 783, 793 (2d Cir. 1994)). Similarly, "a successive insurer seeking to benefit from the presence of another insurer 'must ensure that the notice provisions of the insured['s] policy with the second insurer are complied with." (Id. at 794) (citing *Cont'l Cas. Co. v. Emp'rs Ins. Co. of Wausau*, 85 A.D.3d 403, 407 (N.Y. App. Div. 1st Dep't 2011)) ("Where an insured gives only one of two insurers timely notice of a claim, the insurer that received notice may obtain reimbursement from the other insurer only if it gives the other insurer notice of the claim that is reasonable under the circumstances.") (citations omitted).

In its moving brief, Fulton contends that it "continues to review documents received during discovery in this litigation for additional evidence that Travelers received proper notice." (Fulton Brief at 7, fn. 4). Travelers respectfully submits that, if nearly ten years after the Fulton Federal Court Action was filed, Fulton still cannot determine, let alone meet its burden to prove, when or even if Fulton ever provided proper notice of certain Asbestos Claims to Travelers, then such evidence simply does not exist. Moreover, for reasons that remain unclear to Travelers, and after countless requests by Travelers throughout the Fulton Federal Court Action and during the current action, neither Fulton nor OneBeacon has yet to provide a

- 23 -

list to Travelers that identifies (1) each of the Untendered Claims for which it seeks

reimbursement or contribution of defense or indemnity costs and (2) when each Untendered

Claim purportedly was first tendered to Travelers.  Accordingly, Travelers has no obligation to

defend, indemnify or contribute to any past, present or future defense or indemnity costs for the

*Strader*, *Thompson* or *Wilsnack* claims or for any other Untendered Claim.

B. Travelers Has No Duty To Disclaim Coverage For Any Untendered Claims

Fulton also argues that Travelers is now precluded from disclaiming coverage for

any of the Asbestos Claims listed on the September 2008 List or Exhibit A to the Simmons

Affidavit; however, Fulton bases its argument on the flawed assumption that Travelers received

timely notice of the claims listed in the September 2008 list and/or Exhibit A to the Simmons

Affidavit.  In view of the fact that, for the reasons discussed above, neither the September 2008

list nor Exhibit A to the Simmons Affidavit satisfies the requirements of proper notice to

Travelers, as defined by the Court's December 9, 2011 Decision, Travelers had no obligation to

provide a written disclaimer for claims that were never actually tendered to Travelers.

New York courts have made clear that "[b]ecause an insured has a contractual

obligation under the policy to provide timely notice of a claim, the insurer does not become

obligated to disclaim coverage until the insured provides notice." *Webster*, 368 F.3d at 214;

December 9, 2011 Decision, Dkt. No. 238 at 24 ("An insurer's duty to provide a written

disclaimer of coverage within a 'reasonable time' pursuant to section 3420(d) is triggered after

the insured provides notice of the bodily injury claim."); *see also Roofing Consultants, Inc. v.

Scottsdale Ins. Co.*, 709 N.Y.S.2d 782, 783 (4th Dep't 2000) ("Contrary to plaintiffs' contention,

defendant was not obligated to disclaim coverage until [the policyholder] provided notice of the

accident or claim, and the disclaimer in its answer constitutes timely notice of disclaimer.")

(internal citation omitted); *Dryden Mut. Ins. Co. v. Brockman*, 259 A.D.2d 947, 687 N.Y.S.2d 504 (App. Div. 4th Dep't 1999) ("There is no evidence that [the insured] provided notice of the occurrence to [the insurer], thereby triggering an obligation by [the insurer] to disclaim specifically based upon [the insured's] failure to provide timely notice.").

Here, even if the Court determines that by enclosing the September 2008 list with its April 8, 2015 letter, Fulton attempted to tender the Asbestos Claims included in the September 2008 list to Travelers on April 8, 2015, there can be no dispute that Travelers timely disclaimed coverage by letter dated April 20, 2015.  (See Exh. 3 to Osias Cert.).  Accordingly, Travelers respectfully submits that this Court should determine that neither the September 2008 correspondence nor Exhibit A to the Simmons Affidavit constitutes proper notice of any Asbestos Claims referenced therein.  Moreover, Travelers has followed Judge Hurd's December 9, 2011 Decision to the letter – even though Travelers received nothing in the way of information from Fulton after the December 9, 2011 Decision, Travelers still identified all Asbestos Claims for which it received proper notice so that there was no doubt as of May 2013.  As a result, partial summary judgment should be granted in favor of Travelers with regard to the *Strader*, *Thompson* and *Wilsnack* claims and any other Untendered Claim for which the parties seek contribution or reimbursement of defense or indemnity costs from Travelers.

- 25 -

<u>CONCLUSION</u>

For the foregoing reasons, Travelers respectfully requests that the Court (1) deny Fulton's motion for partial summary judgment regarding Travelers notice defense, (2) grant partial summary judgment in favor of Travelers and (3) dismiss all claims asserted against Travelers in this action which seek payment, in whole or in part, from Travelers for any defense or indemnity costs incurred or to be incurred by or on behalf of Fulton for any Asbestos Claim that is not identified within Travelers May 2013 List of Tendered Claims.

By:    s/Robert W. Mauriello, Jr.
         Stephen V. Gimigliano (No. 516595)
         Robert W. Mauriello, Jr. (No. 516594)
         GRAHAM CURTIN, P.A.
         4 Headquarters Plaza
         P.O. Box 1991
         Morristown, New Jersey 07962-1991
         (973) 292-1700

         3 Park Avenue, 22nd Fl.
         New York, New York 10016
         (212) 847-3667

         Attorneys for Defendant
         Travelers Casualty and Surety Company
         (f/k/a The Aetna Casualty and Surety
         Company)

Dated: October 9, 2015

2337097.3