UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONEBEACON AMERICA INSURANCE COMPANY, | Case No. 5:13-cv-01525-MAD-TWD |
| Plaintiff, | |
| v. | |
| FULTON BOILER WORKS, INC., *et al*., | |
| Defendants. | |

---

### BRIEF OF DEFENDANT TRAVELERS
### (1) IN OPPOSITION TO FULTON BOILER WORKS, INC.'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
### THE DUTY TO DEFEND AND
### (2) IN SUPPORT OF TRAVELERS CROSS-MOTION FOR
### PARTIAL SUMMARY JUDGMENT REGARDING THE PAYMENT OF
### KEMPER'S ALLOCATED SHARES OF DEFENSE AND INDEMNITY COSTS

---

Stephen V. Gimigliano (No. 516595)
Robert W. Mauriello, Jr. (No. 516594)
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P. O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
3 Park Avenue, 22nd Floor
New York, New York 10016
(212) 847-3667

<u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .......................................................................................... 1

COUNTERSTATEMENT OF FACTS ............................................................................... 2

     I.      The Asbestos Claims ......................................................................... 3

     II.    The Fulton Federal Court Action ...................................................... 4

           A.     The March 25, 2010 Decision .................................... 5

           B.     The December 9, 2011 Decision................................. 5

     III.   Liquidation of AMICO and AMM ..................................................... 7

     IV.   The 2013 Fulton State Court Action .................................................. 8

     V.    The OneBeacon Action........................................................................ 8

ARGUMENT ....................................................................................................................... 9

     I.      TRAVELERS HAS NO OBLIGATION TO PAY, IN WHOLE OR IN
            PART, FOR ANY DEFENSE OR INDEMNITY COSTS ALLOCATED
            TO KEMPER'S POLICY YEARS ................................................... 9

           A.     The Fulton Federal Court Already Determined That Defense And
                 Indemnity Costs For The Asbestos Claims Must Be Allocated On
                 A Pro Rata, Time-On-The-Risk Basis......................................... 9

           B.     Fulton Has Responsibility For All Shares Allocated to Kemper's
                 Policy Years ......................................................................... 12

     II.    TRAVELERS IS ENTITLED TO THE DISMISSAL OF ALL CLAIMS
            AGAINST IT WHICH SEEK CONTRIBUTION FOR OR REIMBURSEMENT
            OF DEFENSE OR INDEMNITY COSTS ALLOCATED TO KEMPER'S
            POLICY YEARS............................................................................ 17

CONCLUSION ................................................................................................................... 20

2346964.3

TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                    <u>Page</u>

*In re Ancillary Receivership of American Manufacturers Mut. Ins. Co.,*
No. 400533/2013 (N.Y. Sup. Ct. June 19, 2013) ....................................................16

*In re Ancillary Receivership of American Motorists Ins. Co.,*
No. 400532/2013 (N.Y. Sup. Ct. June 19, 2013) ....................................................16

*Atl. Mut. Ins. Co. v. Atl. Nat'l Ins. Co.,*
38 A.D.2d 517 (1st Dep't 1971),
*aff'd,* 33 N.Y.2d 817 (N.Y. 1973) .........................................................................11

*Avondale Indus., Inc. v. Travelers Indem. Co.,*
774 F. Supp. 1416 (S.D.N.Y. 1991) ...................................................................... 10

*Breed v. Insurance Co. of North America,*
46 N.Y.2d 351 (1978)............................................................................................14

*Cascio v. Nettles,*
No. 09-CV-1128 (GTS/DRH),
2011 U.S. Dist. LEXIS 97200, 2011 WL 3847337 (N.D.N.Y. August 30, 2011) ...................18

*Consolidated Edison Co. v. Allstate Insurance Co.,*
98 N.Y.2d 208 (2002)............................................................................................10

*Cont'l Cas. Co. v. Emplrs Ins. Co. of Wausau,*
22 Misc. 3d 729 (N.Y. Sup. Ct. Oct. 14, 2008) ...........................................12-14, 19

*Fed. Ins. Co. v. Atl. Nat'l Ins. Co.,*
25 N.Y.2d 71 (N.Y. 1969)......................................................................................10

*Gallo v. Prudential Residential Servs., Ltd. Partnership,*
22 F.3d 1219 (2d Cir. 1994) ..................................................................................18

*Greater N.Y. Mut. Ins. Co. v. Royal Ins. Co.,*
238 A.D.2d 261(1st Dep't 1997) ...........................................................................11

*Knight v. U.S. Fire Ins. Co.,*
 804 F.2d 9 (2d Cir. 1986) ......................................................................................18

*LaFond v. Gen. Physics Servs. Corp.,*
50 F. 3d 165 (2d Cir. 1995)....................................................................................18

*Martin v. Cohoes*,
37 N.Y.2d 162 (1975)...................................................................................................18

*Mighty Midgets, Inc. v. Centennial Ins. Co.*,
47 N.Y.2d 12 (1979)...................................................................................................17

*Mt. McKinley Ins. Co. v. Corning Inc.*,
No. 602454/2002, 2012 N.Y. Misc. LEXIS 6531,
2012 N.Y. Slip Op. 33555(U) (N.Y. Sup. Ct. Sept. 7, 2012) ...............................11, 13, 14, 19

*NL Indus., Inc. v. Commercial Union Ins. Co.*,
926 F. Supp. 446 (D.N.J. 1996)...................................................................................11

*Nat'l Grange Mut. Ins. Co. v. Cont'l Cas. Ins. Co.*,
650 F. Supp. 1404 (S.D.N.Y. 1986) .......................................................................10, 19

*Noment Mgt. Corp. v. Virgina Surety Co., Inc.*,
No. 600612/2008, 2012 N.Y. Misc. LEXIS 6656,
2012 N.Y. Slip. Op. 33697(U) (N.Y. Sup. Ct. Apr. 2, 2012)...................................13

*Pac. Emplrs. Ins. Co. v. Troy Belting & Supply Co.*,
No. 11-CV-912,  2015 U.S. Dist. LEXIS 130681 (N.D.N.Y. Sept. 29, 2015)..........................11

*Roman Catholic Diocese of Brooklyn v. National Union Fire Ins. Co. of Pittsburgh*,
21 N.Y.3d 139 (2013) .................................................................................................10

*Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*,
73 F.3d 1178 (2d Cir. 1995),
*as modified by*, 85 F.3d 49 (2d Cir. 1996).......................................................6, 10,13

*Town of Southold v. Town of E. Hampton*,
477 F.3d 38 (2d Cir. 2007) .........................................................................................18

*Travelers Ins. Co. v. State Ins. Fund*,
588 N.Y.S.2d 973, 155 Misc. 2d 542 (N.Y. Ct. Cl. 1992) .......................................11

*Travelers Ins. Co. v. Commissioners of the State Ins. Fund*,
227 A.D.2d 208 (1st Dep't),
*appeal denied*, 89 N.Y.2d 803 (N.Y. 1996) .............................................................11

*U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*,
3 N.Y.3d 592 (2004).....................................................................................................17

Statutes & Rules

N.Y. Ins. Law § 7432 ...................................................................................................16

2346964.3

*Fed. R. Civ. P.* 56 ..................................................................................................................18

2346964.3

<u>PRELIMINARY STATEMENT</u>

Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) ("Travelers") respectfully submits this brief (1) in opposition to defendant Fulton Boiler Works, Inc. ("Fulton") motion for partial summary judgment regarding the duty to defend and (2) in support of Travelers cross-motion for partial summary judgment, determining that Travelers has no obligation to contribute, in whole or in part, to the defense and indemnity costs allocated to the policy periods of American Motorists Insurance Company and American Manufacturers Mutual Insurance Company (collectively, "Kemper").

On March 25, 2010 and December 9, 2011, the court in the Fulton Federal Court Action (as defined below) issued decisions which provided the framework for Fulton and its primary insurers, including Travelers, to resolve disputes regarding the parties' respective obligations to contribute to defense and indemnity costs for past, pending and future asbestos bodily injury claims (the "Asbestos Claims") asserted against Fulton.  These decisions made clear that, in accordance with New York law, Travelers obligation to contribute to the payment of defense and indemnity costs for properly noticed Asbestos Claims is limited to Travelers pro rata share of defense and indemnity costs based on the four years of acknowledged coverage, 1976 to 1980.  At that time, Kemper and Fulton's other insurers were ordered by this Court to pay their respective allocated pro rata share of defense and indemnity costs as well.

In May 2013, less than two years after the Fulton Federal Court Action concluded, one of Fulton's primary insurers, Kemper, was declared to be insolvent and placed in liquidation.  Courts applying New York law have held that when a policyholder's insurer has been declared insolvent, the policyholder – not the policyholder's other solvent insurers – has the obligation to pay for the pro rata share of defense and indemnity costs allocated to the insolvent

insurer's policy years.  However, Fulton now requests that this Court disregard the Fulton

Federal Court's prior decisions and prevailing New York law and, instead, order Travelers (and

Fulton's other solvent primary level insurers) to step into Kemper's shoes and pick up all defense

costs allocated to Kemper's policy years.  Moreover, as a purely factual matter, Fulton's motion

completely ignores the fact that Fulton has already sought to have the New York Liquidation

Bureau pay the defense costs allocated to Kemper's policy years and there may be no reason for

any party to this action, including Travelers or Fulton, to have to pay for the defense costs

allocated to Kemper's policy years.  In this regard, Fulton's motion for partial summary

judgment fails both as a matter of fact and law and should be denied by this Court.

Although Fulton's motion does not address Kemper's share of indemnity

payments, there is no doubt that the December 9, 2011 decision addresses Fulton's responsibility

for those costs and any other periods of no insurance when allocated on a pro rata basis.  As a

result, under New York allocation law and principles of res judicata, there is no reason for this

Court to delay entering a declaration that Fulton is responsible for Kemper's allocated share of

indemnity payments.  Accordingly, Travelers respectfully requests that its cross-motion for

partial summary judgment be granted, determining that Travelers has no obligation to contribute,

in whole or in part, to the payment of any defense or indemnity costs allocated to Kemper's

policy years.

COUNTERSTATEMENT OF FACTS

This insurance coverage action arises, in part, from two orders entered by the

United States District Court for Northern District of New York in a prior declaratory judgment

action between Fulton and its primary insurers – Kemper, OneBeacon America Insurance

Company ("OneBeacon"), Employers Insurance Company of Wausau and Nationwide Mutual

- 2 -

Insurance Company ("Wausau") and Travelers (collectively, the "Primary Insurers") – entitled *Fulton Boiler Works, Inc. v. American Motorists Ins. Co.*, Civil No. 5:06-cv-1117 (DNH) (DEP) (the "Fulton Federal Court Action").  (OneBeacon Complaint, Exh. A to Affirmation of Robert W. Mauriello, Jr. ("Mauriello Affirm."), at ¶1, 43-53).  Specifically, the Court in the Fulton Federal Court Action issued decisions and orders on March 25, 2010 and December 9, 2011 which provided the "ground rules" for the parties to resolve disputes regarding the parties' respective obligations to contribute to defense and indemnity costs for past, pending and future asbestos bodily injury claims asserted against Fulton.  (Decision and Order in Fulton Federal Court Action, dated March 25, 2010 ("March 25, 2010 Decision"), Exh. B to Mauriello Affirm.); (Memorandum-Decision and Order in Fulton Federal Court Action, dated December 9, 2011 ("December 9, 2011 Decision"), Exh. C to Mauriello Affirm.).

I.   The Asbestos Claims

As found by this Court in the Fulton Federal Court Action, in the early 1990s, Fulton, a manufacturer and seller of boilers, apparently began to be named as a defendant "in thousands of civil lawsuits alleging exposure to asbestos from its boilers" (the "Asbestos Claims").  (December 9, 2011 Decision, at 5).  Fulton initially tendered the Asbestos Claims to OneBeacon (which issued a primary liability policy to Fulton from October 1, 1980 through October 1, 1983) and to Kemper (which issued successive primary liability policies to Fulton from October 1984 through September 1993).  (Id. at 5-6).  In response, from 1992 to 2005, OneBeacon and Kemper agreed to defend Fulton and "shared the costs of [Fulton's] defense of the Asbestos Claims."  (March 25, 2010 Decision, at 7).

In January 2004, Travelers confirmed the existence of a primary-level liability policy issued to Fulton from October 1, 1979 to October 1, 1980 (the "1979-80 Travelers

Policy") and agreed to participate in the defense of the Asbestos Claims under the 1979-80

Travelers Policy.  (March 25, 2010 Decision, at 7).[1]  In addition, Wausau allegedly issued a

primary-level liability policy to Fulton from October 1, 1983 to October 1, 1984.  (December 9,

2011 Decision, at 6).

II.  <u>The Fulton Federal Court Action</u>

On April 25, 2006, Fulton filed a declaratory judgment action against Kemper and

OneBeacon in the New York State Supreme Court, Oswego County.  (OneBeacon Complaint,

Exh. A to Mauriello Affirm., at ¶43).  OneBeacon removed the action to this Court on September

18, 2006.  (Id.).  Kemper and OneBeacon then filed Third Party Complaints on November 9,

2006 and July 23, 2007, respectively, against Travelers and Wausau.  (Id. at ¶ 44-45).

On December 19, 2008, Fulton filed an Amended Complaint against Travelers,

OneBeacon, Kemper and Wausau, seeking a declaration that the Primary Insurers were obligated

to fully defend and indemnify Fulton in connection with the Asbestos Claims and alleging claims

for breach of contract against the Primary Insurers and equitable estoppel and/or waiver against

Kemper and OneBeacon.  (See id. at ¶46); (see also March 25, 2010 Decision, at 4-5).  In

response, the Primary Insurers asserted counterclaims for declaratory judgment against Fulton,

seeking determinations that Fulton was obligated to pay its pro rata share of defense and

indemnity costs incurred as a result of the Asbestos Claims, and various cross-claims against

each other.  (See December 9, 2011 Decision, at 3); (see also March 25, 2010 Decision, at 6-7).

---

[1] This Court ultimately found in the Fulton Federal Court Action that Travelers had issued
policies to Fulton from 1976-80 based upon secondary evidence, despite the fact that neither
Fulton nor Travelers had been able to locate copies of those other insurance policies.  (December
9, 2011 Decision, at 5).

A.  <u>The March 25, 2010 Decision</u>

On April 30, 2009, Fulton filed a motion for partial summary judgment seeking a declaration that the Primary Insurers have an obligation to fully defend Fulton for the Asbestos Claims.  (See March 25, 2010 Decision, at 8-9).  In response, on June 8, 2009, Travelers opposed Fulton's motion and cross-moved for partial summary judgment against Fulton on the grounds that Fulton must pay its pro rata share of defense costs for the Asbestos Claims.[2]  (Id. at 9).

On March 25, 2010, the Honorable Glenn T. Suddaby, U.S.D.J. issued a decision and order (the "March 25, 2010 Decision"), determining that (1) the Primary Insurers are obligated "to pay all of [Fulton's] outstanding defense costs in the underlying lawsuits"; (2) "with regard to future defense costs in the underlying lawsuits . . . '[s]o long as the allegations in a case could conceivably result in liability covered by a policy at issue, [the Primary Insurers] must defend'"; and (3) "with regard to allocation of expenses among [the Primary Insurers], pro rata allocation is the applicable standard." (Id. at 17).

B.  <u>The December 9, 2011 Decision</u>

On June 29, 2010, Travelers filed a motion for partial summary judgment seeking a declaration that Fulton is obligated to pay its pro rata share of past and future indemnity costs for the Asbestos Claims.  (See December 9, 2011 Decision, at 4).  OneBeacon also moved for partial summary judgment against Travelers, seeking an order that Travelers must contribute its pro rata share of defense and indemnity for <u>all</u> Asbestos Claims against Fulton and reimburse OneBeacon for OneBeacon's alleged overpayment of defense and indemnity payment since 2001.  (Id. at 4).  On July 29, 2010, in response to OneBeacon's motion, Travelers cross-moved for partial summary judgment against OneBeacon on the grounds that Travelers was not

_____

[2] OneBeacon and Wausau also filed cross-motions for summary judgment.  (Id.).

obligated to contribute to defense or indemnity payments for Asbestos Claims that have not been tendered to Travelers.  (Id. at 5).

On December 9, 2011, the Honorable David N. Hurd, U.S.D.J. issued a Memorandum-Decision and Order (the "December 9, 2011 Decision") determining, in part, that "Travelers must contribute its pro rata share of defense and indemnity costs based on the four years of acknowledged coverage, 1976-1980, for claims of which it received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences."  (Id. at 24).  Thus, "Travelers must contribute a pro rata share of defense and indemnity costs related <u>only</u> to claims for which it received proper notice" as defined in the Court's December 9, 2011 Decision.  (Id. at 27) (emphasis in original).  As explained by Judge Hurd, "[t]his will require a case-by-case analysis of the underlying claims and documents provided to Travelers."  (Id.).  Accordingly, the Court denied "the other insurers' motion for an order declaring that Travelers must contribute to <u>all</u> defense and indemnity payments made after October 10, 2011." (Id. at 24) (emphasis added).

The Court also stated that "the Second Circuit has explicitly endorsed a 'proration-to-the-insured approach' by which a pro rata share of liability is assigned to the insured for any uninsured or insufficiently insured portion of time during a particular claimant's injury."  (Id. at 11-12) (citing *Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F.3d 1178, 1202-03 (2d Cir. 1995)).  Accordingly, the Court concluded that "the liability for a particular claim should be prorated according to the time each defendant provided coverage during the overall time period the injury-in-fact was occurring" and that "Fulton must be assigned a pro rata share of indemnity costs for any uninsured or insufficiently insured portion of a particular claimant's injury."  (Id. at 12).

- 6 -

The Court made clear that: "These two orders resolve all declaratory matters raised by the parties and provide the 'ground rules' by which the parties are now bound as they resolve past, pending, and future Asbestos Claims."  (Id. at 26-27).  Thereafter, on December 9, 2011, the Clerk of the Court entered judgment (the "December 9, 2011 Judgment") and closed the Fulton Action.  (See Judgment in a Civil Case, Exh. D to Mauriello Affirm.).

III.  Liquidation of AMICO and AMM

On May 8, 2013, the Circuit Court of Cook County, Illinois entered Orders of Liquidation with Findings of Insolvency which, effective May 10, 2013, placed American Motorists Insurance Company ("AMICO"), American Manufacturers Mutual Insurance Company ("AMM") and Lumbermens Mutual Casualty Company ("Lumbermens") in liquidation.  (Orders of Liquidation with Findings of Insolvency, dated May 8, 2013, Exhs. E-F to Mauriello Affirm.).  On December 31, 2014, AMICO and AMM merged into Lumbermens. (Certificates of Merger and Merger Agreements, Exh. G. to Mauriello Affirm.).

On June 19, 2013, the Superintendent of Financial Services of the State of New York was appointed as ancillary receiver (the "Ancillary Receiver") of AMM and AMICO. (Notices, dated October 23, 2013, Exh. H-I to Mauriello Affirm.).  Thereafter, on October 22, 2013, the Supreme Court of New York, New York County entered orders establishing November 10, 2014 as the deadline to file proof of claims, including contingent claims, and November 10, 2015 as the deadline to file supporting documents for contingent claims with the Director of Insurance of the State of Illinois.  (Orders, dated October 22, 2013, Exhs. J-K to Mauriello Affirm.).  The court also ordered the Ancillary Receiver to provide notice of the claim filing deadlines to all creditors, claimants and interested persons located in the State of New York. (Id.).  It is Travelers understanding that Fulton has applied to the New York Liquidation Bureau

- 7 -

for payment of Kemper's share of allocated defense and indemnity costs for the underlying

Asbestos Claims.  (Certification of Stephen Lightfoot ("Lightfoot Cert."), at ¶5).[3]  It is Travelers

further understanding that the New York Liquidation Bureau is processing, and has not rejected,

Fulton's application for the payment of Kemper's share.  (Id. at ¶6).

IV.    The 2013 Fulton State Court Action

              On November 18, 2013, Fulton filed an action against Travelers in the Supreme

Court of New York, Oswego County (the "2013 Fulton State Court Action") alleging that

Travelers is in contempt of the March 25, 2010 Decision and seeking a declaration that Travelers

violated the March 25, 2010 Decision.  (Fulton Complaint, Exh. L to Mauriello Affirm., at ¶¶ 54-

64).  On January 30, 2014, Travelers moved to dismiss and/or sever the claims asserted by

Fulton[4] against Travelers and/or stay the 2013 Fulton State Court Action in its entirety in favor

of the current OneBeacon Action (as defined below).  On March 19, 2014, with the consent of

Fulton, the Court dismissed the Fulton State Court Action pending resolution of the OneBeacon

Action.  (Order, dated March 20, 2014, Exh. M to Mauriello Affirm.).

V.  The OneBeacon Action

              On December 11, 2013, OneBeacon filed the current declaratory judgment action

against Fulton, Travelers and Wausau (the "OneBeacon Action").  (See OneBeacon Complaint,

---

[3] Under a full reservation of rights, and since the time that Kemper stopped paying due to its insolvency, Travelers has been paying a percentage share of Kemper's allocated defense costs (but not Kemper's allocated share of indemnity costs).  (Lightfoot Cert., ¶7).  Travelers expects that it would be reimbursed for amounts that it has now overpaid when Fulton's application with the New York Liquidation Bureau is approved.  And, Travelers has reserved its right to recoup the percentage share of Kemper's allocated defense costs even if the New York Liquidation Bureau does not approve the application.

[4] Although not relevant for purposes of this motion, Fulton also asserted claims against Fulton's broker, Brown & Brown of New York, Inc., f/k/a The Young Agency, which is now a third-party defendant in the OneBeacon Action.

Exh. A to Mauriello Affirm.).  In its Complaint, OneBeacon asserts claims for contribution of

defense and indemnity costs against Fulton and claims for equitable contribution as to Fulton and

Travelers.  (Id. at ¶¶ 73-76).  More specifically, OneBeacon seeks a determination that Fulton

must contribute its pro rata share of defense and indemnity costs for those periods in which

Fulton was uninsured due to the insolvency of Kemper.  (Id.).  OneBeacon also alleges that it is

entitled to reimbursement from Travelers "for amounts paid toward the defense and/or indemnity

of Fulton in certain Underlying Lawsuits that are attributable to Travelers, but for which

Travelers has refused to contribute due to Fulton's alleged failure to provide timely notice of the

claim or suit, regardless of whether Travelers has adequately disclaimed on the ground of late

notice." (Id. at ¶ 83).

<u>ARGUMENT</u>

I.      <u>TRAVELERS HAS NO OBLIGATION TO PAY, IN WHOLE OR IN PART, FOR ANY
        DEFENSE OR INDEMNITY COSTS ALLOCATED TO KEMPER'S POLICY YEARS</u>

     A.  The Fulton Federal Court Already Determined That Defense And Indemnity Costs
        For The Asbestos Claims Must Be Allocated On A Pro Rata, Time-On-The-Risk
        Basis

           As a preliminary matter, consistent with the Court's prior decisions in the Fulton

Federal Court Action and New York law, any allocation of defense and indemnity costs among

the parties must be made in accordance with the pro rata, time-on-the risk methodology.  (See

March 25, 2010 Decision, at 17) (holding that "with regard to allocation of expenses among

Defendants, pro rata allocation is the applicable standard"); (December 9, 2011 Decision, at 12)

("[T]he liability for a particular claim should be prorated according to the time each defendant

provided coverage during the overall time period the injury-in-fact was occurring.").

           The United States Court of Appeals for the Second Circuit has explained that

under the pro rata, time-on-the-risk approach, "each triggered policy [is] responsible for only a

pro rata share [of the underlying liability].  The share [is] determined by multiplying the

judgment or settlement by a fraction that has as its denominator the entire number of years of the

claimant's injury, and as its numerator the number of years within that period when the policy

was in effect."  *Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F.3d 1178, 1202 (2d Cir.

1995), *as modified by,* 85 F.3d 49 (2d Cir. 1996).  The New York Court of Appeals has made

equally clear that "joint and several allocation is not consistent with the language of the policies

providing for indemnification of 'all sums' of liability that resulted from an accident or

occurrence *during the policy period*."  *Consolidated Edison Co. v. Allstate Insurance Co.,* 98

N.Y.2d 208, 224 (2002).   The Court of Appeals made clear that only pro rata allocation "is

consistent with the language of the policies" because "the policies provide indemnification for

liability incurred as a result of an accident or occurrence during the policy period, not outside

that period."  *Id.*; *Roman Catholic Diocese of Brooklyn v. National Union Fire Ins. Co. of

Pittsburgh,* 21 N.Y.3d 139 (2013) (citing *Con Ed*).

      As recognized by this Court in the Fulton Federal Court Action and numerous

other state and federal courts applying New York law, the pro rata, time-on-the-risk

methodology applies to the allocation of both indemnity and defense costs.  *See Avondale Indus.,

Inc. v. Travelers Indem. Co.,* 774 F. Supp. 1416, 1436-37 (S.D.N.Y. 1991) (applying New York

law and a pro rata allocation methodology to defense costs, in part because "apportionment of

defense costs [should] follow the method for apportionment of indemnification costs"); *Nat'l

Grange Mut. Ins. Co. v. Cont'l Cas. Ins. Co.*, 650 F. Supp. 1404, 1413 (S.D.N.Y. 1986) (holding

that "each insurer is obligated to contribute, pro rata, in proportion to their respective

undertaking toward legal fees and other expenses of litigation"); *Fed. Ins. Co. v. Atl. Nat'l Ins.

Co.*, 25 N.Y.2d 71, 78-79 (N.Y. 1969) ("As both policies assumed the same risk, both were

obligated to defend . . . and both must contribute, pro rata, toward payment of the cost of the settlement and legal fees and other expenses of the litigation."); *Atl. Mut. Ins. Co. v. Atl. Nat'l Ins. Co.*, 38 A.D.2d 517, 518 (1st Dep't 1971) (same), *aff'd*, 33 N.Y.2d 817 (N.Y. 1973); *Mt. McKinley Ins. Co. v. Corning Inc.*, No. 602454/2002, 2012 N.Y. Misc. LEXIS 6531, 2012 N.Y. Slip Op. 33555(U) (N.Y. Sup. Ct. Sept. 7, 2012) (Bransten, J.) (allocating indemnity and defense costs on a pro rata, time-on-the-risk basis among policyholder's insurers for underlying asbestos bodily injury claims); *Travelers Ins. Co. v. State Ins. Fund*, 588 N.Y.S.2d 973, 973, 155 Misc. 2d 542, 544 (N.Y. Ct. Cl. 1992) ("The law is clear, and the parties do not dispute, that where, as here, there are two insurers who have both covered the same insured with respect to the same risk 'both must contribute, pro rata, toward the payment of the cost of the settlement and legal fees and other expenses of the litigation."), *subsequent appeal sub nom. at Travelers Ins. Co. v. Commissioners of the State Ins. Fund*, 227 A.D.2d 208 (1st Dep't), *appeal denied*, 89 N.Y.2d 803 (N.Y. 1996); *NL Indus., Inc. v. Commercial Union Ins. Co.,* 926 F. Supp. 446 (D.N.J. 1996) (applying New York law); *cf. Greater N.Y. Mut. Ins. Co. v. Royal Ins. Co.*, 238 A.D.2d 261 (1st Dep't 1997) (ordering defendant insurers to "contribute ratably with plaintiff [insurer]" to defense costs incurred with respect to their mutual insured in an underlying action involving the insured's liability for lead paint exposure claim); *see also Pac. Emplrs. Ins. Co. v. Troy Belting & Supply Co.*,  No. 11-CV-912,  2015 U.S. Dist. LEXIS 130681, at *22 (N.D.N.Y. Sept. 29, 2015) ("The Court agrees that pro-rata shares of time on the risk generally serve as the method for allocating responsibility for settlements in cases where several insurance policies cover an injury that took years to develop and manifest itself.").

   Here, the court in the Fulton Federal Court Action made clear that the obligation of Travelers to contribute to the defense and indemnity costs for properly noticed Asbestos

Claims is limited to its pro rata share "based on the four years of acknowledged coverage, 1976-1980."  (See December 9, 2011 Decision, at 24) ("Travelers must contribute its pro rata share of defense and indemnity costs based on the four years of acknowledged coverage, 1976-1980, for claims of which it received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences.").  Thus, Travelers respectfully submits that, to the extent that Fulton or any other party to this action seeks to impose upon Travelers a share of defense or indemnity costs for the Asbestos Claims that exceeds Travelers pro rata share for these costs, such request is contrary to the March 25, 2010 and December 9, 2011 Decisions and should be denied by this Court.

B.  Fulton Has Responsibility For All Shares Allocated to Kemper's Policy Years

Notwithstanding the Fulton Federal Court's directive that defense costs be allocated on a pro rata, time-on-the-risk basis, Fulton now improperly seeks to force Travelers (and Fulton's other solvent primary insurers) to step into the shoes of Fulton's insolvent insurer, Kemper, and pay for the defense costs allocated to Kemper's policy years.  This Court should reject Fulton's motion both as a matter of law and fact.

Under New York law, Fulton – not Travelers – has responsibility for the payment of any allocated share of defense or indemnity costs for the Asbestos Claims that trigger Kemper's policy years. *See Cont'l Cas. Co. v. Emplrs Ins. Co. of Wausau*, 22 Misc. 3d 729, 739 (N.Y. Sup. Ct. Oct. 14, 2008) (observing that solvent insurers "should not be forced to pick up coverage for periods where [the insured] chose to obtain an insurance policy with an insurance company that became defunct through no fault of [the solvent insurers]," and that, as a result, "where exposure includes periods for which [the insured] was covered by . . . the insolvent

insurer, or was uninsured, those periods have to be included in allocating and charged to [the insured]"); *Corning*, 2012 N.Y. Misc. LEXIS 6531 at *60 (rejecting allocation approach that would force a solvent insurer to pay for the portion of defense costs attributable to an insolvent primary level insurer); *Noment Mgt. Corp. v. Virgina Surety Co., Inc.*, No. 600612/2008, 2012 N.Y. Misc. LEXIS 6656, at *10, 2012 N.Y. Slip. Op. 33697(U) (N.Y. Sup. Ct. Apr. 2, 2012) (Sherwood, J.) (stating that "other insurers on the risk are not responsible for the pro rata share attributed to periods covered by insurers that are now insolvent, but rather such periods are attributed to the insured"); *see also Stonewall*, 73 F.3d at 1203 (concluding that "proration-to-the-insured is a sensible way to adjust the competing contentions of the parties in the context of continuous triggering of multiple policies over an extended span of years" and that "such proration is appropriate as to years in which [the policyholder] elected not to purchase insurance or purchased insufficient insurance, as demonstrated by the exhaustion of its policy limits.").

In *Continental*, the court issued findings of fact and conclusions of law in the second phase of a trial in a declaratory judgment action regarding insurance coverage for Robert A. Keasbey Company ("Keasbey") in connection with more than 10,000 underlying asbestos bodily claims asserted against Keasbey.  The court in *Continental* observed that although American Mutual Insurance Company ("American Mutual") issued policies to Keasbey from 1946 through 1968, American Mutual was later liquidated and, as a result, the parties disputed whether Keasbey or Keasbey's solvent insurers should be responsible for American Mutual's allocated shares.  The court held that Keasbey's solvent insurers "should not be forced to pick up coverage for periods where defendant Keasbey chose to obtain an insurance policy with an insurance company that became defunct through no fault of plaintiffs or defendant One Beacon,

- 13 -

and plaintiffs and defendant OneBeacon should not be forced to become a guarantor for the

insolvent insurance company." *Id.* at 739.  As explained by the court:

> They should only be responsible for their time on the risk, which is
> all that defendant Keasbey bargained and paid premiums for.  If
> the conclusion were otherwise, hypothetically an underlying
> plaintiff who was exposed to defendant Keasbey's asbestos at
> Indian Point from 1946 through 1990, would be afforded coverage
> for a period well beyond what was contracted for in the policies of
> defendant One Beacon and plaintiffs.

*Id.*; *see also Breed v. Insurance Co. of North America*, 46 N.Y.2d 351 (1978) ("This court may

not make or vary the contract of insurance to accomplish its notions of abstract justice or moral

obligation, since '[equitable] considerations will not allow an extension of the coverage beyond

its fair intent and meaning in order to do raw equity and to obviate objections which might have

been foreseen and guarded against.'").

In *Corning*, the insurers issued primary, excess and umbrella policies to the

policyholder, Corning, Inc. ("Corning"), from 1962 through 1985.  *Corning*, 2012 N.Y. Misc.

LEXIS 6531 at *15.  Although Century Indemnity Company ("Century"), Lumbermens and The

Home Insurance Company ("Home") each issued primary-level policies to Corning, Home later

was declared to be insolvent. [5]  The court in *Corning* allocated defense and indemnity costs

among the policyholder's insurers on a pro rata, time-on-the risk basis for underlying asbestos

bodily injury claims resulting from exposure to asbestos-containing products.  The court made

clear that Corning, not Corning's solvent insurers, is responsible for the payment of defense and

indemnity costs allocated to Home's policy years.  *Id.* at *60.

Thus, Fulton's suggestions that (1) New York law "forbids any allocation of

defense costs to Fulton as long as unexhausted, triggered primary liability coverage remains" or

---

[5] As discussed, the Circuit Court of Cook County, Illinois subsequently entered an order
declaring Lumbermens to be insolvent and placing it in liquidation.

that (2) "New York courts do not allocate any portion of defense costs to policyholders" is completely contrary to numerous decisions issued by New York state and federal courts. (Fulton Moving Br. at 6) (emphasis added).  Moreover, the cases relied upon by Fulton in its moving brief do not even involve insolvent insurers and certainly do not "forbid" allocation of defense costs to Fulton as a result of Kemper's insolvency.  (Id. at 5-6).  Here, the Court in the Fulton Federal Court Action already ordered that the defense and indemnity costs be allocated on a pro rata basis among the insurers and held that Fulton is responsible for a pro rata share of indemnity costs for uninsured periods.  Thus, Fulton cannot credibly claim that the parties or the Court would be unable to determine the pro rata share of defense and indemnity costs owed by Kemper and to be paid by Fulton.

Accordingly, to the extent Travelers received proper notice of an Asbestos Claim, as defined in the Court's December 9, 2011 Decision, Travelers share of defense and indemnity costs, if any, for that Asbestos Claim cannot exceed its pro rata, time-on-the-risk share of such costs.  Therefore, to the extent Fulton now seeks to impose a greater share of defense or indemnity costs on Travelers as a result of the insolvency of Kemper, Fulton's motion for partial summary judgment must be denied in its entirety.

Moreover, as a purely factual matter, requiring Fulton to pay for the defense and indemnity costs that are allocated to Kemper's policy years would not lead to an inequitable result because Fulton has sought payment from the liquidator for the estate of the Lumbermens Companies for the defense and indemnity costs for the Asbestos Claims.  The New York Supreme Court has already appointed the Superintendent of Financial Services of the State of New York as ancillary receiver (the "Ancillary Receiver") and, in conjunction with the Illinois court, entered orders authorizing any insured under an insurance policy issued by AMICO or

- 15 -

AMM (*i.e.*, Kemper) to file a proof of claim, including contingent claims, with the Director of

Insurance of the State of Illinois (the "Domiciliary Liquidator").  *In re Ancillary Receivership of*

*American Manufacturers Mut. Ins. Co.*, No. 400533/2013 (N.Y. Sup. Ct. June 19, 2013)

("Liquidation proceedings commenced in another state on behalf of an insurer domiciled in that

state, permits New York residents to file their claims either with the ancillary receiver or

domiciliary receiver."); *In re Ancillary Receivership of American Motorists Ins. Co.*, No.

400532/2013 (N.Y. Sup. Ct. June 19, 2013) (same); *see also N.Y. Ins. Law* § 7432(b) ("Where a

liquidation, rehabilitation or conservation order has been entered in a proceeding against an

insurer under this article, all persons who may have claims against such insurer shall present the

same to the liquidator . . . .").

The New York and Illinois courts also required the Domiciliary Liquidator and

Ancillary Receiver to provide notice to AMICO's and AMM's policyholders of the claim filing

deadlines and procedures.  (See August 1, 2013 Order, Exh. N to Mauriello Affirm.); (see also

June 19, 2013 Order, Exh. O to Mauriello Affirm.).  These notices make clear that:

> [A]ny insured under an insurance policy issued by AMICO [or
> AMM] has the right to present and file with the Domiciliary
> Liquidator a proof of claim setting forth a contingent claim on or
> before the Claim Filing Deadline. . . .  [A]ny insured's contingent
> claim for which a proof of claim was received by the Domiciliary
> Liquidator by the Claim Filing Deadline but which is not
> liquidated by the Contingent Claim Deadline may be estimated for
> purposes of participating in any distribution(s) of estate assets,
> unless otherwise directed by the Illinois Court.

(Exhs. H-I to Mauriello Affirm.).[6]  It is Travelers understanding that Fulton has already applied

to the New York Liquidation Bureau for Kemper's allocated share of both defense and indemnity

---

[6] Additionally, the August 1, 2013 Order entered by the Illinois court stated that "[t]he
Liquidator shall accept as a timely filed proof of claim documentation in the Lumbermens
Companies' books and records which, taken as a whole, comply with the requirements of Section

costs and that Fulton's application remains pending.  (Lightfoot Cert., at ¶¶ 5-6).  Thus, there is

no reason, either legal or factual, for this Court to now reallocate Kemper's allocated share to

Fulton's other insurers, including Travelers.  Accordingly, this Court should deny Fulton's

motion for partial summary judgment regarding the duty to defend because Travelers has no

obligation to contribute, in whole or in part, to the payment of defense or indemnity costs for the

Asbestos Claims that trigger Kemper's policy years.[7]

II.     TRAVELERS IS ENTITLED TO THE DISMISSAL OF ALL CLAIMS AGAINST IT
        WHICH SEEK CONTRIBUTION FOR OR REIMBURSEMENT OF DEFENSE OR
        INDEMNITY COSTS ALLOCATED TO KEMPER'S POLICY YEARS

        For the reasons discussed above, this Court should deny Fulton's motion for

partial summary judgment and instead grant partial summary judgment in favor of Travelers,

determining that Travelers has no obligation to contribute to the payment of or reimburse Fulton

or Fulton's other insurers, in whole or in part, for defense or indemnity costs allocated to

Kemper's policy years.

        It is well-settled law in the Second Circuit that a motion for summary judgment

should be granted if there is no genuine issue as to any material fact and the moving party is

---

209(1)(a), and the Liquidator shall advise claimants, who have not previously filed a proof of
claim with respect to such a claim, that their claim is timely filed based upon documentation in
the Lumbermens Companies' records and that they need not present a proof of claim form with
respect to that particular claim."  (Exh. N to Mauriello Affirm.).

[7] Fulton's motion for partial summary judgment also appears to seek an award of attorneys' fees
from OneBeacon, not Travelers, on the basis that OneBeacon filed this action and put Fulton
Boiler in a "defensive posture."  While Travelers takes no position regarding whether
OneBeacon could be held responsible for Fulton's attorneys' fees on this motion, clearly
Travelers cannot be.  *See Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979)
("It is the rule in New York that such a recovery may not be had in an affirmative action brought
by an assured to settle its rights, but only when he has been cast in a defensive posture by the
legal steps an insurer takes in an effort to free itself from its policy obligations.") (internal
citation omitted); *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597-98
(2004) ("It is well settled in New York that a prevailing party may not recover attorneys' fees
from the losing party except where authorized by statute, agreement or court rule.").

2346964.3

entitled to a judgment as a matter of law.  *LaFond v. Gen. Physics Servs. Corp.*, 50 F. 3d 165,

171 (2d Cir. 1995) (citing *Fed. R. Civ. P.* 56(c)).  The initial burden of establishing that no

genuine factual dispute exists rests on the moving party.  *Id.*  In reviewing the record, "the trial

court is required to resolve all ambiguities and draw all inferences in favor of the party against

whom summary judgment is sought."  *Id.*  (citing *Gallo v. Prudential Residential Servs., Ltd.

Partnership*, 22 F.3d 1219, 1223 (2d Cir. 1994)); *see also Knight v. U.S. Fire Ins. Co.*, 804 F.2d

9, 10 (2d Cir. 1986) ("Before rendering summary judgment, a court must also determine that any

unresolved issues are not material to the outcome of the litigation.").  This same standard of

review applies when a party cross-moves for summary judgment.  *Town of Southold v. Town of

E. Hampton*, 477 F.3d 38, 46 (2d Cir. 2007) ("[W]e view the evidence in the light most favorable

to the non-moving party, drawing all reasonable inferences and resolving all ambiguities in its

favor, and 'when cross-motions for summary judgment are filed, against the party whose motion

is under consideration.'").

Here, this Court already determined in the Fulton Federal Court Action that

Travelers obligation to contribute to defense and indemnity costs for the Asbestos Claims is

limited to Travelers pro rata share of such costs for properly noticed Asbestos Claims.  There is

no reason for this Court to revisit its prior decisions under res judicata principles.  *See, e.g.,

Cascio v. Nettles,* No. 09-CV-1128 (GTS) (DRH), 2011 U.S. Dist. LEXIS 97200, at *16-17,

2011 WL 3847337 2011 (N.D.N.Y. August 30, 2011) ("The doctrine of res judicata or claim

preclusion is based on the theory that a judgment reached on the merits bars subsequent actions

between the same parties or privies based on the same cause of action. . . .  Essentially, it

'precludes the parties or their privies from relitigating issues that were or could have been raised

in th[e prior] action.'") (citations omitted); *Martin v. Cohoes*, 37 N.Y.2d 162, 165 (1975) ("The

doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned.").

Moreover, New York state and federal courts have held that a policyholder's solvent insurers have no obligation to pay for defense or indemnity costs allocated to the policy years of an insolvent insurer. *Continental*, 22 Misc. 3d at 739; *Corning*, 2012 N.Y. Misc. LEXIS 6531 at *60; *Noment*, 2012 N.Y. Misc. LEXIS 6656, at *10. As a result, Travelers respectfully submits that Fulton's motion for partial summary judgment regarding the primary insurers' obligation to pay for the share of defense costs allocated to the insolvent Kemper's policy years fails as a matter of law and should be denied by the Court. Travelers also respectfully requests that partial summary judgment be entered in favor of Travelers, dismissing all claims against Travelers which seek contribution or reimbursement of any defense or indemnity costs allocated to Kemper's policy years.

<u>CONCLUSION</u>

For the foregoing reasons, Travelers respectfully requests that the Court deny

Fulton's motion for partial summary judgment regarding the duty to defend and grant Travelers

motion for partial summary judgment against Fulton, determining that Travelers has no

obligation to pay, in whole or in part, for defense costs for the Asbestos Claims which are

allocated to the policy years of American Manufacturers Mutual Insurance Company and/or

American Motorists Insurance Company.


By:   <u>s/Robert W. Mauriello, Jr.</u>
        Stephen V. Gimigliano (No. 516595)
        Robert W. Mauriello, Jr. (No. 516594)
        GRAHAM CURTIN, P.A.
        4 Headquarters Plaza
        P.O. Box 1991
        Morristown, New Jersey 07962-1991
        (973) 292-1700

        3 Park Avenue, 22nd Fl.
        New York, New York 10016
        (212) 847-3667

        Attorneys for Defendant
        Travelers Casualty and Surety Company
        (f/k/a The Aetna Casualty and Surety
        Company)

Dated: October 9, 2015

2346964.3