**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ONEBEACON AMERICAN
INSURANCE COMPANY,**

                           **Plaintiff,**

    **vs.**                                                5:13-cv-01525
                                                                 (MAD/TWD)

**FULTON BOILER WORKS, INC.,
EMPLOYERS INSURANCE COMPANY
OF WAUSAU, NATIONWIDE MUTUAL
INSURANCE COMPANY, and
TRAVELERS CASUALTY AND SURETY
COMPANY,**

                           **Defendants,**

**and**

**FULTON BOILER WORKS, INC.,**

                         **Third-Party Plaintiff,**

    **vs.**

**BROWN & BROWN OF NEW YORK, INC.,
f/k/a THE YOUNG AGENCY,**

                       **Third-Party Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**CARROLL MCNULTY & KULL, LLC**      **KRISTIN V. GALLAGHER, ESQ.**
120 Mountain View Boulevard            **JOANNA L. YOUNG, ESQ.**
Basking Ridge, New Jersey 07920
Attorneys for Plaintiff

**MCCARTER & ENGLISH, LLP**          **BRIAN J. OSIAS, ESQ.**
100 Mulberry Street                           **DAVID C. KANE, ESQ.**
4 Gateway Center
Newark, New Jersey 07102
Attorneys for Defendant/Third-Party Plaintiff

| | |
|---|---|
| **LAW OFFICES OF GIALLEONARDO & HARTFORD**<br>2150 Wehrle Drive<br>Suite 500B<br>Williamsville, New York 14221<br>Attorneys for Defendants Employers Insurance Company of Wausau and Nationwide Mutual Insurance Company | **JENNIFER V. SCHIFFMACHER, ESQ.** |
| **GRAHAM CURTIN**<br>4 Headquarters Plaza<br>Morristown, New Jersey 07962-1991<br>Attorneys for Defendant Travelers Casualty and Surety Company | **JENNIFER L. SCHOENBERG, ESQ.**<br>**ROBERT W. MAURIELLO, JR., ESQ.**<br>**STEPHEN V. GIMIGLIANO, ESQ.** |
| **SATTERLEE STEPHENS BURKE & BURKE LLP**<br>230 Park Avenue<br>Suite 1130<br>New York, New York 10169<br>Attorneys for Third-Party Defendant | **SARAH M. GILBERT, ESQ.**<br>**THOMAS J. CAHILL, ESQ.**<br>**JAMES F. RITTINGER, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On December 11, 2013, OneBeacon America Insurance Company ("OneBeacon") commenced this declaratory judgment action pursuant to 28 U.S.C.§ 2201. *See* Dkt. No. 1. In the complaint, Plaintiff has brought the following claims: (1) declaratory judgment action against Defendant Fulton Boiler Works, Inc. ("Fulton") declaring that, for the periods of time when Fulton was uninsured due to the insolvency of an insurer, Fulton is required to contribute to the litigation defense costs associated with underlying lawsuits; (2) declaratory judgment action against Fulton declaring that, for the periods of time when Fulton was uninsured – whether due to the insolvency of its insurer or its failure to satisfy a condition precedent to coverage, Fulton is

2

required to contribute a pro rata share of its indemnity costs incurred in connection with the underlying lawsuits, (3) a declaratory judgment action against Fulton declaring that OneBeacon is entitled to an award from Fulton in the amount equal to Fulton's allocable share of defense or indemnity costs, if it is determined that OneBeacon has paid or is required to pay in the future more than its equitable share of the costs; and (4) a declaratory judgment action against Defendant Travelers Casualty and Surety Company ("Travelers") that OneBeacon is entitled to an award from Travelers in the amount equal to Travelers' allocable share of defense or indemnity costs, if it is determined that OneBeacon has paid, or is required to pay in the future, more than its appropriate share. *See id.*

Defendants Employers Insurance Company of Wausau and Nationwide Mutual Insurance Company ("Wausau/Nationwide") filed their answer and asserted the following cross claims: (1) a declaratory judgment action against Fulton declaring that, for the period of time Fulton was uninsured due to the insolvency of its insurer, Fulton is required to contribute a pro rata share of the litigation defense costs associated with the underlying lawsuits; (2) a declaratory judgment action against Fulton declaring that, for the period of time Fulton was uninsured, Fulton is required to contribute a pro rata share of the indemnity costs associated with the underlying lawsuits; (3) a declaratory judgment action against Fulton that Wausau/Nationwide are entitled to an award from Fulton in the amount equal to Fulton's allocable share of defense or indemnity costs that have been paid by Wausau/Nationwide because of the insolvency of American Motorists Insurance Company and American Manufacturers Mutual Insurance Company (collectively "Kemper" or "AMICO"); (4) a declaratory judgment action against Travelers declaring that if Wausau/Nationwide have paid in excess of their share for the defense or indemnity costs as a result of Travelers' failure to contribute towards these costs, then

3

Wausau/Nationwide are entitled to an award from Travelers in the amount equal to Travelers' allocable share of defense or indemnity costs that have been paid by Wausau/Nationwide; and (5) a declaratory judgment action against Fulton and Travelers declaring that Fulton and Travelers are obligated to participate and contribute to the ongoing costs of defense and indemnity incurred as a result of the underlying lawsuits, including any and all future payments, in an amount to be determined. *See* Dkt. No. 14 at ¶¶ 9-22.[1] On January 6, 2014, Travelers filed its answer to OneBeacon without any counterclaims or cross-claims. *See* Dkt. No. 11. Likewise, on January 27, 2014, Fulton filed its answer to OneBeacon without any counterclaims or cross-claims. *See* Dkt. No. 16.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* Dkt. No. 1 at ¶ 17. Currently pending before the Court is a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") brought by Fulton seeking a declaratory judgment on OneBeacon's first cause of action against it. *See* Dkt. No. 59. Travelers opposed Fulton's motion (Dkt. No. 59) and cross moved for partial summary judgment pursuant to Rule 56 seeking a declaratory judgment in its favor. *See* Dkt. No. 78. Fulton filed a second motion for partial summary judgment pursuant to Rule 56 seeking declaratory judgment against Travelers. *See* Dkt. No. 60. Travelers opposed Fulton's second motion for partial summary judgment (Dkt. No. 60) and cross moved for a declaratory judgment in its favor (Dkt. No. 76).

---

[1] The Court notes that OneBeacon and Wausau/Nationwide captioned their claims against Travelers as contribution, but, however, the claim in the pleadings are clearly seeking declaratory judgment.

4

## II. BACKGROUND

Fulton, OneBeacon, Wausau/Nationwide, and Travelers were parties to a prior declaratory judgment action involving the same insurance policies at issue here.[2] *See Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co.*, 828 F. Supp. 2d 481 (N.D.N.Y. 2011); *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co.*, No. 5:06–CV–1117, 2010 WL 1257943, *1-9 (N.D.N.Y. Mar. 25, 2010). The factual history, as set forth in that decision, is unchanged. *See* Dkt. Nos. 59-2; 78-4; 82-1. During the years of 1949 through the mid-1970s, Fulton manufactured boilers that allegedly contained asbestos. *See Futon*, 828 F. Supp. 2d at 486.

> [I]t is generally agreed that a combination of comprehensive general liability policies issued by AMICO, OneBeacon, Travelers, and Wausau covered Fulton for asbestos exposure risks from 1976 until 1993. Specifically, Fulton was covered by Travelers from October 1976 through October 1980, OneBeacon from October 1980 through October 1983, Wausau from October 1983 through October 1984, and AMICO from October 1984 through September 1993—when an asbestos liability exclusion was added to the policy.

*Id.* at 486-87. In the early 1990s, Fulton was named as a defendant in thousands of lawsuits involving asbestos exposure from their boilers, and the number of these lawsuits increased in 1998. *See id.* at 487. In 1991, Fulton initially tendered the underlying lawsuits to Kemper and OneBeacon, which were the policies known by Fulton at that time. *See id.* at 487; Dkt. No. 82-1 at ¶ 4. OneBeacon and Kemper entered into a cost-sharing agreement for the defense costs with OneBeacon paying 25% and Kemper paying 75%. *See Fulton*, 828 F. Supp. 2d at 487. The agreement allowed for modification if new insurers were identified. *See id.* The Travelers

---

[2] American Motorist Insurance Company and American Manufacturers Mutual Insurance Company (collectively "Kemper" or "AMICO") were also parties to that action but, subsequent to the 2011 decision, those companies have been placed in liquidation. *See* Dkt. No. 82-1 at ¶ 26.

insurance policy was discovered in October 2001, and the Wausau insurance policy was discovered in December 2005. *See id.*

In that prior action, the parties were seeking judgment declaring their obligations to defend and indemnify Fulton in connection with thousands of lawsuits filed against Fulton (the "underlying lawsuits"). *See generally id.* at 481-99; *Fulton*, 2010 WL 1257943, at *1-9. There, Fulton brought claims against OneBeacon, Wausau/Nationwide, and Travelers. *See Fulton*, 828 F. Supp. 2d at 485. OneBeacon filed a counterclaim against Fulton and cross-claims against Wausau/Nationwide and Travelers. *See id.* Travelers filed a counterclaim against Fulton and a cross-claim against OneBeacon. *See id.* Together, the 2010 and 2011 *Fulton* decisions addressed and resolved the following summary judgment or partial summary judgment motions: (1) Fulton's motion declaring that OneBeacon, Wausau/Nationwide, and Travelers have an obligation to pay 100% of the defense costs associated with litigation of the underlying lawsuits; (2) motions by OneBeacon, Wausau/Nationwide, and Travelers seeking a declaration that Plaintiff is required to contribute an equitable pro rata share to its own defense for periods of uninsured or self-insured periods; (3) Travelers' motion for a declaration that Fulton was obligated to pay a pro rata share of indemnity costs related to years it was uninsured; (4) Fulton's motion for a declaration that OneBeacon and Kemper must continue to fully indemnify Fulton and that Fulton cannot be allocated any share of indemnity costs; (5) OneBeacon's motion for a declaration that Fulton is obligated to pay a pro rata share of the indemnity costs for years it was uninsured; (6) OneBeacon's motion for a declaration that Travelers received proper notice of all underlying lawsuits and must contribute a pro rata share of defense and indemnity costs based on its four years of coverage; (7) Wausau/Nationwide's cross-motion ordering Fulton to contribute to the indemnity costs; and (8) Travelers' cross-motion for a declaration that it cannot be allocated

defense or indemnity costs related to claims for which it was not provided proper notice.  *See Fulton*, 828 F. Supp. 2d at 486-99; *Fulton*, 2010 WL 1257943, at *3-9.

In the 2010 decision, the Court declared that Fulton was entitled to all of its defense costs related to the litigation of the underlying lawsuits that had been brought to date, deferring the question of whether Fulton must contribute to defense costs until such time as the underlying lawsuits are shown to involve occurrences during self-insured periods.  *See Fulton*, 2010 WL 1257943, at *8.  The Court also advised, but did not order, that pro rata allocation of expenses among the insurers is the applicable method, and the Court further advised that OneBeacon, Wausau/Nationwide, and Travelers owe defenses in future underlying lawsuits where the allegations could conceivably result in liability covered by a policy at issue.  *See id.*

The 2011 decision addressed the allocation of the indemnity costs, noting that the 2010 decision regarding the defense costs has no bearing on indemnity allocation.  *See Fulton*, 828 F. Supp. 2d at 488.  To properly allocate the indemnity costs, the Court determined that the underlying lawsuits "must be considered as multiple independent occurrences rather than grouped into a single broad occurrence."  *Fulton*, 828 F. Supp. 2d at 489.  The Court found that all insurance policies in effect are triggered during a progressive bodily disease "with injury-in-fact recurring throughout the disease process," even if "injury was also shown to have occurred in an earlier period covered by a prior policy."  *Id.*  After the time period of the claim is determined, then the liability for each claim is prorated among the insurers according to their coverage during the overall period of time the injury-in-fact was occurring.  *See id.* at 490.

Notably, the Court stated "Fulton must be assigned a pro rata share of indemnity costs for any uninsured or insufficiently insured portion of a particular claimant's injury."  *Id.*  The Court declared that, for the time period from 1949 through October 1976, Fulton is allocated with its

7

share of indemnity costs for claims alleging injury-in-fact prior to October 1976. *See id.* at 491. Fulton is obligated to pay, without indemnification from the insurers, for claims alleging injury-in-fact that began after October 1, 1993, but "Fulton cannot be allocated with any share of indemnity costs for the portion of a claimant's injury-in-fact – which began prior to October 1, 1993 – that continues after October 1, 1993." *Id.* at 494.

With regard to the summary judgment motions and cross-motions on matters of contribution, Kemper, OneBeacon, and Wausau, each sought a declaration that Travelers must contribute for its pro rata share of defense and indemnity costs made after October 10, 2001. *See id.* at 494-95. Travelers argued to the Court that it did not receive notice pursuant to its policy provisions and cross moved for a declaratory judgment stating that proper notice was not provided. *See id.* at 495. Because compliance with the notice provisions of an insurance policy is a condition precedent to the insurer's liability under the policy, an insurer is relieved of its duties to defend and indemnify if proper notice was not provided. *See id.* at 495 (citing *Webster ex rel. Webster v. Mount Vernon Fire Ins.*, 368 F.3d 209, 214 (2d Cir. 2004)). The policy between Fulton and Travelers contained a notice provision, which required:

> In the event of an occurrence, written notice containing particulars
> sufficient to identify the insured and also reasonably obtainable
> information with respect to the time, place and circumstances
> thereof and the names and addresses of the injured and of available
> witnesses shall be given by or for the insured to the Company or
> any of its authorized agents as soon as practicable.
>
> If claim is made or suit is brought against the insured, the insured
> shall immediately forward to the Company every demand, notice,
> summons or other process received by him or his representative.

*Id.* (internal quotation marks and citation omitted).

After reviewing the record, the Court denied all the parties' motions on this issue and held that Travelers' contribution for its pro rata share of defense and indemnity costs requires "a case-

8

by-case analysis of the underlying claims and documents provided to Travelers." *Id.* at 497. The Court ruled that "for claims of which [Travelers] received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences, Travelers must contribute its pro rata share of defense and indemnity costs. *Id.* In the 2011 decision, the Court specifically advised that the 2010 decision together with the 2011 decision serve "as direction for the parties going forward" and to bind the parties when resolving past, pending, and future underlying lawsuits. *Id.*

Since the time of those decisions, Kemper has been placed in liquidation. *See* Dkt. No. 82-1 at ¶ 26. On June 19, 2013, the Superintendent of Financial Services of the State of New York was appointed as ancillary receiver (the "Ancillary Receiver") of Kemper. *See* Dkt. No. 82-1 at ¶ 28. On October 22, 2013, the Supreme Court of New York, County of New York, entered orders establishing November 10, 2014 as the deadline to file proof of claims, including contingent claims, and November 10, 2015 as the deadline to file supporting documents for contingent claims with the Director of Insurance of the State of Illinois. *See id.* at ¶ 29. The New York court also ordered the Ancillary Receiver to provide notice of the claim filing deadlines to all creditors, claimants, and interested persons located in the State of New York. *See id.* Travelers believes that Fulton has applied to the New York Liquidation Bureau for payment of Kemper's share of allocated defense and indemnity costs for the underlying lawsuits. *See* Dkt. No. 78-4 at ¶ 30. Travelers also states that, under a reservation of rights, it has been paying a percentage share of Kemper's allocated defense costs since the time of Kemper's insolvency. *See id.* at ¶ 31.

OneBeacon, Wausau/Nationwide, and Fulton have entered into a settlement agreement, and they no longer are seeking a declaration from this Court that Fulton must contribute its pro rata share of defense costs for those periods in which Fulton was uninsured due to the insolvency of Kemper. *See* Dkt. Nos. 82-1 at ¶ 38; 71; 73. OneBeacon has one cause of action pending against Travelers where it alleges that Travelers has refused, and continues to refuse, to pay or reimburse OneBeacon for amounts paid toward the defense and/or indemnity of Fulton in certain underlying lawsuits that are attributable to Travelers, but for which Travelers has refused to contribute due to Fulton's alleged failure to provide timely notice of the claim or suit. *See* Dkt. No. 1 at ¶ 83. Wausau/Nationwide also has cross-claims pending against Travelers, on its own behalf, seeking the same relief against Travelers. *See* Dkt. No. 14 at ¶¶ 18-20.

Currently pending before the Court are (1) Fulton's motion for partial summary judgment (Dkt. No. 59) seeking declaration that Fulton has no obligation to contribute to the litigation costs associated with the defense of the underlying claims against them and seeking an award of attorneys' fees and costs incurred in connection with this current motion; (2) Travelers' cross-motion for partial summary judgment (Dkt. No. 78) seeking a declaration that Travelers does not have an obligation to contribute to the defense and indemnity costs allocated to the policy periods of Kemper; (3) Fulton's motion for partial summary judgment against Travelers' (Dkt. No. 60) seeking a declaration that Travelers received proper notice of certain underlying lawsuits and, therefore, must provide insurance coverage for them; and (4) Travelers' cross-motion for partial summary judgment (Dkt. No. 76) seeking a declaration that Fulton did not provide timely notice to Travelers for over 13,000 underlying lawsuits and also seeking to dismiss OneBeacon's and Wausau/Nationwide's declaratory judgment actions. For the reasons stated, the Court denies all the parties' motions.

## III. DISCUSSION

A.  **Declaratory Judgement Act**

OneBeacon has commenced an action for declaratory judgment against Fulton seeking a declaration that, for those periods of time when Fulton was uninsured due to the insolvency of an insurer, Fulton is required to contribute to the litigation defense costs associated with underlying lawsuits. *See* Dkt. No. 1 at ¶¶ 73-74. In response, Fulton filed a motion for partial summary judgment seeking a declaration that Fulton has no obligation to contribute to the litigation costs associated with the defense of underlying claims against them. *See* Dkt. No. 59-1. Thereafter, the Court received notification that OneBeacon and Fulton had resolved their differences concerning this issue of the duty to defend, and OneBeacon advised that it would be dismissing this cause of action. *See* Dkt. No. 71. The Court then received notification from Wausau/Nationwide that they also resolved their differences with Fulton concerning the issue of the duty to defend. *See* Dkt. No. 73. Under these circumstances, the Court denies Fulton's motion for summary judgment as moot based upon the representations of OneBeacon and Wausau/Nationwide that they are dismissing these claims against Fulton.

Separately, Fulton also moved for partial summary judgment seeking a declaration that Travelers received timely notice of certain underlying lawsuits, and Travelers filed two cross-motions. *See* Dkt. Nos. 60, 76, 78. The first cross-motion is seeking a declaratory judgment that Travelers is not responsible to contribute for Kemper's share of defense and indemnity costs. *See* Dkt. No. 78. The second cross-motion for summary judgment is seeking, in part, a declaratory judgment that Travelers was only responsible for the defense and indemnity costs for the claims

that Fulton provided proper notice, as listed by Travelers in a compilation of properly tendered claims. *See* Dkt. No. 76.

"[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). The declaratory judgment action enables the court to decide disputes between parties having adverse legal interests when there is a substantial controversy that has not yet resulted in a violation of one of the parties' rights. *See Storms v. United States*, No. 13-CV-811, 2015 WL 1196592, *20 (E.D.N.Y. Mar. 16, 2015) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)).

A court "may declare the rights and other legal relations of any interested party seeking such declaration" only after the party has filed "an appropriate pleading." 28 U.S.C. § 2201(a). The Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." FED. R. CIV. P. 57. Therefore, since an "action for a declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) (citation omitted); *see also Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010); *Kam-Ko Bio-Pharm Trading Co., Ltd.-Australasia v. Mayne Pharma (USA) Inc.*, 560 F3d 935, 943 (9th Cir. 2009). It is appropriate to bring a declaratory judgment action in a complaint, or the action can be brought in a cross-claim or a counterclaim. *See Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, No. 11 Civ. 3108, 2012 WL 3283479, *2 (S.D.N.Y. Aug. 13, 2012) (citing FED. R. CIV. P. 13) (ruling that the language contained with the counterclaim did not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure and did not provide fair notice to the other party that a declaratory judgment action was asserted).

In this case, Fulton and Travelers – the moving parties – did not assert any cross-claims or counterclaims in their answers against any party. Procedurally, Fulton and Travelers are asking the Court to grant partial summary judgment on declaratory judgment actions that they both failed to plead in their answers. The failure by Fulton and Travelers to assert cross-claims or counterclaims for declaratory judgment "procedurally forecloses [their] access to such relief." *Bisnews*, 2012 WL 3283479, at *3. Where the parties are seeking declaratory relief but have not commenced an action for declaratory judgment, the Court is without jurisdiction to act under 28 U.S.C. § 2201.

Accordingly, on procedural and jurisdictional grounds, the Court denies (1) Travelers' cross-motion for partial summary judgment (Dkt. No. 78) seeking a declaration that Travelers does not have an obligation to contribute to the defense and indemnity costs allocated to the policy periods of Kemper, (2) Fulton's motion for partial summary judgment against Travelers' (Dkt. No. 60) seeking a declaration that Travelers received proper notice of certain identified asbestos claims and that Travelers must provide coverage in connection with those claims, and (3) that part of Travelers' cross-motion for partial summary judgment (Dkt. No. 76) against Fulton seeking a declaration that Fulton did "not provide timely notice to Travelers for over 13,000 underlying Asbestos Claims."[3] In addition to denying Fulton's motion for partial summary

---

[3] Travelers opposes Fulton's motion for partial summary judgment and cross moves for partial summary judgment in the same papers. *See* Dkt. No. 76. Although the motion papers are ambiguous, the Court interprets Traveler's cross-motion as seeking a declaration that it was not provided with proper notice of the claims, and, based upon that declaration, Travelers seeks to dismiss on summary judgment the claims brought by OneBeacon and Wausau/Nationwide. *See* Dkt. No. 76-1 at 20-30.

13

judgment (Dkt. No. 59) as moot, the Court also denies Fulton's motion, which seeks a declaratory judgment, on the grounds that Fulton has not brought a declaratory judgment action against any other party to this action.

**B.     Summary Judgment**

The party moving for summary judgment bears the initial burden of establishing its entitlement to judgment. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Where the nonmovant would bear the burden of proof at trial,

> the movant may show prima facie entitlement to summary judgment in one of two ways: (1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings.

*Id.* at 272-73. Only if the movant meets this initial showing will the burden then shift to the nonmovant to direct the Court to a genuine issue of material fact in the record. *See id.* If the nonmovant does not discharge that initial burden then that party is not entitled to judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970).

With regard to Traveler's cross-motion for partial summary judgment (Dkt. No. 76), Travelers states in its notice of cross-motion that it is seeking to dismiss any claims against Travelers for any defense or indemnity costs incurred for any underlying lawsuit that has not been identified on its list of tendered claims.[4] *See* Dkt. No. 76. As noted by the Court, OneBeacon and Wausau/Nationwide have pending claims against Travelers, both seeking a declaration that if

---

[4] Travelers' motion for partial summary judgment is directed toward Fulton, which does not have any claims against Travelers in this action. *See* Dkt. Nos. 16, 76. Any dispute between Fulton and Travelers are not properly presented to this Court for resolution.

14

OneBeacon or Wausau/Nationwide have paid or will pay Travelers' share of the defense or indemnity cost due to Kemper's insolvency, then OneBeacon and Wausau/Nationwide will be entitled to equitable contribution. *See* Dkt. No. 1 at ¶¶ 82-84; Dkt. No. 14 at ¶¶ 18-22. In its motion for summary judgment, Travelers asks the Court to, first, declare that it did not receive proper notice from Fulton for any claim that was not included in the "Travelers May 2013 List of Tendered Claims" ("list of tendered claims"). Dkt. No. 78-1 at 26-27. Travelers then seeks to rely on that declaration for the dismissal of OneBeacon's and Wausau/Nationwide's claims. *See* Dkt. Nos. 76-1 at 27-30. Travelers concludes that since it has participated in the defense of all the properly notice claims, as contained on Travelers' list of tendered claims, OneBeacon and Wausau/Nationwide do not have valid causes of action against it. *See id.* at 27-30.

As discussed, the Court denies Travelers' "motion" for a declaratory judgment seeking a declaration that the only properly noticed claims are contained in its list of tendered claims. This was the only basis submitted by Travelers for its entitlement to dismissal on summary judgment. *See id.* Travelers did not submit any further evidence, or advance any other contention, in support of its cross-motion for partial summary judgment dismissing these claims. Accordingly, Travelers has not met its initial burden of establishing that there are no material facts in dispute, and, therefore, the Court denies its partial summary judgment to dismiss OneBeacon's and Wausau/Nationwide's claims.

**C.    Attorney's Fees**

Fulton also moves for an award of attorneys' fees and costs incurred in filing its motion for partial summary judgment seeking the Court to declare that Fulton has no obligation to contribute to the litigation cost associated with the defense of underlying claims against them. *See* Dkt. No. 59-1 at 10-11.

> "It is well settled in New York that a prevailing party may not
> recover attorneys' fees from the losing party except where
> authorized by statute, agreement or court rule." *U.S. Underwriters
> Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597, 789 N.Y.S.2d
> 470, 822 N.E.2d 777 (N.Y.2004) (citations omitted). "However, an
> insured who is cast in a defensive posture by the legal steps an
> insurer takes in an effort to free itself from its policy obligations,
> and who prevails on the merits, may recover attorneys' fees incurred
> in defending against the insurer's action ... including a defense
> against an insurer's declaratory judgment action*." U.S.
> Underwriters Ins. Co.*, 3 N.Y.3d at 597, 789 N.Y.S.2d 470, 822
> N.E.2d 777 (quoting *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47
> N.Y.2d 12, 21-22, 416 N.Y.S.2d 559, 389 N.E.2d 1080 [N.Y.1979]
> ).

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co.*, No. 5:06-CV-1117, 2010 WL 1257943, *6 (N.D.N.Y. Mar. 25, 2010). In this case, Fulton's motion is denied as moot and also denied on procedural and jurisdictional grounds. Therefore, Fulton has not prevailed on the merits, and the Court denies Fulton's motion seeking its attorneys' fees and costs associated with its motion partial for summary judgment (Dkt. No. 59).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and, for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Fulton Boiler Works, Inc.'s motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Dkt. No. 59) is **DENIED** as moot; and the Court further

**ORDERS** that Defendant Fulton Boiler Works, Inc.'s motion for attorneys' fees and costs associated with their motion for partial summary judgment (Dkt. No. 59) is **DENIED** (Dkt. No. 56) ; and the Court further

**ORDERS** that the Parties are directed to file a stipulation discontinuing Plaintiff OneBeacon America Insurance Company's first cause of action against Fulton Boilers Works, Inc. within thirty (30) days of the date of this decision; and the Court further

**ORDERS** that the Parties are directed to file a stipulation discontinuing Defendant Insurance Company of Wausau/Nationwide Mutual Insurance Company's first cross-claim against Fulton Boiler Works, Inc. within thirty (30) days of the date of this decision; and the Court further

**ORDERS** that, if the Parties fail to file the stipulations discontinuing the identified claims, Defendant Fulton Boiler Works, Inc.'s motion for partial summary judgment (Dkt. No. 59) is **DENIED**; and the Court further

**ORDERS** that Defendant Fulton Boiler Works, Inc.'s motion for partial summary judgment (Dkt. No. 60) is **DENIED**; and the Court further

**ORDERS** that Defendant Travelers Casualty and Surety Company's motion for summary judgment (Dkt. No. 76) pursuant to Rule 56 of the Federal Rules of Procedure is **DENIED**; and the Court further

**ORDERS** that Defendant Travelers Casualty and Surety Company's motion for summary judgment (Dkt. No. 78) pursuant to Rule 56 of the Federal Rules of Procedure is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 28, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge