**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ONEBEACON AMERICAN
INSURANCE COMPANY,**

                         **Plaintiff,**

    vs.                                          5:13-cv-01525
                                                       (MAD/TWD)

**FULTON BOILER WORKS, INC.,
EMPLOYERS INSURANCE COMPANY
OF WAUSAU, NATIONWIDE MUTUAL
INSURANCE COMPANY, and
TRAVELERS CASUALTY AND SURETY
COMPANY,**

                        **Defendants,**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **CARROLL MCNULTY & KULL, LLC**<br>120 Mountain View Boulevard<br>Basking Ridge, New Jersey 07920<br>Attorneys for Plaintiff | **KRISTIN V. GALLAGHER, ESQ.**<br>**JOANNA L. YOUNG, ESQ.** |
| **MCCARTER & ENGLISH, LLP**<br>100 Mulberry Street<br>4 Gateway Center<br>Newark, New Jersey 07102<br>Attorneys for Defendant Fulton Boiler<br>Works, Inc. | **BRIAN J. OSIAS, ESQ.**<br>**DAVID C. KANE, ESQ.** |
| **LAW OFFICES OF<br>GIALLEONARDO & HARTFORD**<br>2150 Wehrle Drive<br>Suite 500B<br>Williamsville, New York 14221<br>Attorneys for Defendants Employers<br>Insurance Company of Wausau and<br>Nationwide Mutual Insurance Company | **JENNIFER V. SCHIFFMACHER, ESQ.** |
| **GRAHAM CURTIN**<br>4 Headquarters Plaza | **JENNIFER L. SCHOENBERG, ESQ.**<br>**ROBERT W. MAURIELLO, JR., ESQ.** |

| | |
|---|---|
| Morristown, New Jersey 07962-1991<br>Attorneys for Defendant Travelers Casualty<br>and Surety Company | **STEPHEN V. GIMIGLIANO, ESQ.** |
| **SATTERLEE STEPHENS BURKE &<br>BURKE LLP**<br>230 Park Avenue<br>Suite 1130<br>New York, New York 10169<br>Attorneys for Third-Party Defendant | **SARAH M. GILBERT, ESQ.**<br>**THOMAS J. CAHILL, ESQ.**<br>**JAMES F. RITTINGER, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On December 11, 2013, OneBeacon America Insurance Company ("OneBeacon") commenced this declaratory judgment action pursuant to 28 U.S.C.§ 2201. *See* Dkt. No. 1. Defendants Employers Insurance Company of Wausau and Nationwide Mutual Insurance Company ("Wausau/Nationwide") filed their answer and asserted cross claims for declaratory judgment against Defendants Fulton Boiler Works, Inc. ("Fulton") and Travelers Casualty and Surety Company ("Travelers"), among other claims. *See* Dkt. No. 14 at ¶¶ 9-22.[1] On January 6, 2014, Travelers filed its answer to OneBeacon without any counterclaims or cross-claims. *See* Dkt. No. 11. Likewise, on January 27, 2014, Fulton filed its answer to OneBeacon without any counterclaims or cross-claims. *See* Dkt. No. 16. OneBeacon, Wausau/Nationwide, and Fulton entered into a settlement agreement, and they no longer are seeking a declaration from this Court

---

[1] The Court notes that OneBeacon and Wausau/Nationwide captioned their claims against Travelers as contribution, but, however, the claim in the pleadings are clearly seeking declaratory judgment.

on issues among and between each other in this action.[2] *See* Dkt. Nos. 82-1 at ¶¶ 38, 71, 73. Fulton filed a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") seeking declaratory judgment against Travelers. *See* Dkt. No. 60. Travelers opposed Fulton's second motion for partial summary judgment (Dkt. No. 60) and cross moved for a declaratory judgment in its favor (Dkt. No. 76). In a Memorandum-Decision and Order filed March 28, 2016, the Court denied both motions, among other orders. *See* Dkt. No. 89. Currently before the Court is Fulton's motion for reconsideration of its motion for partial summary judgment, in which Wausau/Nationwide and OneBeacon join. *See* Dkt. Nos. 91; 92; 93; 98; 100. Or in the alternative, Fulton seeks leave to amend its answer. *See* Dkt. Nos. 91; 92.

## II. BACKGROUND

Fulton, OneBeacon, Wausau/Nationwide, and Travelers were parties to a prior declaratory judgment action involving the same insurance policies at issue here.[3] *See Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co.*, 828 F. Supp. 2d 481 (N.D.N.Y. 2011); *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co.*, No. 5:06–CV–1117, 2010 WL 1257943, *1-9 (N.D.N.Y. Mar. 25, 2010). The factual history, as set forth in that decision, is unchanged, *see* Dkt. Nos. 59-2; 78-4; 82-1, and this Court previously summarized the underlying facts in the summary judgment Memorandum-

---

[2] OneBeacon has one remaining cause of action pending against Travelers where it alleges that Travelers has refused, and continues to refuse, to pay or reimburse OneBeacon for amounts paid toward the defense and/or indemnity of Fulton in certain underlying lawsuits that are attributable to Travelers for which Travelers has refused to contribute due to Fulton's alleged failure to provide timely notice of the claim or suit. *See* Dkt. No. 1 at ¶ 83. Wausau/Nationwide also has cross claims pending against Travelers, on its own behalf, seeking the same relief against Travelers. *See* Dkt. No. 14 at ¶¶ 18-20.

[3] American Motorist Insurance Company and American Manufacturers Mutual Insurance Company (collectively "Kemper" or "AMICO") were also parties to that action but, subsequent to the 2011 decision, those companies have been placed in liquidation. *See* Dkt. No. 82-1 at ¶ 26.

Decision and Order, *see* Dkt. No. 89. Fulton now moves for reconsideration on its motion for partial summary judgment, claiming that the Court has committed legal error by denying its motion. *See* Dkt. No. 91-1.

For the reasons stated, the Court denies Fulton's motion for reconsideration, but grants Fulton's motion for leave to file an amended pleading.

### III. DISCUSSION

**A.     Motion for Reconsideration**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10–cv–1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011); *Juliano v. DeAngelis*, No. 1:06-CV-1139, 2007 WL 2454216, *1 (N.D.N.Y. Aug. 23, 2007). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

4

In this case, Fulton moves for reconsideration of the Court's finding that Fulton did not assert an action for declaratory judgment and, therefore, could not successfully move for summary judgment on a claim that was never asserted in this case. *See* Dkt. No. 91-1 at 8-13. Fulton does not claim that there has been an intervening change in the law nor does it claim that there is new evidence that had not previously been available. *See* Dkt. No. 91-1. Fulton contends that there is a clear error of law that should be corrected. *See id.* at 8-10. In the March 28, 2016 Memorandum-Decision and Order, the Court recited that "'*upon the filing of an appropriate pleading*, [a district court] may declare the rights and other legal relations of any interested party seeking such declaration'" under 28 U.S.C. § 2201(a). *See OneBeacon Am. Ins. Co. v. Fulton Boiler Works, Inc.*, No. 5:13-cv-01525, 2016 WL 1248892, *5 (N.D.N.Y. Mar. 28, 2016) (quoting 28 U.S.C. § 2201 (emphasis added)).

Fulton argues that the language in *International Brotherhood of Teamsters v. Eastern Conference of Teamsters*, 160 F.R.D. 452 (S.D.N.Y. 1995), was overlooked by the Court in the summary judgment decision. Specifically, Fulton relies upon that court's finding that "[t]he only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment." *Int'l Bhd.*, 160 F.R.D. at 456; *see also* Dkt. No. 91-1 at 10. Fulton incorrectly interprets this language as support that its "motion" for declaratory judgment can be considered by the Court as an action for declaratory judgment. *See* Dkt. No. 91-1 at 10. Fulton has isolated the cited language to misconstrue the actual legal holding in that case in order to support its position here. Fulton's interpretation is disproved upon a complete reading of the *International Brotherhood* decision.

In that consolidated action, International Brotherhood of Teamsters initially commenced an action seeking declaratory judgment. *See Int'l Bhd.*, 160 F.R.D. at 453. In a separate action,

5

Central Conference of Teamsters, the Eastern Conference of Teamsters, the Southern Conference of Teamsters, the Western Conference of Teamsters ("the Conferences"), among others, commenced an action for declaratory judgment. *See id.* The two lawsuits were then consolidated into one action. *See id.* The Conferences then moved for an order declaring the proper use of escrow account funds. *See id.* The issue in the *International Brotherhood* case was that the movant, who had a properly commenced declaratory judgment action, tried to argued that its motion was not pursuant to Rule 57 of the Federal Rules of Civil Procedure, which governs declaratory judgment.

In holding that the Conferences motion should be construed as a summary judgment motion on its declaratory judgment action, the district court found that "a declaratory judgment is an ordinary civil action" which is "subject to the Federal Rules [of Civil Procedure]." *Id.* at 456. "[A] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment," and, to the extent that the movant was actually seeking a motion for declaratory judgment, the district court denied the motion as inconsistent with the Federal Rules. *Id.* Liberally construing the motion papers, the district court interpreted the motion as one for summary judgment on the Conferences' declaratory judgment action. *See id.*

In this case, Fulton has not brought an action for declaratory judgment on which it can move for summary judgment. A declaratory judgment action, being an ordinary civil action, can be raised in a complaint and it can also be raised in subsequent pleadings such as cross claims pursuant to Rule 13 of the Federal Rules of Civil Procedure. *See Bisnews AFE (Thai.) Ltd. v. Aspen Research Grp., Ltd.*, No. 11 Civ. 3108, 2012 WL 3283479 (S.D.N.Y. Aug. 13, 2012) (citing 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 57.06[3] (3d ed. 2011)). Regardless of the form of pleading, a declaratory judgment action must be pleaded in accordance

6

with Federal Rule of Civil Procedure 8. *See id.* (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997)). Accordingly, to the extent that Fulton is arguing that it could seek summary judgment on OneBeacon's declaratory judgment action, the Court finds the granting of a civil judgment to Fulton on an action it did not commence violates the Federal Rules of Civil Procedure, just as it would in any other ordinary civil action. Even with discretion to liberally construe motion papers, the Court cannot equate bringing a motion with properly pleading an action. The mere fact that another party has properly commenced a civil action against Travelers does not correct Fulton's oversight in drafting its pleading to properly bring its own action.

Next, Fulton claims that Travelers was on notice that Fulton had a claim for declaratory relief against it. *See id.* at 9. According to Fulton, Travelers was aware that Fulton intended to seek declaratory relief against it because Fulton previously requested that relief in a complaint filed in a separate state court action, which has since been voluntarily dismissed. *See id.*; Dkt. No. 25-2 at 4-20. In Fulton's view, the complaint in the state court action provided notice to Travelers that Fulton meant to assert a declaratory judgment cause of action in its pleadings in this case. However, whether Travelers had notice that Fulton intended to bring a crossclaim does not fix Fulton's failure to actually plead a cross claim in its answer.

Finally, Fulton argues that OneBeacon sought declaratory relief in its complaint in this action and OneBeacon joined Fulton's motion for summary judgment. *See* Dkt. No. 91-1 at 9. Fulton claims that the Court should have rendered a decision on OneBeacon's motion for declaratory judgment against Travelers. *See id.* However, OneBeacon did not bring a motion for summary judgment. OneBeacon submitted papers in opposition to Travelers' motion for summary judgment with an attorney certification, which states that OneBeacon's papers are

submitted in opposition to Travelers' cross motion for summary judgment "and in further support of Fulton Boiler Works, Inc.'s motion for partial summary judgment." Dkt. No. 84 at 1. OneBeacon supported Fulton's motion, but it did not at any time file a cross motion for summary judgment on its own behalf. *See* Dkt. No. 84.

**B.     Motion for Leave to Amend Pleading**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." This section also states that courts should grant leave freely "when justice so requires." *Id.* "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (affirming the district court's decision to allow the defendants to amend the answer to include a statute of limitations affirmative defense after four years of litigation). With the caveat that "'the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" *Block*, 988 F.2d at 350 (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)). Without a showing of bad faith or undue prejudice, delay alone is not a basis "to deny the right to amend." *Block*, 988 F.2d at 350 (quoting *Fluor*, 654 F.2d at 856).

Several factors are considered when determining if an amendment would cause undue prejudice, which include (1) whether the opposing party would have to "expend significant additional resources," (2) whether there would be a significant delay in litigating the claims to a resolution, and (3) whether the failure to assert the proposed amendment prevented "the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350 (first citing *Tokio Marine & Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986); and then

8

citing *Fluor*, 654 F.2d at 856; and then citing *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1157-58 (2d Cir. 1968); and then citing *Calloway v. Marvel Entm't Grp.*, 110 F.R.D. 45, 48 (S.D.N.Y. 1986)); *see also Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (noting that a court must be hesitant to grant amendments where there is unfair surprise and encumbrance of the fair prosecution of a claim). The non-movant must show prejudice beyond "spent time and money preparing for trial" in order "to warrant a deviation from the rule broadly allowing amendment to pleadings." *Monahan*, 214 F.3d at 284; *see also id.* at 275; *Block*, 988 F.2d at 351.

In this case, Travelers does not oppose Fulton's motion. Moreover, there is not any indication that an amendment of the pleading will create significant delay in litigating the claims or require any significant additional resources. Accordingly, the Court grants Fulton's motion for leave to amend its answer.[4]

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and, for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Fulton Boiler Works, Inc.'s motion for reconsideration is **DENIED**; and the Court further

---

[4] The Court notes that any future motions filed in this case must be mindful of the decision rendered by the District Court in the Northern District of New York (Hurd, J.), *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co.*, 828 F. Supp. 2d 481 (N.D.N.Y. 2011). Specifically, the Court held that "Travelers must contribute its pro rata share of defense and indemnity costs based on the four years of acknowledged coverage, 1976-1980, for claims of which it received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences. This will require a case-by-case analysis of the underlying claims and documents provided to Travelers." *Id.* at 497.

9

**ORDERS** that Defendant Fulton Boiler Works, Inc.'s motion for leave to amend its answer is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  November 23, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge