UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMORAK INSURANCE COMPANY f/k/a ONEBEACON AMERICA INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br>　-against-<br><br>FULTON BOILER WORKS, INC., EMPLOYERS INSURANCE COMPANY OF WAUSAU, NATIONWIDE MUTUAL INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>　　　　　　　　　　Defendants.<br>_____<br><br>FULTON BOILER WORKS, INC.<br><br>　　　　　　　　　Third-Party Plaintiff,<br>　-against-<br><br>BROWN & BROWN OF NEW YORK, INC., f/k/a The Young Agency,<br><br>　　　　　　　　　Third-Party Defendant. | Case No:<br>**5:13-CV-1525 (MAD/TWD)** |

**PLAINTIFF LAMORAK INSURANCE COMPANY f/k/a ONEBEACON AMERICA INSURANCE COMPANY'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT FOR EQUITABLE REIMBURSEMENT FROM DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY**

Plaintiff, Lamorak Insurance Company f/k/a OneBeacon America Insurance Company ("Lamorak"), pursuant to Local Rule 7.1(a)(3) of the United States District Court for the Northern District of New York, submits the following Statement of Material Facts in Support of its Motion for Summary Judgment for equitable reimbursement from Defendant, Travelers Casualty and Surety Company ("Travelers") as follows:

**A.　　The Asbestos Claims**

1.      Since the early 1990s, Defendant Fulton Boiler Works, Inc. ("Fulton") has been named in thousands of underlying asbestos lawsuits (the "Asbestos Claims") nationwide, alleging bodily injury, wrongful death, and/or other damages related to or arising out of Fulton's boilers. Fulton Boiler Works Inc., v. Am. Motorists Ins. Co., et al., 828 F.Supp.2d 481, 487 (N.D.N.Y. 2011) (attached hereto as **Exhibit A**) ("2011 Order").

2.      From 1949 through the mid-1970s, Fulton manufactured and sold boilers containing asbestos. Id. at 486.

**B.      Fulton's Insurance Policies**

3.      Defendant Travelers Casualty & Surety Company ("Travelers") issued to Fulton successive general liability insurance policies in effect from October 1976 through October 1980. Id. at 486.

4.      Plaintiff Lamorak Insurance Company ("Lamorak"), known at the time of the 2011 Order as OneBeacon America Insurance Company ("OneBeacon"), issued to Fulton a general liability policy in effect from October 1980 through October 1983. Id. at 486-87.

5.      A predecessor to defendants Nationwide Mutual Insurance Company ("Nationwide") and/or Employers Insurance Company of Wausau ("Wausau") (collectively referred to in the 2011 Order as "Wausau," see id. at 486 n.4) issued to Fulton a general liability policy in effect from October 1983 to October 1984. Id. at 487.

6.      Non-party American Motorists Insurance Company and/or American Manufacturers Mutual Insurance Company (collectively referred to in the 2011 Order as "AMICO," see id. at 485) issued to Fulton successive general liability policies in effect from October 1984 through September 1993. Id. at 487.

7.      All of the above policies cover Fulton for asbestos exposure risks, as alleged in the Asbestos Claims. Id. at 486.

8. On May 10, 2013, the Circuit Court of Cook County, Illinois entered an Order of Liquidation with respect to the insolvency of AMICO, thus eliminating coverage under the AMICO policies at that juncture. [D.E. 82-1 at ¶¶ 26, 28.]

9. Thus, as respects those Asbestos Claims potentially implicating all policies, until May 10, 2013, the insurers' proper pro rata share of defense, and potentially indemnity, costs (rounded off and without allocating a share to Fulton) was: AMICO (9/17 - 53%); Travelers (4/17 - 23.5%); Lamorak/OneBeacon (3/17 - 17.65%); Wausau (1/17 - 5.9%). Fulton Boiler Works Inc., v. Am. Motorists Ins. Co., et al., 5:06-cv-1117 (GTS/DEP), 2010 U.S. Dist. LEXIS 28756, *8 (N.D.N.Y. March 25, 2010) (attached as **Exhibit B**) ("2010 Order") (finding that pro rata allocation of defense costs between the insurers is the applicable standard). Pursuant to standard allocation principles established under New York law, the carriers' indemnity obligation for each claim would be prorated based on the time each insurer was on the risk during the overall time period that an injury-in-fact occurred. 2011 Order, **Ex. A** at 490. In the event that Fulton was uninsured or insufficiently insured during a claimant's injury, Fulton would be assigned a pro rata share of its own indemnity. Id.

10. After May 10, 2013, the proportion of defense and potential indemnity costs changed to: Travelers (4/8 - 50%); Lamorak/OneBeacon (3/8 - 37.5%); Wausau (1/8 – 12.5%). After May 10, 2013, indemnity will continue to be determined based on each insurers' time on the risk for each injury, with allocation to Fulton and/or the New York State Liquidation Bureau for those periods where Fulton was either uninsured or underinsured and for the periods that now insolvent AMICO was on the risk. Id. at 498.

**C.     Notice to the Insurers and their Contribution to Fulton's Defense**

11. Fulton initially sought coverage for the Asbestos Claims from Lamorak and AMICO, the only liability insurers Fulton was aware of at the time. 2011 Order, **Ex. A** at 487.

3

12. Lamorak and AMICO agreed to defend Fulton for the Asbestos Claims under the respective primary policies that they issued. Id.

13. Lamorak has been participating in Fulton's defense and indemnity of the Asbestos Claims since in or around 1992 and up to and including the present, pursuant to a comprehensive reservation of rights to seek reimbursement of those amounts paid in excess of Lamorak's pro rata share. Affidavit of Henry J. Townsend, sworn to on June 13, 2018 ("Townsend Aff").

14. In October 2001, Fulton requested that Travelers conduct a search for policies issued to Fulton which might cover the Asbestos Claims. 2010 Order, **Ex. B** at *3.

15. By letter dated October 10, 2001, AMICO advised Travelers that it and Lamorak believed that Travelers had issued policies to Fulton in the 1970s and requested that Travelers search for them. 2011 Order, **Ex. A** at 495-96. The letter also advised Travelers that more than 14,000 asbestos-related complaints had been filed against Fulton. Id. at 496.

16. In or about January 2004, Travelers agreed to participate in the defense of the Asbestos Claims of which it acknowledged notice ("the Acknowledged Asbestos Claims"), but based only on a single year of coverage. 2010 Order, **Ex. B** at *3.

17. Thereafter, Travelers periodically issued letters to Fulton dated January 8, 2004, February 10, 2004, May 7, 2004, August 6, 2004, April 4, 2005, January 17, 2006, May 12, 2006, June 15, 2006, August 8, 2006, October 18, 2006, and March 6, 2007, acknowledging receipt and a duty to defend subject to a reservation of rights, and listing the Asbestos Claims for which it acknowledged notice. Certification of Kristin V. Gallagher, dated June 13, 2018, **Ex. C** ("Gallagher Cert.").

18. Wausau's policy was discovered in December 2005. 2011 Order, **Ex. A** at 487.

19. Thereafter, consistent with the proportionate years of coverage the insurers at that time believed they provided to Fulton, they entered into an interim modified cost-sharing

agreement that divided the defense costs among AMICO (64.5%), Lamorak (21.5%), Travelers (7%) and Wausau (7%). Id.

20. On April 30, 2009, Travelers conceded that it owed Fulton four years of coverage. 2010 Order, **Ex. B** at *3.

21. Although, due to its failure to acknowledge the additional three years of coverage owed to Fulton until April 30, 2009, and its failure to begin paying any defense costs until August 2006, Travelers had underpaid its share of defense and indemnity costs with regard to the Acknowledged Asbestos Claims, and Lamorak thus overpaid its share, Travelers has never compensated Lamorak for its resulting overpayments. Townsend Aff. at ¶ 4.

**D.     The Acknowledged Asbestos Claims and Travelers' Disclaimers**

22. Travelers sent a letter to Fulton, dated May 15, 2013, attaching a list of approximately 3,300 Asbestos Claims for which Travelers acknowledged notice, i.e., the Acknowledged Asbestos Claims. [D.E. 60-6, Exhibit 1.]

23. In its May 15, 2013 letter, Travelers claimed that it had not received thousands of Asbestos Claims and stated that Travelers had "recently discovered the existence of several other lawsuits" referenced in status reports provided by defense counsel and denied that such discovery of those other lawsuits constituted proper notice. Id.

**E.     The Instant Action**

24. As a result of AMICO's insolvency, a determination as to how AMICO's share of defense and indemnity must be allocated was required and, on December 11, 2013, Lamorak commenced this action seeking, in part and as is relevant here, a declaration that it is entitled to equitable contribution from Travelers for amounts that Lamorak has paid, or will pay, in excess of its pro rata share due to Travelers' refusal to contribute. [D.E. 1.]

25. In addition to the May 15, 2013 Travelers correspondence, in discovery in both the Prior Action and this litigation thousands of documents were exchanged between the parties, including coverage position letters that were issued by Travelers dated January 8, 2004, February 10, 2004, May 7, 2004, August 6, 2004, April 4, 2005, June 15, 2006, January 17, 2006, May 12, 2006, August 8, 2006, October 18, 2006, March 6, 2007, July 26, 2010, September 15, 2010, December 15, 2010, December 20, 2010, and August 3, 2012. Gallagher Cert., Ex. C.

26. By correspondence dated April 4, 2013, Lamorak demanded that Travelers reimburse overpayments made by Lamorak in Fulton's defense and indemnity in the Asbestos Claims (including several of the Acknowledged Asbestos Claims) due to Travelers' failure to pay its pro rata share. [D.E. 84-1.]

27. Travelers responded to Lamorak's demand by correspondence dated May 20, 2013. [D.E. 84-2.]

28. Lamorak and Fulton have resolved their differences and entered into a settlement agreement with respect to the First Cause of Action that had been asserted by Lamorak against Fulton. [D.E. 71.]

29. On June 8, 2017, Lamorak filed a stipulation to amend the caption to reflect its name change from OneBeacon America Insurance Company to Lamorak Insurance Company. [D.E. 124.]

30. In connection with this action and Lamorak's claim for reimbursement, Lamorak retained forensic accountants Matson Driscoll & Damico LLP to analyze invoices received from Fulton's New York defense counsel in the Asbestos Claims. See Affidavit of Martin Martinovic, sworn to June 13, 2018.

31. To date, Lamorak calculates that it has overpaid its pro rata share of Fulton's defense costs for 2,324 of the Acknowledged Asbestos Claims by $69,437.84. Id.

32.     Adding 9% statutory interest per annum under NY CPLR §§ 5001 and 5004, totaling $81,554.76, Lamorak is entitled to recover $150,992.60 from Travelers for Lamorak's overpayment of defense costs. Id.

33.     With respect to indemnity payments for those 2,324 Acknowledged Asbestos Claims, Lamorak calculates that it has overpaid its pro rata share by $43,007.01. Id.

34.     Adding statutory interest totaling $45,049.01, Lamorak is entitled to recover $88,056.02 from Travelers for Lamorak's overpayment of indemnity. Id.

35.     In sum, including statutory interest of 9% per annum, Lamorak has overpaid its share of defense and indemnity of these 2,324 Acknowledged Asbestos Claims by at least $239,048.62 and is entitled to reimbursement of that amount in full from Travelers.

Dated:  New York, New York
        June 13, 2018

                                Respectfully submitted,

                                KENNEDYS CMK LLP


                        By:        /s/ Kristin V. Gallagher
                                Kristin V. Gallagher, Esq.
                                570 Lexington Avenue, 8th Floor
                                New York, New York 10022
                                (212) 252-0004
                                *Attorneys for Plaintiff*
                                *Lamorak Insurance Company f/k/a OneBeacon*
                                *America Insurance Company*