# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMORAK INSURANCE COMPANY f/k/a ONEBEACON AMERICA INSURANCE COMPANY,<br><br>      Plaintiff,<br><br> -against-<br><br>FULTON BOILER WORKS, INC., EMPLOYERS INSURANCE COMPANY OF WAUSAU, NATIONWIDE MUTUAL INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>      Defendants.<br>_____<br><br>FULTON BOILER WORKS, INC.<br><br>      Third-Party Plaintiff,<br><br> -against-<br><br>BROWN & BROWN OF NEW YORK, INC., f/k/a The Young Agency,<br><br>      Third-Party Defendant. | Case No:<br>**5:13-CV-1525 (MAD/TWD)** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF, LAMORAK INSURANCE COMPANY f/k/a ONEBEACON AMERICA INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FOR EQUITABLE REIMBURSEMENT FROM DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY**

                  KENNEDYS CMK LLP
                  570 Lexington Avenue, 8th Floor
                  New York, New York 10022
                  Phone: (212) 252-0004
                  Fax: (212) 252-0444
                  Counsel for Plaintiff
                  Lamorak Insurance Company f/k/a
                  OneBeacon America Insurance Company

Dated: June 13, 2018

# TABLE OF CONTENTS

                                                             **Page**

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

I.     PRELIMINARY STATEMENT ........................................................... 1

II.    FACTUAL BACKGROUND ................................................................. 2

         A.  The Asbestos Claims .................................................................. 2

         B.  Fulton's Insurance Policies ........................................................ 2

         C.  Notice of the Asbestos Claims to the Insurers and their Contribution to Fulton's Defense Costs ...................................... 4

         D.  The Acknowledged Asbestos Claims and Travelers' Disclaimers of the Remaining Asbestos Claims ......................... 5

         F.  The Instant Action ...................................................................... 6

III.   LEGAL ARGUMENT ............................................................................ 6

         A.  Travelers has underfunded its pro rata share of defense and indemnity as respects the Acknowledged Asbestos Claims ....... 6

         B.  Lamorak is entitled to statutory interest from the date of payment of all defense and indemnity costs to which it is entitled to recover against Travelers. ...................................................................... 10

IV.   CONCLUSION ....................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page(s)**

Clomon v. Jackson,
   988 F.2d 1314 (2d Cir. 1993) .................................................................................... 8

Continental Cas. Co. v. Employers Ins. Co. of Wausau,
   22 Misc.3d 729, 865 N.Y.S.2d 855 (N.Y. Sup.Ct., N.Y. County 2008),
   *rev'd on other grounds*, 85 A.D.3d 403, 923 N.Y.S.2d 538 (1st Dep't 2011) .......................... 7

Fulton Boiler Works Inc., v. Am. Motorists Ins. Co., et al.,
   828 F.Supp.2d 481 (N.D.N.Y. 2011) ............................................................... 2-5, 7

Fulton Boiler Works Inc., v. Am. Motorists Ins. Co., et al.,
   5:06-cv-1117 (GTS/DEP), 2010 U.S. Dist. LEXIS 28756, (N.D.N.Y. March 25, 2010) .... 3-7

In re Citron,
   433 B.R. 62 WL 2978062 (Bankr. E.D.N.Y. 2010) ................................................... 9

M.V.B. Collision, Inc. v. Allstate Ins. Co.,
   728 F.Supp.2d 205 (E.D.N.Y. 2010) ................................................................... 9

Regent Ins. Co. v. Storm King Contracting, Inc., No. 06-CV-2879,
   2008 U.S. Dist. LEXIS 16513 WL 563465 (S.D.N.Y. Feb. 27, 2008) ................................. 9

Royal Indem. Co. v. Providence Washington Ins. Co.,
   966 F.Supp. 149 (N.D.N.Y. 1997) ...................................................................... 10

U.S. Fire Ins. Co. v. Fed. Ins. Co.,
   858 F.2d 882 (2d Cir. 1988) ............................................................................. 10

**Statutes**

NY CPLR §§ 5001 and 5004 ............................................................................... 8, 10

FRCP 56 ................................................................................................................. 1

FRCP 15(b) ........................................................................................................ 1, 9

I.    **PRELIMINARY STATEMENT**

Pursuant to F.R.C.P. Rule 56, Plaintiff, Lamorak Insurance Company f/k/a OneBeacon America Insurance Company ("Lamorak"), is entitled to summary judgment on Lamorak's claim for equitable reimbursement against Defendant, Travelers Casualty and Surety Company ("Travelers").

Specifically, Travelers has underfunded the defense and indemnity of Defendant Fulton Boiler Works, Inc. ("Fulton") in many of the underlying asbestos lawsuits (the "Asbestos Claims") of which it has acknowledged timely notice (the "Acknowledged Asbestos Claims"). When Travelers subsequently admitted that it was actually on the risk for four years of coverage, Travelers never sought to correct its shortfall in payments of defense and indemnity for these Acknowledged Asbestos Claims. Despite Lamorak's repeated requests that Travelers' pay its full pro rata share of defense and indemnity for said claims, Travelers has refused. Accordingly, Travelers must now reimburse Lamorak for amounts paid in excess of Lamorak's pro rata share for the Acknowledged Asbestos Claims, plus statutory interest at the rate of 9% per annum.

While Lamorak did not assert a cause of action for this specific relief, pursuant to F.R.C.P. Rule 15(b), it is respectfully submitted that the Complaint be deemed amended to conform with the proofs submitted herein. Indeed, Travelers can claim no prejudice or surprise, as Lamorak has consistently and repeatedly maintained that it is entitled to reimbursement from Travelers for its underpayments. It would be inequitable and would result in a windfall to Travelers if Travelers were permitted to continue to take the stance that it is not required to contribute its pro rata share based on four years of coverage for the defense and indemnity of the Acknowledged Asbestos Claims. As a result, the Complaint must be deemed amended to include a claim for reimbursement of the amounts that Lamorak paid in excess of its pro rata share due to Travelers' failure to fund its shortfall once it acknowledged a four-year coverage block. Upon

such amendment, Lamorak is entitled to summary judgment and reimbursement from Travelers for those Acknowledged Asbestos Claims where Travelers' contribution was based on only one policy year as opposed to four.

## II.   FACTUAL BACKGROUND

### A.   The Asbestos Claims

From 1949 through the mid-1970s, Fulton manufactured and sold boilers containing asbestos. Fulton Boiler Works Inc., v. Am. Motorists Ins. Co., et al., 828 F.Supp.2d 481, 486 (N.D.N.Y. 2011). Ex. A to Lamorak Stmt. of Facts ("2011 Order").

Since the early 1990s, Fulton has been named in thousands of underlying asbestos lawsuits (the "Asbestos Claims") nationwide, alleging bodily injury, wrongful death, and/or other damages related to or arising out of Fulton's boilers. Id. at 487.

### B.   Fulton's Insurance Policies

Travelers issued to Fulton successive general liability insurance policies in effect from October 1976 through October 1980, for a total of four years of coverage. Id. at 486.

Lamorak, known at the time of the 2011 Order as OneBeacon America Insurance Company ("OneBeacon"), issued to Fulton a general liability policy in effect from October 1980 through October 1983, for a total of three years of coverage. Id. at 486-87.

A predecessor to Nationwide Mutual Insurance Company ("Nationwide") and/or Employers Insurance Company of Wausau ("Wausau") (collectively referred to in the 2011 Order as "Wausau," see id. at 486 n.4) issued to Fulton a general liability policy in effect from October 1983 to October 1984. Id. at 487.

American Motorists Insurance Company and/or American Manufacturers Mutual Insurance Company (collectively referred to in the 2011 Order as "AMICO," see id. at 485) issued to Fulton successive general liability policies in effect from October 1984 through

2

September 1993, for a total of nine years of coverage. Id. at 487.

All of the above policies cover Fulton for claims such as the Asbestos Claims. Id. at 486.

Fulton, thus, has 17 years of known available coverage for the Asbestos Claims. Id.

On May 10, 2013, however, the Circuit Court of Cook County, Illinois entered an Order of Liquidation with respect to the insolvency of AMICO, eliminating coverage under the AMICO policies as of that date and reducing the number of known available policy years from 17 to eight. [D.E. 82-1 at ¶¶ 26, 28.]

Thus, as respects those Asbestos Claims potentially implicating all policies, until May 10, 2013, the insurers' pro rata share of defense costs (rounded off, and without allocating a share to Fulton) was: AMICO (9/17 - 53%); Travelers (4/17 - 23.5%); Lamorak/OneBeacon (3/17 - 17.65%); Wausau (1/17 - 5.9%). Fulton Boiler Works Inc., v. Am. Motorists Ins. Co., et al., 5:06-cv-1117 (GTS/DEP), 2010 U.S. Dist. LEXIS 28756, *8 (N.D.N.Y. March 25, 2010). Ex. B to Lamorak Stmt. of Facts ("2010 Order") (finding that pro rata allocation of defense costs between the insurers is the applicable standard). Pursuant to standard allocation principles established under New York law, the carriers' indemnity obligation for each claim would be prorated based on the time each insurer was on the risk during the overall time period that an injury-in-fact occurred. 2011 Order, Ex. A at 490. In the event that Fulton was uninsured or insufficiently insured during a claimant's injury, Fulton would be assigned a pro rata share of its own indemnity. Id.

After May 10, 2013, the proportion of defense costs changed to: Travelers (4/8 - 50%); Lamorak/OneBeacon (3/8 - 37.5%); Wausau (1/8 – 12.5%). After May 10, 2013, indemnity will continue to be determined based on each insurers' time on the risk for each injury, with allocation to Fulton and/or the New York State Liquidation Bureau for those periods where

Fulton was either uninsured or underinsured and for the periods that now insolvent AMICO was on the risk. Id. at 498.

### C. Notice of the Asbestos Claims to the Insurers and their Contribution to Fulton's Defense Costs

Fulton initially sought coverage for the Asbestos Claims from Lamorak and AMICO, the only liability insurers Fulton was aware of at the time. 2011 Order, Ex. A at 487.

Lamorak and AMICO agreed to defend Fulton for the Asbestos Claims under the respective primary policies that they issued. Id.

Lamorak has been participating in Fulton's defense and indemnity of the Asbestos Claims since in or around 1992 and up to and including the present, pursuant to a comprehensive reservation of rights to seek reimbursement of those amounts paid in excess of Lamorak's pro rata share. See Affidavit of Henry J. Townsend, dated June 13, 2018 ("Townsend Aff.")

In October 2001, Fulton requested that Travelers conduct a search for policies issued to Fulton which might cover the Asbestos Claims. 2010 Order, Ex. B at *3.

By letter dated October 10, 2001, AMICO advised Travelers that it and Lamorak believed that Travelers had issued policies to Fulton in the 1970s and requested that Travelers search for them. 2011 Order, Ex. A at 495-96. The letter also advised Travelers that more than 14,000 asbestos-related complaints had been filed against Fulton. Id. at 496.

In or about January 2004, Travelers agreed to participate on the defense of the Asbestos Claims, but based only on a single year of coverage. 2010 Order, Ex. B at *9.

Thereafter, Travelers periodically issued letters to Fulton dated January 8, 2004, February 10, 2004, May 7, 2004, August 6, 2004, April 4, 2005, January 17, 2006, May 12, 2006, June 15, 2006, August 8, 2006, October 18, 2006, and March 6, 2007, acknowledging receipt and a duty to defend subject to a reservation of rights, and listing the Asbestos Claims for which it

acknowledged notice ("the Acknowledged Asbestos Claims"). See Certification of Kristin V. Gallagher, Ex. C ("Gallagher Cert.").

Wausau's policy was discovered in December 2005. 2011 Order, Ex. A at 487.

Thereafter, consistent with the proportionate years of coverage the insurers at that time believed they provided to Fulton, they entered into an "interim" modified cost-sharing agreement that divided the defense costs among AMICO (64.5%), Lamorak (21.5%), Travelers (7%) and Wausau (7%). Id.

On April 30, 2009, Travelers conceded that it owed Fulton four years of coverage. 2010 Order, Ex. B at *3.

Although, due to its failure to acknowledge the additional three years of coverage owed to Fulton until April 30, 2009, and its failure to begin paying any defense costs until August 2006, Travelers had underpaid its share of defense costs with regard to the Acknowledged Asbestos Claims, and Lamorak thus overpaid its share, Travelers has never compensated Lamorak for its resulting overpayments. Townsend Aff.

**D.  The Acknowledged Asbestos Claims and Travelers' Disclaimers of the Remaining Asbestos Claims**

Travelers sent a letter to Fulton, dated May 15, 2013, attaching a list of approximately 3,300 Asbestos Claims for which Travelers acknowledged notice, i.e., the Acknowledged Asbestos Claims. [D.E. 60-6, Exhibit 1.]

In its May 15, 2013 letter, Travelers claimed that it had not received thousands of Asbestos Claims and stated that Travelers had "recently discovered the existence of several other lawsuits" referenced in status reports provided by defense counsel and denied that such discovery of those other lawsuits constituted proper notice. Id.

5

F.  **The Instant Action**

As a result of AMICO's insolvency, a determination as to how AMICO's share of defense and indemnity must be allocated was required and, on December 11, 2013, Lamorak commenced this action seeking, in part and as is relevant here, a declaration that it is entitled to equitable contribution from Travelers for amounts that Lamorak has paid, or will pay, in excess of its pro rata share due to Travelers' refusal to contribute. [D.E. 1.]

By correspondence dated April 4, 2013, Lamorak demanded that Travelers reimburse overpayments made by Lamorak in Fulton's defense and indemnity in the Asbestos Claims (including several of the Acknowledged Asbestos Claims) due to Travelers' failure to pay its pro rata share. [D.E. 84-1.]

Travelers responded to Lamorak's demand by correspondence dated May 20, 2013. [D.E. 84-2.]

Lamorak and Fulton have resolved their differences and entered into a settlement agreement with respect to the First Cause of Action that had been asserted by Lamorak against Fulton. [D.E. 71.]

On June 8, 2017, Lamorak filed a stipulation to amend the caption to reflect its name change from OneBeacon America Insurance Company to Lamorak Insurance Company. [D.E. 124.]

### III.  LEGAL ARGUMENT

A.  **Travelers has underfunded its pro rata share of defense and indemnity as respects the Acknowledged Asbestos Claims.**

Lamorak is entitled to summary judgment with regard to the amounts it paid beyond its pro rata share in defense and indemnity costs for the Acknowledged Asbestos Claims due to

6

Travelers' failure to correct its shortfall in payments after conceding that it provided Fulton with four years of coverage.

In October 2001, Fulton requested that Travelers conduct a search for policies issued to Fulton which might cover the Asbestos Claims. 2010 Order, Ex. B at *3. In or about January 2004, Travelers agreed to participate in the defense of the Asbestos Claims based only on a single year of coverage. Id. On April 30, 2009, Travelers conceded that it owed Fulton four years of coverage. Id.; Exhibit A at 486. Thus, Travelers' pro rata share of defense costs preceding AMICO's liquidation (rounded off, and without allocating a share to Fulton) was 23.5%.[1] Further, as noted in the 2011 Order, the insurer's liability for each Asbestos Claim must be prorated based on the time each insurer provided coverage during the overall time period that the injury-in-fact occurred, including assignment to Fulton (or the New York Liquidation Bureau) for its share of indemnity for any injury occurring between 1949 and October 1976, when Fulton did not have asbestos liability coverage. 2011 Order, Ex. A at 498. Fulton is also solely liable for indemnity costs for injuries-in-fact occurring after October 1, 1993. Id. See also Continental Cas. Co. v. Employers Ins. Co. of Wausau, 22 Misc. 3d 729, 739, 865 N.Y.S.2d 855 (N.Y. Sup. Ct., N.Y. County 2008), *rev'd on other grounds*, 85 A.D.3d 403, 923 N.Y.S.2d 538 (1st Dept. 2011) (insured is responsible for its own indemnity for self-insured periods or for periods during which the insured was covered by a now insolvent insurer). Travelers, however, has never corrected its shortfall in defense or indemnity payments that were made before it acknowledged that it provided Fulton with four years of coverage.

By correspondence dated April 4, 2013, Lamorak requested that Travelers reimburse it a total of $503,846.62, which at the time reflected Lamorak's calculated overpayment of its pro rata share of defense and indemnity costs in the Asbestos Claims (including several of the

---

[1] Fulton had 17 years of known liability coverage for asbestos claims.

7

Acknowledged Asbestos Claims). [D.E. 84-1.] Nonetheless, Travelers has refused to reimburse Lamorak for its overpayments that were a result of Travelers' failure to pay its appropriate share of costs. [D.E. 84-2.]

To date, Lamorak calculates that it has overpaid its pro rata share of Fulton's defense costs for 2,324 of the Acknowledged Asbestos Claims by $69,437.84. See Affidavit of Martin Martinovic, sworn to June 13, 2018 ("Martinovic Aff."). Based on invoices submitted by Fulton's New York defense counsel, BMM, those costs were incurred from October 10, 2001 through May 4, 2010 and, adding 9% statutory interest per annum under NY CPLR §§ 5001 and 5004, totaling $81,554.76, Lamorak is entitled to recover $150,992.60 from Travelers for Lamorak's overpayment of defense costs. Id.

With respect to indemnity payments for those 2,324 Acknowledged Asbestos Claims, Lamorak calculates that it has overpaid its pro rata share by $43,007.01. Id. These indemnity payments were also made between October 10, 2001 and May 4, 2010, and adding statutory interest totaling $45,049.01, Lamorak is entitled to recover $88,056.02 from Travelers for Lamorak's overpayment of indemnity. Id.

In sum, as a result of Travelers' failure to fully defend and indemnity the Acknowledged Asbestos Claims, Lamorak overpaid its allocable share of defense and indemnity costs for 2,324 Acknowledged Asbestos Claims by at least $112,444.85 from October 10, 2001 through May 4, 2010. Id. Adding 9% interest per annum totaling $126,603.77, Lamorak has overpaid its share of defense and indemnity of these 2,324 Acknowledged Asbestos Claims by at least $239,048.62 and is entitled to reimbursement of that amount in full from Travelers. Indeed, Travelers is the only party which has not paid its pro rata share of defense costs and indemnity.

Accordingly, Lamorak is entitled to summary judgment and reimbursement from Travelers of the amounts it paid in defense and indemnity costs over its pro rata share due to

Travelers refusal to properly contribute to same. While Lamorak did not assert a cause of action for this specific relief, pursuant to F.R.C.P. Rule 15(b), it is respectfully submitted that the Complaint be deemed amended to conform with the proofs submitted herein. See, e.g., Clomon v. Jackson, 988 F.2d 1314, 1323 (2d Cir. 1993) ("[T]he undisputed facts as presented on the summary judgment motion served as a basis to deem the complaint amended to conform with the proof pursuant to Fed.R.Civ.P. 15(b)."); M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F.Supp.2d 205, 213 n.8 (E.D.N.Y. 2010) (deeming the complaint amended under Rule 15(b) to conform with the evidence presented on the summary judgment motion); Regent Ins. Co. v. Storm King Contracting, Inc., No. 06-CV-2879, 2008 U.S. Dist. LEXIS 16513, 2008 WL 563465, at *13-14 (S.D.N.Y. Feb. 27, 2008) (applying Rule 15(b) standard where plaintiff sought to amend its claims at summary judgment to conform its pleadings to additional evidence revealed through discovery); In re Citron, 433 B.R. 62, 2010 WL 2978062, at *5 (Bankr. E.D.N.Y. 2010) ("The undisputed facts presented by the summary judgment pleadings provide the basis to deem the Complaint amended to conform to the evidence, as authorized by FRCP 15(b).").

As shown, the evidence demonstrates that Lamorak's pleading should be conformed to the proofs here. Additionally, Travelers can claim no prejudice or surprise, as Lamorak has consistently and repeatedly maintained that it is entitled to reimbursement from Travelers for its underpayments. It would be inequitable and would result in a windfall to Travelers if Travelers were permitted to continue to take the stance that it is not required to contribute its pro rata share based on four years of coverage for the defense and indemnity of the Acknowledged Asbestos Claims. As a result, the Complaint must be deemed amended to include a claim for reimbursement of the amounts that Lamorak paid in excess of its pro rata share due to Travelers' failure to fund its shortfall once it acknowledged a four-year coverage block. Upon such

amendment, Lamorak is entitled to summary judgment and reimbursement from Travelers for those Acknowledged Asbestos Claims where Travelers' contribution was based on only one policy year as opposed to four.

**B.     Lamorak is entitled to statutory interest from the date of payment of all defense and indemnity costs to which it is entitled to recover against Travelers.**

To avoid any doubt, Lamorak asks that the Court declare that Lamorak is indeed entitled to 9% statutory interest under NY CPLR §§ 5001 and 5004 on those amounts it determines that Travelers owes to it from the dates of payment, as well-settled law establishes. See U.S. Fire Ins. Co. v. Fed. Ins. Co., 858 F.2d 882, 887-89 (2d Cir. 1988); Royal Indem. Co. v. Providence Washington Ins. Co., 966 F. Supp. 149, 150-51 (N.D.N.Y. 1997).

## IV.     CONCLUSION

For the foregoing reasons, it is respectfully submitted that Lamorak's motion for summary judgment on the issue of Lamorak's equitable reimbursement claim against Travelers must be granted in its entirety.

KENNEDYS CMK LLP

By: /s/ Kristin V. Gallagher
Kristin V. Gallagher (Bar Roll 516409)
Joanna L. Young (Bar Roll 517169)
Max W. Gershweir (Bar Roll 520766)

570 Lexington Avenue, 8th Floor
New York, New York 10022
Phone: (212) 252-00004
Fax: (212) 252-0444
Counsel for Plaintiff
*Lamorak Insurance Company f/k/a*
*OneBeacon America Insurance Company*

Dated:  June 13, 2018