UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LAMORAK INSURANCE COMPANY, f/k/a
ONEBEACON AMERICA INSURANCE
COMPANY,

    Plaintiff,

-against-

FULTON BOILER WORKS, INC., EMPLOYERS
INSURANCE COMPANY OF WAUSAU,
NATIONWIDE MUTUAL INSURANCE
COMPANY, and TRAVELERS CASUALTY AND
SURETY COMPANY,

    Defendants,

and

FULTON BOILER WORKS, INC.,

    Third-Party Plaintiff,

-against-

BROWN & BROWN OF NEW YORK, INC., f/k/a
THE YOUNG AGENCY,

    Third-Party Defendant.

Case No. 5:13-CV-1525 [MAD/TWD]

Judge Mae A. D'Agostino, U.S.D.J.
Judge Thérèse Wiley Dancks, U.S.M.J.

---

**FULTON BOILER WORKS, INC.'S BRIEF IN OPPOSITION TO
TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING ITS NOTICE DEFENSE**

---

**McCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019
Phone: 212.609.6800
Fax: 212.609.6921
Attorneys for Defendant/Third-Party Plaintiff
Fulton Boiler Works, Inc.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................................2

ARGUMENT

   POINT I

   FULTON DOES NOT SEEK TO RE-LITIGATE THE DECEMBER 9, 2011
   MEMORANDUM – DECISION AND ORDER. ...................................................................2

   POINT II

   FULTON'S EVIDENCE MEETS THE STANDARD FOR PROPER NOTICE
   ESTABLISHED BY THIS COURT..........................................................................................4

   POINT III

   TRAVELERS IGNORES ITS OBLIGATION TO DENY COVERAGE AS SOON
   AS IS REASONABLY POSSIBLE. .........................................................................................6

   POINT IV

   TRAVELERS CANNOT ASSERT LATE NOTICE FOR ASBESTOS LAWSUITS
   FOR WHICH IT RECEIVED NOTICE WITHIN A REASONABLE TIME OF
   WHEN IT ACKNOWLEDGED ITS POLICIES. ...................................................................7

CONCLUSION................................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Boguslavsky v. Kaplan*,
  159 F.3d 715 (2d Cir. 1998) ................................................................................................. 2

*Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.*,
  822 F.2d 267 (2d Cir. 1987) ................................................................................................. 7

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*,
  No. 5:06-CV-1117, 2010 WL 1257943 (N.D.N.Y. Mar. 25, 2010) ..................................... 8

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*,
  828 F. Supp. 2d 481 (N.D.N.Y. 2011) ....................................................................... 3, 4, 5, 6

*H. S. Equities, Inc. v. Hartford Acc. & Indem. Co.*,
  661 F.2d 264 (2d Cir. 1981) ................................................................................................. 7

*St. Pierre v. Dyer*,
  208 F.3d 394 (2d Cir. 2000) ................................................................................................. 2

**STATE CASES**

*Am. Trans. Ins. Co. v. Sartor*,
  3 N.Y.3d 71 (2004) .............................................................................................................. 7

*Juvenex Ltd. v. Burlington Insurance Co.*,
  882 N.Y.S.2d 47 (App. Div. 2009) ...................................................................................... 7

*Moye v. Thomas*,
  544 N.Y.S. 2d 675 (App. Div. 1989) ................................................................................... 8

**STATE STATUTES**

New York Insurance Law § 3420(d)(2) ................................................................................ 6, 7

## PRELIMINARY STATEMENT

Travelers Casualty and Surety Company ("Travelers") continues to defy this Court's December 9, 2011 Memorandum – Decision and Order. In an attempt to perpetuate its obstinacy, Travelers now argues – after four and a half years of litigation – that res judicata and collateral estoppel preclude Fulton Boiler Works, Inc. ("Fulton") from enforcing its rights under the Memorandum – Decision and Order. Neither doctrine applies, however, because the Memorandum – Decision and Order expressly provides that it does not resolve Travelers's notice defense regarding any individual asbestos lawsuits, but instead establishes "ground rules" by which to determine Travelers's notice defense on a case-by-case basis.

The evidence submitted by Fulton, moreover, satisfies the notice standard in the Memorandum – Decision and Order. Travelers received information regarding the claimants and the nature of the occurrences for all asbestos lawsuits on the 2008 and 2012 lists provided to Travelers by Barry, McTiernan & Moore, as well as in the approximately one-hundred boxes at Fulton's headquarters in 2009. Travelers's contention that Fulton had an obligation to use magic language formally tendering the asbestos lawsuits borders on the absurd. Obviously, Fulton would not have notified Travelers of asbestos lawsuits for which it did not seek coverage.

Finally, Travelers, has no right to assert late notice. The Memorandum – Decision and Order established that Travelers waived its notice defense if it did not disclaim based on late notice "as soon as is reasonably possible" after it received notice. Travelers waited years to issue its denials and, therefore, waived its late notice argument. At a minimum, , Travelers cannot assert late notice under policy number 52 SM 801894 for any asbestos lawsuits for which it had been notified at the time of or soon after it acknowledged the existence of the policy in April of 2009.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Fulton incorporates by reference the "Factual Background and Procedural History" portion of its June 13, 2018 Brief in Support of its Motion for Partial Summary Judgment Regarding Travelers's Notice Defense. Dkt. No. 150-1 at 1-6.

## ARGUMENT

### POINT I

### FULTON DOES NOT SEEK TO RE-LITIGATE THE DECEMBER 9, 2011 MEMORANDUM – DECISION AND ORDER.

In a desperate attempt to avoid a ruling that it wrongly refuses to cover thousands of asbestos lawsuits, Travelers argues res judicata and collateral estoppel apply based on this Court's December 9, 2011 Memorandum – Decision and Order. Dkt. No. 151-1 at 16-20. Res judicata precludes "re-litigating issues that were or could have been raised in" a prior action, while collateral estoppel "precludes a party from relitigating in a subsequent proceeding an issue of law or fact that has already been decided in a prior proceeding." *St. Pierre v. Dyer*, 208 F.3d 394, 399-400 (2d Cir. 2000); *Boguslavsky v. Kaplan*, 159 F.3d 715, 719-20 (2d Cir. 1998). In reality, Travelers, consistent with its approach with Fulton for more than fifteen years, is simply searching for a means to avoid providing coverage.

The express terms of the Memorandum – Decision and Order belie Travelers's argument. The Memorandum – Decision and Order explicitly states it did not finally resolve Travelers's notice defense as to any specific asbestos lawsuits, but merely provided the "ground rules" to apply to each specific asbestos lawsuit:

> *This order is not intended to definitively resolve any individual Asbestos Claims.* Indeed, *no individual claims against Fulton are pending in this action. This order shall instead serve*, in conjunction with the March 25, 2010, 2010 WL 1257943, order, *as direction for the parties going forward.* These two orders resolve all

2

>   declaratory matters raised by the parties *and provide the "ground rules" by which the parties are now bound as they resolve past, pending, and future Asbestos Claims.*

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, 828 F. Supp. 2d 481, 498 (N.D.N.Y. 2011) (emphasis added). The Memorandum – Decision and Order, in other words, expressly directs the parties to review evidence and determine whether notice had been provided to Travelers in compliance with the Court's "ground rules."

Fulton, moreover, does not seek to re-litigate the December 9, 2011 Memorandum – Decision and Order. Instead, Fulton requests a ruling regarding Travelers's notice defense pursuant to the standard established in the Memorandum – Decision and Order, which held:

>   Travelers must contribute its pro rata share of defense and indemnity costs based on the four years of acknowledged coverage, 1976-1980, for claims of which it received, within a reasonable time, a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences. *This will require a case-by-case analysis of the underlying claims and documents provided to Travelers.*

*Fulton*, 828 F. Supp. 2d at 497 (emphasis added). Consistent with the Memorandum – Decision and Order, Fulton contends Travelers received proper notice of the thousands of asbestos lawsuits listed on the September 2008 and August 2012 lists from Fulton's defense counsel, as well as the boxes of pleadings produced in the prior coverage action in 2009. Dkt. Nos. 60-7 at Ex. 4; 60-4; 60-5; and 150-3 at Ex. 1. In short, Fulton does not ask the Court to redefine the criteria for proper notice established in the prior litigation, but simply requests that the Court apply them to the evidence and determine Travelers breached its notice obligations.

## POINT II

## FULTON'S EVIDENCE MEETS THE STANDARD FOR PROPER NOTICE ESTABLISHED BY THIS COURT.

Travelers wrongly contends that Fulton's evidence does not meet the notice standard established by the Memorandum – Decision and Order. Dkt. No. 151-1 at 20-25. As stated, the Court held Travelers must cover all asbestos claims for which it received:

> …a complaint and/or letter identifying Fulton as the insured and any reasonably obtainable information regarding the injured parties and the nature of the occurrences.

*Fulton*, 828 F. Supp. 2d at 497. As set forth more fully in Fulton's June 13, 2018 Motion for Partial Summary Judgment Regarding Travelers's Notice Defense, Fulton's evidence satisfies that standard:

- The list of asbestos lawsuits provided to Travelers by Barry, McTiernan & Moore on September 17, 2008 identifies the claimant, court index number, and the alleged disease. Dkt. No. 60-7 at Ex. 4.

- The approximately one-hundred boxes of pleadings made available to Travelers in the prior litigation, of course, contain the requisite information on the pleadings themselves. Dkt. Nos. 60-4 and 60-5.

- The August 2, 2012 list of asbestos lawsuits Barry, McTiernan & Moore provided to Travelers sets forth the plaintiff and law firm, index number, date of filing, venue, and status. Dkt. 150-3 at Ex. 1.

Travelers weakly attacks the list of asbestos lawsuits in the approximately one-hundred boxes of pleadings made available to Travelers in 2009 as inadequate because the list itself did not describe the nature of the occurrences. Dkt. No. 151-1 at 23. Travelers wholly misses the point. As Mr. Simmons testified in his Affidavit, the list identifies all asbestos lawsuits for

4

which there are pleadings and other file documentation in the boxes at Fulton's headquarters. Dkt. No. 60-4 at ¶¶ 2-3. Travelers's counsel in the prior litigation went to Fulton's headquarters, reviewed the boxes, and, accordingly, accessed all of the pleadings on the list. *Id.* at ¶ 5. It is indisputable that the pleadings describe the allegations against Fulton and, therefore, contain the information required by the Memorandum – Decision and Order.

Travelers also contends the Court would shift the notice obligation to Travelers if it concludes the boxes of pleadings constitute proper notice. Dkt. No. 151-1 at 23-24. Travelers ignores a crucial fact: its counsel visited Fulton's headquarters in the prior litigation and reviewed the boxes. Dkt. No. 60-4 at ¶ 5. The burden, therefore, would not shift because Travelers actually accessed and reviewed all of the pleadings. In contrast to Travelers's assertions, moreover, Travelers did not have to "sort through one hundred boxes of documents in the hopes" of finding the list. Dkt. No. 151-1 at 23. Rather, the list was flagged in one of the eighteen boxes set aside, copied by Fulton, and then produced to all parties. Dkt. No. 60-4 at ¶ 4.

Because the evidence falls squarely within the notice standard, Travelers asks the Court to add a formal requirement that Fulton expressly state its intention to "tender" each asbestos lawsuit to Travelers. Dkt. No. 151-1 at 22. The Memorandum – Decision and Order, however, plainly holds that Travelers must cover all claims for which it received notice. *Fulton*, 828 F.Supp.2d at 497. No magic language tendering the claims is necessary as long as Travelers received notice. Travelers's position exceeds the bounds of reason. Fulton would never have notified Travelers of asbestos lawsuits or made pleadings available in the prior litigation unless it sought coverage for them. Any suggestion to the contrary defies rationality. Travelers feigns ignorance in yet another ploy to avoid providing coverage. Accordingly, Travelers's motion should be denied.

## POINT III

### TRAVELERS IGNORES ITS OBLIGATION TO DENY COVERAGE AS SOON AS IS REASONABLY POSSIBLE.

Travelers argues it does not have to cover any additional asbestos lawsuits because Fulton allegedly did not provide notice "within a reasonable time." Dkt. No. 151-1 at 21. Even if true, however, Travelers's assertion ignores the Memorandum – Decision and Order's determination that Travelers waived its notice defense for all asbestos lawsuits for which it did not disclaim coverage "as soon as is reasonably possible" as required by New York Insurance Law § 3420(d)(2). The Court found "Travelers is barred from now disclaiming coverage for any of the claims for which it received proper notice" unless it proves "it disclaimed coverage for particular underlying claims in a timely manner." *Fulton*, 828 F.Supp.2d at 495-98.

Travelers plainly did not deny coverage based on late notice "as soon as is reasonably possible." Travelers received lists of asbestos lawsuits from Fulton in September of 2008 and August of 2012, as well as reviewed all of the pleadings in the approximately one hundred boxes in May of 2009, but did not deny coverage based on late notice *until its May 15, 2013 letter*. Dkt. No. 60-6, Ex. 1. Travelers, in other words, waited years to issue its denials for thousands of the lawsuits referenced in those materials.

Incredibly, Travelers contends that its April 20, 2015 denial of the *Strader*, *Thompson*, and *Wilsnack* lawsuits qualifies as a timely disclaimer. Dkt. No. 151-1 at 22. As Travelers acknowledges, each of the three lawsuits appears on Barry, McTiernan & Moore's September 17, 2008 list. Dkt. No. 151-1 at 11. Travelers, in other words, argues that a nearly *seven year* delay in denying coverage somehow satisfies its obligation to disclaim coverage "as soon as is reasonably possible." Travelers's position not only contradicts both New York Insurance Law

6

§ 3420(d)(2) and the Memorandum – Decision and Order, but is hypocritical in light of its contention that alleged delays by Fulton permit Travelers to escape coverage.

For similar reasons, *Juvenex Ltd. v. Burlington Insurance Co.*, 882 N.Y.S.2d 47 (App. Div. 2009), which Travelers cites, is factually distinguishable. In that case, the Court upheld the insurer's late notice defense because the policyholder waited two months to provide notice. *Id.* at 554. Critically, the insurer promptly disclaimed coverage. *Id.* at 554.[1] Travelers, in contrast, waited years to provide coverage for the thousands of asbestos lawsuits on the September of 2008 and August of 2012 lists, as well as the pleadings listed on Exhibit "A" to Mr. Simmons' Affidavit.

## POINT IV

### TRAVELERS CANNOT ASSERT LATE NOTICE FOR ASBESTOS LAWSUITS FOR WHICH IT RECEIVED NOTICE WITHIN A REASONABLE TIME OF WHEN IT ACKNOWLEDGED ITS POLICIES.

As set forth more fully in Fulton's June 13, 2018 Motion for Partial Summary Judgment Regarding Travelers's Notice Defense, Travelers cannot assert late notice for asbestos lawsuits for which it received notice within a reasonable time of when it acknowledged the existence of its policies. The purpose of notice provisions in insurance policies is to allow insurers an opportunity to investigate and protect themselves by gaining early control over claims against policyholders. *Am. Trans. Ins. Co. v. Sartor*, 3 N.Y.3d 71, 75 (2004); *Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.*, 822 F.2d 267, 271 (2d Cir. 1987). Thus, an insurer that contends its policy does not provide coverage waives the notice requirement because it has no

---

[1] Briefs submitted in connection with the appeal in *Juvenex* reveal the insurer actually denied coverage within one business day of receiving notice. *Juvenex*, No. 888, 2009 WL 7613644 at *4.


intention of controlling the claim. *H. S. Equities, Inc. v. Hartford Acc. & Indem. Co.*, 661 F.2d 264, 270 (2d Cir. 1981).

Fulton had no obligation to notify Travelers of asbestos lawsuits before Travelers acknowledged its policies because Travelers would not have investigated or exercised control over the lawsuits. Travelers did not acknowledge policy number 52 SM 801894 (covering October 1, 1976 through October 1, 1979) until April 2009. *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *3 (N.D.N.Y. Mar. 25, 2010). Travelers did not investigate or take other action under the policy before it admitted its existence. *See, e.g.*, Dkt. No. 60-11, Ex. 5 at 3 (stating "as we are not able to confirm the existence, terms and/or conditions of any such alleged policies, we are unable to confirm a duty to defend or indemnify Fulton Boilers under such alleged policies"); *Moye v. Thomas*, 544 N.Y.S. 2d 675, 676 (App. Div. 1989) (finding policyholder's failure to comply with policy condition requiring forwarding of suit papers to insurer would have been "useless act" because insurer previously had denied coverage). By the time it admitted policy number 52 SM 801894, Travelers had received the September 2008 list and, within weeks, its counsel reviewed the boxes of pleadings in Fulton's headquarters. At a minimum, then, Travelers must provide coverage under policy number 52 SM 801894 for all asbestos lawsuits on the September 2008 list and/or included in the boxes of pleadings.

## CONCLUSION

For all the foregoing reasons, the Court should deny Travelers's motion for partial summary judgment.

                                        Respectfully submitted,

                                        Attorneys for Defendant/Third-Party Plaintiff
                                        Fulton Boiler Works, Inc.

By: *s/ Nicholas M. Insua*
      Nicholas M. Insua (Bar Roll # 520377)
      David C. Kane (Pro Hac Vice Bar Roll # 518939)
      **McCarter & English, LLP**
      Worldwide Plaza
      825 Eighth Avenue, 31st Floor
      New York, NY 10019
      Phone: 212.609.6800
      Fax: 212.609.6921

DATED: July 20, 2018