UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMORAK INSURANCE COMPANY, f/k/a ONEBEACON AMERICA INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>FULTON BOILER WORKS, INC., EMPLOYERS INSURANCE COMPANY OF WAUSAU, NATIONWIDE MUTUAL INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>Defendants,<br><br>and<br><br>FULTON BOILER WORKS, INC.,<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>BROWN & BROWN OF NEW YORK, INC., f/k/a THE YOUNG AGENCY,<br><br>Third-Party Defendant. | Case No. 5:13-CV-1525 [MAD/TWD]<br><br>Judge Mae A. D'Agostino, U.S.D.J.<br>Judge Thérèse Wiley Dancks, U.S.M.J. |

**FULTON BOILER WORKS, INC.'S BRIEF IN OPPOSITION TO TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION TO DISMISS CROSSCLAIMS REGARDING ALLOCATION OF DEFENSE FEES AND COSTS AND IN SUPPORT OF ITS CROSS-MOTION**

**McCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019
Phone: 212.609.6800
Fax: 212.609.6921
Attorneys for Defendant/Third-Party Plaintiff
Fulton Boiler Works, Inc.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................1

FACTUAL BACKGROUND

A. The Asbestos Lawsuits ....................2

B. The Prior Insurance Coverage Action And This Court's Ruling That Fulton's Primary Insurers Collectively Must Pay All Of Fulton's Defense Fees And Costs. ....................2

C. The Current Insurance Coverage Lawsuit ....................3

ARGUMENT

POINT I

FULTON HAS NO OBLIGATION TO FUND ANY DEFENSE FEES AND COSTS OTHERWISE ALLOCABLE TO KEMPER....................4

A. This Court Previously Held that Fulton Has No Obligation to Pay Defense Fees and Costs if Any Unexhausted Primary Policy Has Been Triggered. ....................4

B. The Cases Cited By Travelers Do Not Support Allocation Of Defense Fees And Costs To Fulton....................6

POINT II

KEMPER'S INSOLVENCY DOES REDUCE TRAVELERS'S OBLIGATION TO FUND DEFENSE FEES AND COSTS....................8

A. New York Law Does Not Support Allocating Defense Fees and Costs to Fulton for Insolvent Periods....................8

B. Fulton's Proof Of Claim To Kemper's Estate Does Not Alter Travelers's Defense Funding Obligations. ....................10

CONCLUSION....................11

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Avondale Indus., Inc. v. Travelers Indem. Co.*,
774 F.Supp. 1416 (S.D.N.Y. 1991) ....... 7

*Danaher Corp. v. Travelers Indem. Co.*,
1:10-cv-00121-JPO-JCF, Dkt. Nos. 98 and 227-1 (S.D.N.Y. Sept. 7, 2012) ....... 6

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*,
828 F.Supp.2d 481 (N.D.N.Y. 2011) ....... 2, 6

*Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*,
No. 5:06-CV-1117, 2010 WL 1257943 (N.D.N.Y. March 25, 2010) ....... 2, 3, 4, 5, 7, 8, 9, 11

*Liberty Mutual Insurance Co. v. Fairbanks Co.*,
170 F. Supp. 3d 634 (S.D.N.Y. 2016) ....... 9, 10

*Nat'l Grange Mut. Ins. Co. v. Cont'l Cas. Ins. Co.*,
650 F. Supp. 1404 (S.D.N.Y. 1986) ....... 7

*NL Indus., Inc. v. Commercial Union Ins. Co.*,
926 F. Supp. 446 (D.N.J. 1996) ....... 7

*Olin Corp. v. Century Indem. Co.*,
522 Fed. App'x 78 (2d Cir. 2013) ....... 6

*Stonewall Insurance Co. v. Asbestos Claims Management Corp.*,
73 F.3d 1178 (2d Cir. 1995) ....... 6, 9, 10

**STATE CASES**

*Am. Empire Surplus Lines Ins. Co. v. W. Am. Ins. Co.*,
No. 116334/07, 2008 N.Y. Misc. LEXIS 10724 (N.Y. Sup. Ct. Dec. 30, 2008) ....... 6

*Atl. Mut. Ins. Co. v. Atl. Nat'l Ins. Co.*,
326 N.Y.S.2d 438 (App. Div. 1971) ....... 7

*Consolidated Edison Co. of N.Y. v. Allstate Insurance Co.*,
98 N.Y.2d 208 (2002) ....... 6

*Continental Casualty Co. v. Employers Insurance Co. of Wausau*,
22 Misc. 3d 729 (Sup. Ct. 2008) ....... 9

*Continental Casualty Co. v. Rapid-American Corp*,
80 N.Y.2d 640 (1993) ....... 5, 7, 9, 11

*Fed. Ins. Co. v. Atl. Nat'l Ins. Co.*,
25 N.Y.2d 71 (1969) ....................7

*Keyspan Gas East Corp. v. Munich Reinsurance America, Inc.*,
31 N.Y.3d 51 (2018) ....................6, 9, 10

*Mt. McKinley Ins. Co. v. Corning Inc.*,
No. 602454/2002, 2012 N.Y. Misc. LEXIS 6531 (Sup. Ct. Sept. 7, 2012)....................7, 10

*Nomet Management Corp. v. Virginia Surety Co.*,
No. 600612/2008, 2012 N.Y. Misc. LEXIS 6656 (Supr. Ct. Apr. 2, 2012) ....................9, 10

*Travelers Cas. & Sur. Co. v. Alfa Laval, Inc.*,
954 N.Y.S.2d 23 (App. Div. 2012)....................5

*Travelers Ins. Co. v. State Ins. Fund*,
588 N.Y.S.2d 973 (Ct. Cl. 1992) ....................7

## PRELIMINARY STATEMENT

Travelers Casualty and Surety Company ("Travelers") asks the Court to dismiss Fulton Boilers Works, Inc.'s ("Fulton") cross-claim seeking a ruling that Travelers must contribute toward defense fees and costs otherwise allocable to American Motorists Insurance Company and American Manufacturers Mutual Insurance Company (collectively, "Kemper"), which are now insolvent. Travelers's position contradicts this Court's March 25, 2010 Decision and Order in the prior litigation between the parties, which ordered the insurers collectively to pay 100% of Fulton's defense fees and costs. The Court, in fact, determined that Fulton has no obligation to contribute even for uninsured periods. Kemper's insolvency has no impact on the insurers' collective duty to fund all defense fees and costs. Thus, the Court should deny Travelers's partial summary judgment motion and, instead, grant Fulton's cross-motion requiring Travelers to contribute toward defense fees and costs otherwise allocable to Kemper.

## FACTUAL BACKGROUND

### A. The Asbestos Lawsuits

Since the early 1990s, Fulton has been named as a defendant in thousands of lawsuits nationwide alleging bodily injury, wrongful death, and/or other damages related to or arising out of boilers it manufactured that allegedly contained asbestos. *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *1 (N.D.N.Y. March 25, 2010). Fulton manufactured the boilers that allegedly contained asbestos from 1949 through the mid-1970s. *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, 828 F.Supp.2d 481, 486 (N.D.N.Y. 2011).

### B. The Prior Insurance Coverage Action and this Court's Ruling that Fulton's Primary Insurers Collectively Must Pay All of Fulton's Defense Fees and Costs.

In April 2006, Fulton filed a lawsuit in New York Supreme Court against two of its primary insurers, Lamorak Insurance Company ("Lamorak") and Kemper, regarding the scope of insurance coverage available to Fulton for the asbestos lawsuits. *Fulton*, 828 F. Supp. 2d at 485. Lamorak removed the action to this Court under the caption *Fulton Boiler Works, Inc. v. American Motorists Insurance Co., et al.*, No. 5:06-CV-1117 (N.D.N.Y.). *Id.* Lamorak and Kemper then brought third-party actions against Travelers, Employers Insurance Company of Wausau ("Wausau"), and Nationwide Mutual Insurance Company ("Nationwide"). *Fulton*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *1.

On March 25, 2010, this Court issued a Decision and Order holding that Lamorak, Travelers, Wausau, Nationwide, and Kemper collectively must pay 100% of Fulton's past defense fees and costs for the asbestos lawsuits:

> [The insurers] are ordered to pay all of Plaintiff's outstanding defense costs in the underlying lawsuits.

*Id.* at *8. The Court also ordered the insurers to fund all defense fees and costs for future suits that are potentially covered:

> ...with regard to future defense costs in the underlying lawsuits, again, "[s]o long as the allegations in a case could conceivably result in liability covered by a policy at issue, [the insurers] must defend."

*Id.* Under the Decision and Order, Fulton has no obligation to contribute toward defense fees and costs. *Id.*

**C. The Current Insurance Coverage Lawsuit**

Lamorak filed the current insurance coverage lawsuit on or about December 11, 2013, and named as defendants Fulton, Wausau, Nationwide, and Travelers. Dkt. No. 1. Lamorak alleged, among other things, that Fulton must pay defense fees and costs otherwise attributable to Kemper, which became insolvent by order of the Circuit Court of Cook County, Illinois on May 10, 2013. *Id.* at ¶¶ 3-4. Fulton, Lamorak, Wausau, and Nationwide subsequently reached a confidential settlement. *E.g.*, Dkt. No. 82 at 1, n.1. Fulton filed an Amended Answer and Cross-Claim against Travelers on December 5, 2016, which seeks, among other things, a ruling that Travelers must contribute toward defense fees and costs otherwise allocable to Kemper. Dkt. No. 113.

## ARGUMENT

## POINT I

## FULTON HAS NO OBLIGATION TO FUND ANY DEFENSE FEES AND COSTS OTHERWISE ALLOCABLE TO KEMPER.

In the prior coverage action, this Court ordered Fulton's primary insurers, including Travelers, collectively to fund all of Fulton's fees and costs incurred in defense of the asbestos lawsuits. Despite the Court's plain directive, Travelers refuses to abide by the ruling. To support its attempt to circumvent its obligations, Travelers misrepresents this Court's decisions in the prior action and cites cases that do not involve the duty to defend or allocation of defense fees and costs. Travelers impermissibly seeks a second bite at the apple with the hope of obtaining a more favorable ruling, which the Court should reject.

### A. This Court Previously Held that Fulton Has No Obligation to Pay Defense Fees and Costs if Any Unexhausted Primary Policy Has Been Triggered.

Travelers's argument that it has no obligation to contribute toward defense fees and costs otherwise attributable to Kemper misrepresents this Court's rulings in the prior coverage litigation. This Court's March 25, 2010 Decision and Order held that the insurers must "pay *all* of [Fulton's] outstanding defense costs in the underlying lawsuits." *Fulton*, 2010 WL 1257943, *8 (emphasis added). For pending and future asbestos lawsuits, the insurers must defend as "long as the allegations in a case could conceivably result in liability covered by a policy at issue." *Id.* The Decision and Order concluded by holding:

> [Fulton's] request that Defendants be required to pay its entire existing defense costs arising out of the Asbestos Claims is GRANTED…

*Id.* In short, the insurers, including Travelers, collectively must pay all of Fulton's past and future defense fees and costs for covered asbestos lawsuits until exhaustion of their policies. The Decision and Order contains no exception by which the insurers can avoid paying all defense

amounts. Travelers is simply attempting to reargue this Court's decision from the prior litigation to gain an undue advantage.

Travelers incorrectly suggests that the Decision and Order requires Fulton to contribute a *pro rata* share of defense fees and costs. Dkt. No. 152-1 at 11-12. As stated, the Court held in the Decision and Order that the insurers must fund all defense fees and costs without allocation to Fulton. *Fulton*, No. 2010 WL 1257943, *8. The Court plainly held that *pro rata* allocation applies only between the insurers:

> …with regard to allocation of expenses *among Defendants*, pro rata allocation is the applicable standard.

*Fulton*, No. 2010 WL 1257943, *8 (emphasis added).[1] Travelers's contention that Fulton must contribute toward defense fees and costs is a deliberate misreading of the Decision and Order.

The Court's March 25, 2010 Decision and Order is consistent with well-established New York law. In *Continental Casualty Co. v. Rapid-American Corp*, 80 N.Y.2d 640, 655-56 (1993), the New York Court of Appeals held:

> …the duty to defend is broader than the duty to pay, requiring each insurer to defend if there is an asserted occurrence covered by its policy and the insured should not be denied initial recourse to a carrier merely because another carrier may also be responsible. That is the "litigation insurance" the insured has purchased. When more than one policy is triggered by a claim, pro rata sharing of defense costs may be ordered, but *we perceive no error or unfairness in declining to order such sharing, with the understanding that the insurer may later obtain contribution from other applicable policies.*

(Emphasis added.) The Court of Appeals, in other words, held that insurers may have contribution claims against each other, but they have no right to contribution from the policyholder. *Id. See also Travelers Cas. & Sur. Co. v. Alfa Laval, Inc.*, 954 N.Y.S.2d 23, 25 (App. Div. 2012) (ordering Travelers, as primary insurer, to fund policyholder's entire defense);

---

[1] The defendants in the prior coverage litigation included Travelers, Lamorak, Wausau, Nationwide, and Kemper.

*Olin Corp. v. Century Indem. Co.*, 522 Fed. App'x 78, 80 (2d Cir. 2013) (affirming district court's refusal to allocate defense costs to policyholder for uninsured periods); *Am. Empire Surplus Lines Ins. Co. v. W. Am. Ins. Co.*, No. 116334/07, 2008 N.Y. Misc. LEXIS 10724, *6-*7 (N.Y. Sup. Ct. Dec. 30, 2008) (holding that, although policyholder had other insurance policies, insurer had to fund its policyholder's entire defense); *Danaher Corp. v. Travelers Indem. Co.*, 1:10-cv-00121-JPO-JCF, Dkt. Nos. 98 and 227-1 (S.D.N.Y. Sept. 7, 2012) (requiring primary insurer to pay all past and future defense costs). In sum, New York courts do not allocate any portion of defense fees and costs to policyholders.

To support its argument, Travelers intentionally conflates the March 25, 2010 Decision and Order and the December 9, 2011 Memorandum – Decision and Order in the prior coverage action. Dkt. No. 152-1 at 12. While the March 25, 2010 Decision and Order decided allocation of defense fees and costs between the insurers, the December 9, 2011 Memorandum – Decision and Order addressed only the parties' obligations to pay settlements and judgments in the asbestos lawsuits. *Fulton*, 828 F. Supp. 2d at 489. In the December 9, 2011 Memorandum – Decision and Order, the Court held that a *pro rata* allocation applies between the insurers and Fulton for settlements and judgments. *Id.* at 490. Critically, neither decision held that Fulton must contribute to defense fees and costs.

**B. The Cases Cited By Travelers Do Not Support Allocation of Defense Fees and Costs to Fulton.**

Travelers argues that case law supports its position that Fulton must contribute toward defense fees and costs, but relies on cases exclusively addressing insurers' duty to indemnify settlements and judgments. Dkt. No. 152-1 at12-18. For example, *Stonewall Insurance Co. v. Asbestos Claims Management Corp.*, 73 F.3d 1178, 1202 (2d Cir. 1995), *Consolidated Edison Co. of N.Y. v. Allstate Insurance Co.*, 98 N.Y.2d 208, 221-25 (2002), and *Keyspan Gas East*

*Corp. v. Munich Reinsurance America, Inc.*, 31 N.Y.3d 51 (2018), which Travelers contends mandate a *pro rata* allocation of defense fees and costs between insurers and policyholders, address only allocation of settlements and judgments. As this Court previously has determined, an insurer's duty to defend is distinct from, and much broader than, its duty to indemnify its policyholder. *Fulton*, No. 2010 WL 1257943, *5. Cases addressing allocation in connection with the duty to indemnify, therefore, have no application to the duty to defend.

Travelers also cites a number of cases ordering a *pro rata* allocation of defense amounts. Dkt. No. 78-1 at 10-11. Those cases, however, involved allocation only between insurers, rather than between insurers and policyholders. *See Avondale Indus., Inc. v. Travelers Indem. Co.*, 774 F.Supp. 1416, 1436-38 (S.D.N.Y. 1991) (holding competing "other insurance" clauses in primary policies require insurers to contribute "on a pro rata basis according to the policy limits of the policies at issue"); *Nat'l Grange Mut. Ins. Co. v. Cont'l Cas. Ins. Co.*, 650 F. Supp. 1404, 1413 (S.D.N.Y. 1986) (concluding, in a suit between two insurers, that insurers must contribute *pro rata* toward defense expenses); *Fed. Ins. Co. v. Atl. Nat'l Ins. Co.*, 25 N.Y.2d 71, 78-79 (1969) (same); *Atl. Mut. Ins. Co. v. Atl. Nat'l Ins. Co.*, 326 N.Y.S.2d 438, 438 (App. Div. 1971) (finding that, because "other insurance" clauses cancelled each other out, two insurers must contribute toward defense expenses on a *pro rata* basis); *Mt. McKinley Ins. Co. v. Corning Inc.*, No. 602454/2002, 2012 N.Y. Misc. LEXIS 6531, *59 (Sup. Ct. Sept. 7, 2012) (holding *pro rata* allocation is proper for defense costs paid by primary insurers); *Travelers Ins. Co. v. State Ins. Fund*, 588 N.Y.S.2d 973, 974 (Ct. Cl. 1992) (reciting that two insurers must contribute toward defense costs on a *pro rata* basis).[2] The decisions are consistent with this Court's March 25,

---

[2]Only the District of New Jersey's decision predicting New York law in *NL Indus., Inc. v. Commercial Union Ins. Co.*, 926 F. Supp. 446 (D.N.J. 1996) held the policyholder must

2010 Decision and Order, which ordered a *pro rata* allocation of defense fees and costs between the insurers, but did not allocate any amounts to Fulton. *Fulton*, No. 2010 WL 1257943, *8.

**POINT II**

**KEMPER'S INSOLVENCY DOES REDUCE TRAVELERS'S OBLIGATION TO FUND DEFENSE FEES AND COSTS**

Travelers argues that Kemper's insolvency somehow alters the insurers' collective obligation to pay all of Fulton's defense fees and costs in the asbestos lawsuits. Neither New York law nor this Court's prior decisions provide a basis to limit the insurers' collective defense obligations in light of Kemper's insolvency. Fulton's proof of claim to Kemper's estate, moreover, does not excuse Travelers from fulfilling its coverage obligations. Travelers must contribute toward defense fees and costs in the first instance and, if Kemper's estate issues any payments, can collect a portion as contribution.

**A. New York Law Does Not Support Allocating Defense Fees and Costs to Fulton for Insolvent Periods.**

Travelers contends that Fulton must pay defense amounts otherwise allocable to insolvent periods. Dkt. No. 152-1 at 15-16. New York law, however, is clear that an insurer has no right to contribution from the policyholder for defense fees and costs, even if the insurer has contribution rights against another insurer:

> ...the duty to defend is broader than the duty to pay, requiring each insurer to defend if there is an asserted occurrence covered by its policy and the insured should not be denied initial recourse to a carrier merely because another carrier may also be responsible. That is the "litigation insurance" the insured has purchased. When more than one policy is triggered by a claim, pro rata sharing of defense costs may be ordered, but we perceive no error or unfairness in declining to order such sharing, with the understanding that the insurer may later obtain contribution from other applicable policies.

---

contribute toward defense expenses. As *Rapid-American* and its progeny have demonstrated, *NL* was wrongly decided.

*Rapid-Am.*, 80 N.Y.2d at 655-56. The insurers, therefore, must fund all of Fulton's defense amounts and then attempt to obtain contribution from Kemper's estate.

Requiring Fulton to fund defense fees and costs otherwise attributable to Kemper, moreover, contradicts this Court's March 25, 2010 Decision and Order. As stated, the Court held that the insurers must pay *all* of Fulton's defense amounts without any allocation to Fulton. *Fulton*, No. 2010 WL 1257943, *8. In fact, although the Court found Fulton uninsured prior to 1976, it still ordered the insurers to pay all defense fees and costs, even if the claimant's alleged exposure began prior to 1976. *Id.* There is no basis to distinguish between Fulton's uninsured periods and the periods during which it purchased insurance from an insurer that later became insolvent. If Travelers must pay defense fees and costs for uninsured periods, *id.*, then it also must pay them for insolvent periods.

To support its argument, Travelers relies heavily on the decision in *Continental Casualty Co. v. Employers Insurance Co. of Wausau*, 22 Misc. 3d 729 (Sup. Ct. 2008). Dkt. No. 152-1 at 16-17. That decision, however, actually supports Fulton's argument. In that case, the New York Supreme Court held insurers "have an equal duty to defend [the policyholder] up to each insurer's available policy limits." *Id.* at 736. The Supreme Court held the policyholder must contribute for insolvent periods *only with respect to allocation of settlements and judgments*. *Id.* at 736-39. In sum, then, the Supreme Court allocated all defense fees and costs to the insurers, and only held the policyholder must contribute to settlements and judgments for insolvent periods.

Travelers also cites *Nomet Management Corp. v. Virginia Surety Co.*, No. 600612/2008, 2012 N.Y. Misc. LEXIS 6656 (Supr. Ct. Apr. 2, 2012), *Stonewall*, 73 F.3d at 1202, *Liberty Mutual Insurance Co. v. Fairbanks Co.*, 170 F. Supp. 3d 634 (S.D.N.Y. 2016), and *Keyspan*, 31

N.Y.3d at 62-63, but all four of those decisions address only allocation of indemnity payments. In *Nomet*, the policyholder filed a lawsuit against its insurer for reimbursement of the amount it paid toward settling of an underlying bodily injury case. *Id.* at *1-*4. Likewise, in *Stonewall*, *Fairbanks*, and *Keyspan*, the court addressed allocation of indemnity payments. While all three decisions held the policyholder must contribute for uninsured and insolvent periods with respect to settlements and judgments, they have no bearing on allocation of defense amounts.

Travelers also relies on the New York Supreme Court's decision in *Mt. McKinley v. Corning*, No. 602454/2002, 2012 N.Y. Misc. LEXIS 6531, *59 (Sup. Ct. Sept. 7, 2012), which allocated a portion of defense fees and costs to the policyholder for insolvent periods. Notably, the Supreme Court confirmed its decision was "per equity and the facts of the case." *Id.* As an unpublished trial court opinion, moreover, the decision has no binding effect on this Court. Most importantly, it contradicts the overwhelming New York appellate and federal court precedent holding policyholders have no duty to contribute toward defense expenses. *Supra,* at 7-9.

**B. Fulton's Proof of Claim to Kemper's Estate Does Not Alter Travelers's Defense Funding Obligations.**

Travelers also wrongly contends it should not pay defense fees and costs otherwise attributable to Kemper because Fulton submitted a proof of claim to Kemper's estate through the Illinois Office of the Special Deputy Receiver in November 2014. Dkt. No. 152-1 at 18-19. Kemper's estate has not issued a decision regarding Fulton's proof of claim and certainly has not paid any amounts at this point. Because insurance liquidation proceedings often take long periods of time to resolve, Kemper's estate may not issue any payments for many years. Even if it does issue payments, it may not fund the entire defense amount allocable to Kemper. Forcing Fulton to pay defense fees and costs until resolution of the proof of claim, therefore, contradicts

the March 25, 2010 Decision and Order, which held the insurers must fund all defense amounts. *Fulton*, No. 2010 WL 1257943, *8.

The insurers, instead, must fund all of Fulton's defense fees and costs and then accept as contribution any amounts paid by Kemper's estate. As stated, New York law is clear that insurers must pay all defense expenses in the first instance and then seek contribution from other potentially responsible insurers. *Rapid-Am.*, 80 N.Y.2d at 655-56. Travelers seeks to turn that rule on its head and force Fulton to pay for its own defense, but the insurers must cover defense amounts and then accept any payout from Kemper's estate. Fulton will not seek a double recovery from Kemper's estate. Rather, once the insurers fund defense fees and costs, they are entitled to any recovery. Travelers should not be permitted to use the liquidation process as an excuse to violate both New York law and the March 25, 2010 Decision and Order.

## CONCLUSION

Fulton respectfully requests that the Court deny Travelers's motion for partial summary judgment, and grant Fulton's cross-motion for partial summary judgment.

Respectfully submitted,

Attorneys for Defendant/Third-Party Plaintiff
Fulton Boiler Works, Inc.

By: *s/ Nicholas M. Insua*
Nicholas M. Insua (Bar Roll # 520377)
David C. Kane (Pro Hac Vice Bar Roll # 518939)
**McCarter & English, LLP**
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019
Phone: 212.609.6800
Fax: 212.609.6921

DATED: July 20, 2018