UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMORAK INSURANCE COMPANY (f/k/a OneBeacon America Insurance Company),<br><br>   Plaintiff,<br><br>v.<br><br>FULTON BOILER WORKS, INC., *et al*.,<br><br>   Defendants. | Case No. 5:13-cv-01525-MAD-TWD |

---

### DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S RESPONSE TO DEFENDANT FULTON BOILER WORKS, INC.'S STATEMENT OF MATERIAL FACTS REGARDING ALLOCATION OF DEFENSE FEES AND COSTS

---

GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
3 Park Avenue, 22nd Floor
New York, New York 10016
(646) 859-5800

Attorneys for Defendant
Travelers Casualty and Surety Company
(f/k/a The Aetna Casualty and Surety Company)

Pursuant to Fed. R. Civ. P. 56 and L. Civ. R. 7.1(a)(3) of the United States District Court for the Northern District of New York, defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) ("Travelers") submits the following Response to the Statement of Material Facts in opposition to defendant Fulton Boiler Works, Inc.'s ("Fulton") cross-motion for partial summary judgment regarding allocation of defense fees and costs.  (Dkt. No. 158-2).

A.       The Asbestos Lawsuits

1.       Since the early 1990s, Fulton has been named as a defendant in thousands of lawsuits nationwide alleging bodily injury, wrongful death, and/or other damages related to or arising out of boilers it manufactured that allegedly contained asbestos. *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *1 (N.D.N.Y. March 25, 2010).

**RESPONSE**:  Travelers admits that the Memorandum-Decision and Order issued on December 9, 2011 (the "Decision 9, 2011 Order") by the court in the action entitled *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, Civ. No. 06-cv-1117 (the "*Fulton I*") states that "[b]eginning in the early 1990s, plaintiff [Fulton] has been named in thousands of civil lawsuits alleging exposure to asbestos from its boilers" and that "Fulton manufactured and sold boilers that contained asbestos parts."  (December 9, 2011 Order, Exh. C to Affirmation of Robert W. Mauriello, Jr. ("Mauriello Affirm."), at 5-6); (see also March 25, 2010 Order, Exh. B to Mauriello Affirm., at 4) ("Beginning in or about the early 1990s, Plaintiff began to receive bodily injury and wrongful death claims related to, or arising out of, boilers that it manufactured. The claims specifically allege exposure to asbestos from Plaintiff's boilers.").

2.     Fulton manufactured the boilers that allegedly contained asbestos from 1949 through the mid-1970s. *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co., et al.*, 828 F.Supp.2d 481, 486 (N.D.N.Y. 2011).

**RESPONSE**: Travelers admits that the court in the *Fulton I* stated in its Decision 9, 2011 Order that "[f]rom 1949 until the mid-1970s, Fulton manufactured and sold boilers that contained asbestos parts." (December 9, 2011 Order, Exh. C to Mauriello Affirm., at 5).

B.     The Prior Insurance Coverage Action and this Court's Ruling that Fulton's Primary Insurers Collectively Must Pay All of Fulton's Defense Fees and Costs.

3.     In April 2006, Fulton filed a lawsuit in New York Supreme Court against two of its primary insurers, Lamorak Insurance Company ("Lamorak") and Kemper, regarding the scope of insurance coverage available to Fulton for the asbestos lawsuits. Fulton, 828 F. Supp. 2d at 485.

**RESPONSE**: Travelers admits that on April 18, 2006, Fulton filed an action in the Supreme Court of New York, Oswego County against Lamorak and Kemper regarding coverage for the Asbestos Claims and Travelers refers to the Complaint filed by Fulton in that action for its precise allegations. (See also Lamorak Complaint, Exh. A to Mauriello Affirm., ¶43).

4.     Lamorak removed the action to this Court under the caption *Fulton Boiler Works, Inc. v. American Motorists Insurance Co., et al.*, No. 5:06-CV-1117 (N.D.N.Y.). *Id.* Lamorak and Kemper then brought third-party actions against Travelers, Employers Insurance Company of Wausau ("Wausau"), and Nationwide Mutual Insurance Company ("Nationwide"). *Fulton*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, *1.

**RESPONSE**: Travelers admits paragraph 4 and refers to the respective pleadings filed by Lamorak and Kemper in *Fulton I* or their precise allegations.

5. On March 25, 2010, this Court issued a Decision and Order holding that Lamorak, Travelers, Wausau, Nationwide, and Kemper collectively must pay 100% of Fulton's past defense fees and costs for the asbestos lawsuits:

> [The insurers] are ordered to pay all of Plaintiff's outstanding defense costs in the underlying lawsuits.

*Id.* at *8.

**RESPONSE**: Travelers admits only that on March 25, 2010, the Honorable Glenn T. Suddaby, U.S.D.J. issued a decision and order (the "March 25, 2010 Order") which, in part, determined that the Primary Insurers are obligated "to pay all of [Fulton's] outstanding defense costs in the underlying lawsuits" and that "with regard to allocation of expenses among [the Primary Insurers], pro rata allocation is the applicable standard." (March 25, 2010 Order, Mauriello Affirm., Exh. B, at 17).

6. The Court also ordered the insurers to fund all defense fees and costs for future suits that are potentially covered:

> ...with regard to future defense costs in the underlying lawsuits, again, "[s]o long as the allegations in a case could conceivably result in liability covered by a policy at issue, [the insurers] must defend."

*Id.*

**RESPONSE**: Travelers admits only that the March 25, 2010 Order, in part, states that "with regard to future defense costs in the underlying lawsuits, again, '[s]o long as the allegations in a case could conceivably result in liability covered by a policy at issue, [the Primary Insurers] must defend.'" (*Id.*).

7.      Under the Decision and Order, Fulton has no obligation to contribute toward defense fees and costs. *Id.*

**RESPONSE**:  Travelers denies the facts as characterized in paragraph 7 and refers to the March 25, 2010 Order in its entirety for its precise terms.  (Mauriello Affirm., Exh. B).

C.      <u>The Current Insurance Coverage Lawsuit</u>

8.      Lamorak filed the current insurance coverage lawsuit on or about December 11, 2013, and named as defendants Fulton, Wausau, Nationwide, and Travelers.  Dkt. No. 1.

**RESPONSE**: Travelers admits paragraph 8 and refers to Lamorak's Complaint for its precise allegations.  (Lamorak Complaint, Mauriello Affirm., Exh. A).

9.      Lamorak alleged, among other things, that Fulton must pay defense fees and costs otherwise attributable to Kemper, which became insolvent by order of the Circuit Court of Cook County, Illinois on May 10, 2013.  *Id.* at ¶¶ 3-4.

**RESPONSE**: Travelers admits paragraph 9 and refers to Lamorak's Complaint for its precise allegations.  (Id.)

10.     Fulton, Lamorak, Wausau, and Nationwide subsequently reached a confidential settlement. *E.g.*, Dkt. No. 82 at 1, n.1.

**RESPONSE**: Travelers admits only that, as recognized by this Court, Fulton, Lamorak, Wausau and Nationwide have entered into a settlement agreement.  (Dkt. No. 111) ("OneBeacon, Wausau/Nationwide, and Fulton entered into a settlement agreement, and they no longer are seeking a declaration from this Court on issues among and between each other in this action.")

11. Fulton filed an Amended Answer and Cross-Claim against Travelers on December 5, 2016, which seeks, among other things, a ruling that Travelers must contribute toward defense fees and costs otherwise allocable to Kemper. Dkt. No. 113.

**RESPONSE**: Travelers admits only that Fulton filed an Amended Answer and Cross-Claim on December 5, 2016 and refers to this pleading for its precise allegations.

By: s/Robert W. Mauriello, Jr.
Stephen V. Gimigliano (No. 516595)
Robert W. Mauriello, Jr. (No. 516594)
Jennifer L. Schoenberg (No. 519378)
GIMIGLIANO MAURIELLO & MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
3 Park Avenue, 22nd Floor
New York, New York 10016
(646) 859-5800

Attorneys for Defendant
Travelers Casualty and Surety Company
(f/k/a The Aetna Casualty and Surety Company)

Dated: August 8, 2018